# Exhibit A

**Application**

2E-36

This rule is concerned only with applications by and against parties to an arbitration which relate to the arbitration to which they are parties. Thus the natural meaning of the paragraph is that the application must be against the other party to the reference and not a non-party (as case under the pre-1997 RSC Ord.73 r.7 being *The Cienvik* [1996] 2 Lloyd's Rep. 395). The reasoning of the court in *The Cienvik* was adopted by the Court of Appeal in *Tate and Lyle Industries Ltd v CIA Usina Bulhoes and Cargill Inc* [1997] 1 Lloyd's Rep. 355, when holding that there is no jurisdiction to issue a without notice injunction against a proposed defendant not a party to the arbitration under s.12 of the 1950 Act.

*III.   Enforcement*

## Scope of this Section[1]

2E-37

**62.17   This Section of this Part applies to all arbitration enforcement proceedings other than by a claim on the award.**

## Enforcement of awards[2]

2E-38

**62.18—(1)   An application for permission under—**

   **(a)   section 66 of the 1996 Act;**
   **(b)   section 101 of the 1996 Act;**
   **(c)   section 26 of the 1950 Act; or**
   **(d)   section 3(1)(a) of the 1975 Act,**

**to enforce an award in the same manner as a judgment or order may be made without notice in an arbitration claim form.**

**(2)   The court may specify parties to the arbitration on whom the arbitration claim form must be served.**

**(3)   The parties on whom the arbitration claim form is served must acknowledge service and the enforcement proceedings will continue as if they were an arbitration claim under Section I of this Part.**

**(4)   With the permission of the court the arbitration claim form may be served out of the jurisdiction irrespective of where the award is, or is treated as, made.**

**(5)   Where the applicant applies to enforce an agreed award within the meaning of section 51(2) of the 1996 Act—**

   **(a)   the arbitration claim form must state that the award is an agreed award; and**
   **(b)   any order made by the court must also contain such a statement.**

**(6)   An application for permission must be supported by written evidence—**

   **(a)   exhibiting—**
      **(i)   where the application is made under section 66 of the 1996 Act or under section 26 of the 1950 Act, the arbitration agreement and the original award (or copies);**
      **(ii)   where the application is under section 101 of the 1996 Act, the documents required to be produced by section 102 of that Act; or**
      **(iii)   where the application is under section 3(1)(a) of the 1975 Act, the documents required to be produced by section 4 of that Act;**
   **(b)   stating the name and the usual or last known place of residence or business of the claimant and of the person against whom it is sought to enforce the award; and**

---

[1] Amended by the Civil Procedure (Amendment No.5) Rules 2001 (SI 2001/4015).
[2] Amended by the Civil Procedure (Amendment No.5) Rules 2001 (SI 2001/4015) and the Civil Procedure (Amendment) Rules 2008 (SI 2008/2178).

*Paragraph numbers marked with a + can be found online and on CD*

    (c)   stating either—
      (i)   that the award has not been complied with; or
      (ii)  the extent to which it has not been complied with at the date of the application.

**(7)  An order giving permission must—**
    (a)   be drawn up by the claimant; and
    (b)  be served on the defendant by—
      (i)   delivering a copy to him personally; or
      (ii)  sending a copy to him at his usual or last known place of residence or business.

**(8)  An order giving permission may be served out of the jurisdiction—**
    (a)   without permission; and
    (b)  in accordance with rules 6.40 to 6.46 as if the order were an arbitration claim form.

**(9)  Within 14 days after service of the order or, if the order is to be served out of the jurisdiction, within such other period as the court may set—**
    (a)   the defendant may apply to set aside the order; and
    (b)  the award must not be enforced until after—
      (i)   the end of that period; or
      (ii)  any application made by the defendant within that period has been finally disposed of.

**(10)  The order must contain a statement of—**
    (a)   the right to make an application to set the order aside; and
    (b)  the restrictions on enforcement under rule 62.18(9)(b).

**(11)  Where a body corporate is a party any reference in this rule to place of residence or business shall have effect as if the reference were to the registered or principal address of the body corporate.**

**Written evidence in support of application**

**2E-39**    As to the importance of full and frank disclosure in any affidavit and by like token in any witness statement in support of application which in the first instance is made without notice, and the relevant considerations where non-disclosure is established (see *Curacao Trading Co BV v Harkisandas & Co* [1992] 21 Lloyd's Rep. 186).

**Copies of draft order/contents of affidavit/witness statement in support**

**2E-40**    In addition to any written evidence Section O of the Admiralty and Commercial Courts Guide, para.O18.4(a) requires two copies of a draft order to be provided and requires that care be taken to see that the affidavit or witness statement and the draft order meet the requirements of this provision.

**Service of enforcement proceedings**

**2E-40.1**    Where service of enforcement proceedings is required by s.12 of State Immunity Act 1978, service of the arbitration award cannot be dispensed with under CPR r.6.28, see *General Dynamics United Kingdom Ltd v Libya* [2019] EWHC 64 (Comm), unrep., at [45]-[46] (Also see Vol.1 para.6.28.1).

### Interest on awards[1]

**2E-41**    **62.19—(1)  Where an applicant seeks to enforce an award of interest the whole or any part of which relates to a period after the date of the award, he must file a statement giving the following particulars—**
    (a)   whether simple or compound interest was awarded;
    (b)  the date from which interest was awarded;
    (c)  where rests were provided for, specifying them;
    (d)  the rate of interest awarded; and
    (e)  a calculation showing—
      (i)   the total amount claimed up to the date of the statement; and

---

[1] Amended by the Civil Procedure (Amendment No.5) Rules 2001 (SI 2001/4015).

*Paragraph numbers marked with a + can be found online and on CD*