# Exhibit D

Case No: CL-2016-000617

**Neutral Citation Number: [2017] EWHC 760 (comm)**
**IN THE HIGH COURT OF JUSTICE**
**QUEEN'S BENCH DIVISION**
**COMMERCIAL COURT**

The Rolls Building
Fetter Lane
London EC4A 1NL

Thursday, 9 February 2017

BEFORE:

**MR JUSTICE POPPLEWELL**

----------------------

BETWEEN:

**BSG RESOURCES LTD**

Claimant

- and -

**VALE SA and OTHERS**

Defendant

----------------------

**STEPHEN HOUSEMAN QC** (instructed by Mishcon De Reya LLP) appeared on behalf of the Claimant

**DAVID FOXTON QC and JAMES WILLAN** (instructed by Cleary Gotlieb Steen & Hamilton LLP) appeared on behalf of the First Defendant

**WENDY MILES QC and WILLIAM HOOKER** (instructed by Boies, Schiller & Flexner (UK) LLP) appeared on behalf of the Second and Third Defendants

----------------------

**Judgment**
(As Approved)

-------------------
Digital Transcript of WordWave International Ltd trading as DTI
8th Floor, 165 Fleet Street, London, EC4A 2DY
Tel No: 020 7404 1400  Fax No: 020 7404 1424
Web: www.DTIGLOBAL.com     Email: TTP@dtiglobal.eu
(Official Shorthand Writers to the Court)

No of words: 1026
No of folios: 14

MR JUSTICE POPPLEWELL:

1. It is accepted that BSGR should pay the costs of the first defendant and of the second and third defendants, ("the co-arbitrators") of the removal application and the disclosure application.

2. On behalf of Vale and on behalf of the co-arbitrators I am invited to order those costs be paid on an indemnity basis. I will take first the costs of the removal application. What is submitted is that there is conduct which takes the case out of the norm and in respect of which the court should mark its disapproval of the way in which the case has been conducted by ordering indemnity costs.

3. In my view those submissions are well-made. The claim was, as I have found, totally without merit. As to the delegation claim, the co-arbitrators' observations could not properly have been challenged, and, as I said in my judgment, that should have put an end to the matter. There had been a thorough examination of the issues by the LCIA Division, including at an oral hearing leading to a carefully reasoned decision which concluded that the Tribunal worked entirely in keeping with the way in which arbitral tribunals normally function and that they had spent an appropriate and proportionate time on the decisions.

4. As to the decision under section 24(2) of the Act Mr Houseman Q.C. submits that because section 24(2) requires prior remedies to be extinguished, it expressly recognises that applications under section 24 can properly be made following the decision by, for example, the arbitral institution. That is so, but it is not an answer to the point I have been addressing. That is a requirement that must be fulfilled, but it does not mean that it is appropriate in every case to go on to make an application to the court. As the DAC report itself identifies, it will be a rare case in which in those circumstances the court will reach a different decision and careful thought needs to be given as to whether the case is an appropriate one in which to seek to persuade the court to differ from the arbitral institution. In this case there was no sound basis for the removal request or for the court to reach a different conclusion from the LCIA Division.

5. As to the misrepresentation claim, this was not raised before the LCIA Division and is therefore plainly barred; and it is, as I found it in my judgment, perfectly plain from the language of the correspondence that the representation alleged was not made.

6. Moreover, the requirement to establish on the evidence substantial injustice was one which BSGR made no real attempt to grapple with. As I found in my judgment, there was simply no evidence of substantial injustice.

7. The allegations were serious allegations which should only have been made after careful consideration and should have been formulated with precision. However, as I found, the application was conducted in an entirely inappropriate manner with the allegations shifting on a regular basis. In addition, there were aspects of Mr Dale's witness statement which mischaracterised the nature of some of the underlying proceedings in a way which was seriously misleading. For example, the record sharing decision was characterised as an unprecedented decision ordering the record to be shared when it was effectively in its relevant parts a consent order.

8. Allegations of intentional misconduct were made at various stages. In a letter of 15 December 2016 Mishcons made clear that the allegation was at that stage that the co-arbitrators had taken deliberate steps to conceal the true position. That was reflected in submissions by leading counsel for BSGR made to Blair J at the directions hearing that the co-arbitrators took steps to conceal the nature and scope of delegation, perhaps hoping to discourage a proper investigation into their own professional conduct and that the co-arbitrators opposition to disclosure was of a piece, a strategy of concealment adopted by them and that the co-arbitrators had brought about any timing difficulties by their own self-interested obstruction to this investigation.

9. For those reasons it is right that the court should mark its disapproval of the conduct of the section 24 removal application which has in those respects been quite out of the norm and I order that the costs be assessed on an indemnity basis.

10. So far as the costs of the disclosure application are concerned I take a different view. That was a self-standing application within the section 24 proceedings on which there were matters to be debated as to the proper extent of any disclosure. On behalf of the co-arbitrators and Vale it is argued that because there was never any attempt to engage with and therefore discharge the burden of proving the question of substantial injustice the removal application was hopeless and the disclosure application was, therefore, equally hopeless as part and parcel of the same set of proceedings. However, in my view although that is a justification for the costs of the disclosure application being awarded against BSGR, and also because the application failed, that is not a good reason for those costs being assessed on the indemnity basis. So costs of the disclosure application will be assessed on the standard basis.