# Exhibit I

Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 19-11845-shl

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    BSG RESOURCES LIMITED (in administration) and WILLIAM

8    CALLEWAERT and MALCOM COHEN, as JOINT ADMINISTRATORS,

9

10           Debtors.

11    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12

13                 United States Bankruptcy Court

14                 One Bowling Green

15                 New York, NY  10004

16

17                 June 13, 2019

18                 2:16 PM

19

20

21    B E F O R E :

22    HON SEAN H. LANE

23    U.S. BANKRUPTCY JUDGE

24

25    ECRO:  K.HARRIS

1    HEARING re Doc. #10 Motion To File Under Seal Re: Affidavit

2    Of Peter Harold Driver

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sonya Ledanski Hyde

Page 3

```
 1   A P P E A R A N C E S :

 2

 3   DUANE MORRIS LLP

 4        Attorneys for the Joint Administrators

 5        1540 Broadway

 6        New York, NY 10036

 7

 8   BY:  FREDERICK D. HYMAN

 9

10   DUANE MORRIS LLP

11        Attorneys for the Joint Administrators

12        222 Delaware Avenue, Suite 1600

13        Wilmington, DE 19801

14

15   BY:  JARRET P. HITCHINGS

16

17   WILLKIE FARR & GALLAGHER LLP

18        Attorneys for the Debtor

19        787 Seventh Avenue

20        New York, NY 10019

21

22   BY:  BENJAMIN P. MCCALLEN

23

24

25
```

Page 4

```
 1   CLEARY GOTTLIEB STEEN & HAMILTON LLP
 2         Attorneys for Vale
 3         One Liberty Plaza
 4         New York, NY 10006
 5
 6   BY:  LISA M. SCHWEITZER
 7         JONATHAN I. BLACKMAN
 8
 9
10   ALSO PRESENT TELEPHONICALLY:
11
12   MALCOLM COHEN
13   SAM DINGLE
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                P R O C E E D I N G S
 2           THE COURT: We are here this afternoon for BSG
 3    Resources Limited, the Chapter 15 case to a follow-up on our
 4    conversation at the first day hearing about the record.  So
 5    let me get appearances from Counsel.
 6           MR. HYMAN:  Good morning, Your Honor.  Rick Hyman
 7    from Duane Morris on behalf of the joint administrators.
 8    With me is my colleague Jarret Hitchings.
 9           MS. SCHWEITZER:  Good afternoon, Your Honor.  Lisa
10    Schweitzer from Cleary Gottlieb for Vale with my partner Jon
11    Blackman.
12           MR. MCCALLEN:  Good morning, Your Honor.
13           MS. SCHWEITZER:  Afternoon.
14           MR. MCCALLEN:  Good afternoon, Your Honor.
15    Benjamin McCallen, Wilkie Farr & Gallagher on behalf of
16    George Soros and the Open Society Entities.
17           THE COURT: All right.  Good afternoon to you all.
18    So I think when we last got together, there were a number of
19    things that we talked about, but one of them was the state
20    of the record, in particular, the affidavit that was filed
21    by Peter Harold Driver in proceedings in Guernsey.  And the
22    roughly thousand some odd pages that went with it, and the
23    fact that they're all under seal.
24           And the motion to seal that was filed that I was
25    not in a position to grant, given the fact that it was
```

Page 6

1   unclear to me how or why it got sealed in Guernsey, even

2   putting aside the question of how one would be able to

3   establish the requirements for Chapter 15 recognition with

4   all that under seal.

5           So I think that's -- was the backdrop for our

6   discussion and our follow-up get together today, which is to

7   talk about that as kind of a threshold gating issue.

8           MR. HYMAN:  Thank you, Your Honor.  We appreciate

9   the time you've made for us this afternoon, on again,

10  somewhat short notice from the hearing last week.  You will

11  recall this Chapter 15 case from our perspective is

12  particularly complex back story, but for a relatively simple

13  purpose, and that is to protect what ultimately may prove to

14  be the most valuable asset in BSG resources, located within

15  the United States, which is the litigation that has

16  commenced against George Soros.

17          That asset, from the Debtor's perspective, from

18  the joint administrator's perspective is thought to be under

19  sieged by Valet by virtue of its actions in the United

20  States, to seek a petition recognizing the arbitration award

21  in the United States --

22          THE COURT: Well, I know that.  We're -- but today

23  is -- let's talk about the thousand pages before we get to

24  any and all of that.  We -- I know we'd spoke about that,

25  but we can't really meaningfully make any progress and have

1    the merits all get teed up until we actually talk about what

2    the record is.  So where are we on that?

3              MR. HYMAN:  So the declaration of Malcolm Cohen

4    Your Honor is correctly relied on or cited to certain

5    provisions of the Peter Driver affidavit, which had been

6    filed in connection with the recognition or the

7    administration application in Guernsey back in February '18.

8              That, we sought in connection with the Malcolm

9    Cohen declaration permission to file the Driver affidavit

10   under seal.  And the Driver affidavit has not been filed.

11   The Driver affidavit exhibits have not been filed.  We were

12   hoping that we could get Your Honor's review of those

13   documents so that in connection with certain of the

14   provisions -- with certain of the provisions in connection

15   with the Malcolm Cohen affidavit, it did point to the Driver

16   affidavit in some instances, all of which were publicly

17   available information that Your Honor would have a touch

18   point to review that.

19             THE COURT: Right.  But I think what I said in

20   response to that was there hasn't been any justification for

21   sealing the information.  So while all I heard was, and I

22   frankly, I think I heard stuff that wasn't actually filed

23   anywhere in terms of background, but the best I got was that

24   it was under seal in Guernsey, but I don't understand if

25   that was something done at the request of the Debtors,

1     meaning that the Debtors -- it wasn't compelled by anything

2     other than a request.

3              I don't know what the standard is in Guernsey.  I

4     don't know why it was sealed.  I had an order, but the order

5     wasn't any more illuminating than the motion that was filed,

6     and that's where we left.  So starting off with what you

7     want to do is nice, but I'm not any further wrong in being

8     able to do anything in connection with your motion to seal.

9              MR. HYMAN:  I appreciate that, Your Honor.  In

10    connection with the proceedings in Guernsey, certainly the

11    joint -- I apologize -- the administration order was made by

12    the directors of the Board of BSG Resources.  They did make

13    a request that the file be submitted under seal.

14              The judge, under those circumstances, accepted

15    that it is a proceeding, and we believe it is an appropriate

16    proceeding or the proper jurisdiction where in the event

17    that there are any issues as to whether that is --

18              THE COURT: No, we're not getting anywhere, and I

19    can deny your motion for lack of a showing, if you want me

20    to do that.

21              MR. HYMAN:  I don't want you to do that, Your

22    Honor.

23              THE COURT: We just were -- you're not telling me

24    anything that I didn't hear a week ago, which I found to be

25    alarmingly insufficient.  Yes, I know they asked for it to

Page 9

1    be under seal.  Yes, I know there's a sealing order.  This -

2    - yes, the sealing order says practically nothing other than

3    it's sealed.

4          I'm not going to permit a party to bootstrap

5    sealing in the United States proceeding, which was

6    presumably open, by virtue of the fact that they requested

7    it somewhere else under whatever standard for whatever

8    reason.  The closest thing I got was a reference to

9    confidential business information, but none of that was

10   justified or expounded upon.

11         So all you've done so far is repeat everything I

12   already know.  My understanding of the break between when we

13   last got together and now was that additional things were

14   supposed to be done.  You were supposed to look at whether

15   it was necessary to seal this entire record, what the

16   Guernsey law is.  I didn't see.  Was there any additional

17   filing to explain anything?

18         MR. HYMAN:  The -- just our supplemental filing

19   with the affidavit of our counsel and Guernsey, who is on

20   the phone today.

21         THE COURT: All right.  So what else do you want to

22   tell me?

23         MR. HYMAN:  Your Honor, to the -- look, there --

24   the information that was used in connection with preparation

25   of the Malcolm Cohen declaration by reference to the Driver

1   affidavit is information that is generally publicly

2   available, and certainly known by the drug administrators

3   given their more than a year efforts working in connection

4   with this bankruptcy, in connection with this

5   administration.

6          We are prepared, Your Honor, to share with you a

7   redacted version of the declaration or the Driver affidavit

8   and assorted exhibits, where we would be comfortable, and we

9   have sought authorization from the Guernsey bankruptcy, the

10  Guernsey, the (indiscernible) part of Guernsey, to propose

11  that redacted version be filed publicly in the United

12  States.

13         That redacted version would support every

14  reference in the affidavit or the declaration of Malcolm

15  Cohen, used or filed on the first day of these cases, Your

16  Honor.  Alternatively, if Your Honor is not of the mind to

17  go through a revised version or a redacted version of the

18  declaration and exhibits, and I will say that --

19         THE COURT: Well, I am the -- so the notion is that

20  -- so what I have that was filed after we got together was

21  the declaration of Jonathan (indiscernible), right?  So

22  that's what you submitted.  And then, I saw that -- and that

23  was filed on the 12th at 11:30.

24         And then, I saw something that's at Docket 21, I

25  also saw there was opposition to joint administrator's

Page 11

1    motion regarding the file on the (indiscernible) seal that's

2    filed on the 12th.

3           MR. HYMAN:  The Barclay papers, Your Honor, were

4    filed on behalf of Valet.

5           THE COURT: Right, right.  But have I seen anything

6    from you?

7           MR. HYMAN:  We filed a short supplement, Your

8    Honor, at Docket 16, and followed that with the declaration

9    of Matthew Newman, who is Guernsey counsel, which is at

10   Docket 17.

11          THE COURT: All right.

12          MR. HYMAN:  We are prepared today to walk the

13   Court through a version of the declaration or the affidavit

14   and exhibits that significantly narrows the scope of

15   information that is concerning to the Guernsey Court and the

16   joint administrators.

17          THE COURT: So yeah, so the concern I have with

18   this is that what I think (indiscernible) said, there's a

19   lot in here that says the purpose of this declaration is to

20   address the sure point about the types of information that

21   in my experience at the Guernsey Court would agree to keep

22   sealed on the Court file, which seems to suggest that it was

23   done at the request of the Debtors.

24          MR. HYMAN:  I don't think there's any dispute that

25   that's the case, Your Honor.

1          THE COURT: Right.  And I don't know what I have is

2    -- will often be commercially -- the information put before

3    the Guernsey court will often be commercially sensitive, as

4    it will relate to the company's financial position,

5    strategy, proposed administrators.  (indiscernible) to put

6    this information before the Guernsey Court in order to

7    fulfill the threshold test.

8          But it basically talks about what the Guernsey

9    Court can do, and what the authority is for that.  The

10   problem is, I don't have anything that applies it to this

11   case, right?  So I don't really know other than the entry of

12   an order, why it was done.  And again, I'm concerned that

13   there may be a request made of a foreign court that says I'm

14   making the request, the standard is lower, maybe it's done

15   as a matter of course.

16         And then, that is used to justify sealing here

17   without really a substantive basis, other than a request.

18   And this just talks generally about what the procedures are,

19   which is why I say I sort of find myself in the same

20   position that I was when I first came out.  Obviously, they

21   considered the application to keep it under seal.

22         MR. HYMAN:  Of course.

23         THE COURT: Obviously, they granted it, but I don't

24   have anything and there's a discussion about, well, it's

25   often done because there's something confidential.  I still

1    don't have any more information than I did when this first

2    came in front of me.

3              MR. HYMAN:  Yeah, I think Your Honor, it's evident

4    on its face that it was proposed by the Debtor.  The Debtor

5    has proposed that it be filed under seal, gave proper

6    reasons for it.  I think it --

7              THE COURT: But what are the proper reasons?

8              MR. HYMAN:  Under the circumstances of the joint

9    administrators, I can't speak for Matthew Newman, who is on

10   the line today because I wasn't in -- I wasn't at that

11   administration hearing of course.

12             THE COURT: But you can't come to a US Court and

13   ask for something to stay sealed without being able to tell

14   me why it should be sealed.

15             MR. HYMAN:  I think, just for reference, I think

16   that what we are asking the Court to do is to permit us to

17   file it under seal.  I don't believe that we have filed the

18   papers as they are today.

19             THE COURT: Whatever.  The question is a

20   justification for doing so.  You're sort of talking around

21   the issue, which is to say that we asked for it, they

22   granted it, here are some things and considerations that

23   people will think about, but I still don't know why it was

24   granted in this case.  This doesn't address that issue, it

25   just addresses generically procedures.  And I already know

1   that they granted it.  I saw the order and there was a

2   reference in the motion to commercially sensitive

3   information.  But I don't know what the justification was.

4          I don't know if there's an automatic.  So I've had

5   other cases where folks have said you can't use it here

6   without seeking relief in the foreign court.  But if you've

7   asked for the relief as opposed to its automatically being

8   done under some statutory provision, presumably you could

9   ask for the relief and get it granted.  So I don't -- I

10  haven't gotten it -- any information about the merits of why

11  it was sealed.  And it is your burden to justify it.

12         MR. HYMAN:  Yeah, I appreciate it, Your Honor.  I

13  don't know that the concern entirely is that it was sealed,

14  and that is our only justification.  I think that we are

15  using -- would like to use that for the benefit of the Court

16  background to provide some color on the origination of the

17  administration proceeding in Guernsey.  That's that it is

18  not critical to our argument.  It is not critical to --

19         THE COURT: I know, but you want me to seal it, and

20  there's a separate statute in the Bankruptcy Court that

21  provides a standard for sealing, and you've got to justify

22  it because proceedings to the United States are

23  presumptively open.

24         MR. HYMAN:  Well, we want you to authorize us to

25  file it under seal.  In the event that Your Honor is not

1    willing to authorize us to file it under seal, I think that

2    what we would be ready to do is very promptly file a revised

3    affidavit of -- or a declaration of Malcolm Cohen that

4    didn't rely on that, that was -- we don't believe for a

5    second that that is going to eliminate any discovery issues

6    that we have with Valet.

7            Certainly, we'll have discovery issues with Valet,

8    probably any day now.  It would not surprise us for Valet to

9    seek disclosure of the documents that are attached to the

10   Driver affidavit.

11           THE COURT: And so, we'll end up right back here,

12   where we are.  So that's what I'm asking, why is it sealed?

13           MR. HYMAN:  Yeah, except that, Your Honor, we

14   think that the discovery issues in connection with Chapter

15   15s are different than they are in a typical 7 and a typical

16   11.  We reserve our right to make arguments as to whether

17   those documents should be submitted or not.

18           But ultimately, you will be the final arbiter of

19   that.  And if you determine that those documents should be

20   turned over, they would be turned over just to Valet and

21   they would not be publicly filed on the docket.

22           THE COURT: Well, it depends on if you're asking me

23   to make a decision, that presents another hurdle as to US

24   courts.  Again, I know there are instances where sealing is

25   appropriate, but there's a need to justify it, and I just

1    haven't gotten that justification.

2            MR. HYMAN:  I appreciate that.  And I am willing

3    to walk Your Honor through the redacted version, if it's

4    something that you're interested in considering.  We have

5    put --

6            THE COURT: But if you redact it, presumably you'll

7    be applying a standard for redacting it and saying these

8    things should be confidential and what are they and why are

9    they confidential?

10           MR. HYMAN:  Except it will -- Your Honor has -- is

11   the open, the fulsome Driver affidavit, what we would

12   propose to do is share a version of that with you, which

13   highlights those provisions that we seek to redact and

14   explain to you why we seek to redact those.

15           THE COURT: That's what I'm looking for, is the

16   explanation.  I thought that's what we were going to get to

17   today, frankly.

18           MR. HYMAN:  Yeah, and we're willing to do that.

19   My point only, Your Honor, was to the extent that there is,

20   you know, ultimately determination by this Court that it

21   will not permit the motion to file under seal, we will

22   promptly file a revised --

23           THE COURT: Well, I can't grant it now because I

24   haven't been given a justification to grant it.  So if

25   you're asking for a ruling, if I was asked to rule, now I

1   would deny it.  And so, then you would have to figure out

2   what you wanted to do.  And again, I don't like to stand on

3   ceremony.  That's why I was giving you an opportunity to

4   sort of marshal the information and come back with

5   additional information so I could really jump to the merits

6   of what it is you're trying to seal.

7          But if you are what you're saying is you want me

8   to deny the motion so that then you'll try to come up with a

9   sealed, a redacted version of this and then justify what's

10  redacted, we can do it that way.  I was trying to sort of

11  skip the procedural process here and deny the motion sort of

12  mechanically.  But if that's where we are, then that's where

13  we are.

14         MR. HYMAN:  Your Honor, I don't want to waste the

15  Court's time.  I'm happy to walk the Court through those

16  provisions that we propose to redact, and everything else we

17  propose to file --

18         THE COURT: Well, we've got a thousand pages.

19         MR. HYMAN:  Okay.

20         THE COURT: I'm not doing that without a brief that

21  explains what it is you want to redact and it's a brief that

22  gives notice to the other side of what it is you want to

23  redact.  And I don't have that.

24         MR. HYMAN:  Okay.  We have engaged in

25  conversations with the -- with Valet over the course of the

1    last couple of days.  I think both parties have acted in

2    good faith, and we did try to reach a resolution, as we

3    suggested we would in our filing at the end of last week.

4    We have proposed a redacted version.  We have tried to

5    explain the types of information that we are redacting and

6    the broad categories, but we haven't had much success.  And

7    I don't think that we will have much success ultimately

8    there.  So --

9              THE COURT: All right.  So let me hear from the

10   other side.

11             MS. SCHWEITZER:  Thank you, Your Honor.  Lisa

12   Schweitzer for Cleary Gottlieb for Valet.  Your Honor, quite

13   correctly, we share your frustration on where we're at right

14   now.  I think Your Honor was quite clear at the last hearing

15   of saying what the law clearly says, which is that under

16   107, you have to -- the presumption is that evidence will be

17   publicly available unless you make a showing, and as I

18   believe as Judge Glenn had said in the Motors case, that

19   it's not just lawyers arguing about what they would like to

20   seal, but you need evidence.

21             And Your Honor gave the Debtors an opportunity to

22   put more information in.  What they came up with was this

23   Newman declaration, which is vague and certainly at best and

24   not focused on the declaration at hand.  It says, "Under

25   certain circumstances, these are the sorts of things I would

1    seal."

2            And as you saw from our own lawyer declaration, in

3    fact, Guernsey is just like here, which is exceptional.  And

4    so, I'd be happy to go through the law, but I'm not really

5    being asked to (indiscernible) law.  What I would say as a

6    holistic matter is that this is concerning to us as the

7    start of the case and as a course of conduct.

8            And you'll remember that the other thing that the

9    Debtors have asked for is that we not be able to execute on

10   our judgment or even get to the point of a judgment being

11   rendered because of this larger case dynamic.  And they're

12   slow walking us, right, that Your Honor gave them another

13   opportunity to come back to put in supplemental information.

14   And what they're saying at this hearing is, give us a third

15   bite at the apple, but it's a fourth bite at the apple.

16           And what we had also done just for completeness of

17   this story is we sent them a list of document requests.  We

18   said, we'll send you a formal request, but let's just cut to

19   the chase.  We understand you're so focused on this

20   declaration.  Give us some of these core documents.  Give us

21   the funding agreement.  Give us the list of creditors.  Give

22   us the list of where your bank accounts are.

23           And we were told with no further explanation,

24   that's all going to have to wait for (indiscernible)

25   discovery.  What we're also concerned about is in this

1   redaction, it's like, oh, we're not giving you financial

2   information.  We're not giving you this.  So this is really

3   just the canary in the coalmine right now, is where we're at

4   in this case.

5           THE COURT: All right.  Well, the canary's not

6   fairing particularly well from where I sit.  I am

7   frustrated.  I take very seriously the procedures of other

8   courts.  And so, I certainly didn't want to willy-nilly say

9   you haven't met your burden without trying to flesh out the

10  issues, but I've been given nothing to work with, so I'm

11  denying the motion.

12          And so, I don't really get what's going on here,

13  but if this is the way the case is going to go, we can do it

14  the easy way, we can do it the hard way.  It's up to you.

15  So this is not value added, frankly, in terms of trying to

16  advance the ball and get things done.

17          And I already expressed a concern that I didn't

18  see any way we -- I was concerned, and didn't see any way

19  we'd get to July, if, for recognition.  At this rate, we'd

20  be lucky to get done in July of 2025.  So I don't -- that

21  declaration didn't answer any of the question that I posed

22  as to why something -- there's a thousand pages here.

23          And so, one would expect to get in response to

24  that, here is the kind of confidential information.  Here is

25  the filing we made in Guernsey.  Even if you submitted it

1   under seal saying we can't share it with somebody because we

2   filed it under seal there, I have nothing.  I have nothing.

3   So I'm going to deny it.

4          And you can take your binder back and I won't

5   consider these until you make an application and that's

6   proper and justifies it and is transparent.  And if this is

7   information you need for recognition, then you're going to

8   need to think hard about what it is you're going to try to

9   do, because from where I can see -- from what I can see,

10  this is kind of -- I don't know if it's the case, but it's

11  certainly crucial to the case, it would seem to be, in terms

12  of what was presented in Guernsey.

13         But again, I -- there's a lot I don't know.  And

14  so, all I am sort of mandated to do is to decide what's in

15  front of me.  So what I have in front of me is this motion

16  to seal.  I have a thousand plus pages.  What I originally

17  had wasn't sufficient.  I asked for more information.  I

18  really haven't gotten much more information.

19         I still -- it's still not justified.  So I don't

20  know what else to do other than to deny it without

21  prejudice.  You want to make another run at it, then you can

22  make another run at it.  I think now this is the second time

23  I've sort of explained what I want, and so, we'll take it

24  from there.

25         And certainly, it's been my experience in this

1    Court that folks are -- experienced practitioners are pretty

2    practical about trying to move cases forward, particularly

3    when they're asking for things to be done at a very prompt

4    clip.  That sort of goes part and parcel with asking the

5    Court to jump through hoops, when I have 50 million other

6    things going on.

7           So this is really not a productive use of my time

8    or your time.  So I've sandwiched you in between a hearing

9    that started this morning and is going to continue this

10   afternoon.  So this is a half an hour of my life I'm never

11   getting back, but you aren't either.

12          So help me to help you.  We should be having

13   meaningful discussions about what it is you're going to try

14   to prove for recognition, what kind of discovery you need to

15   make available for other folks.  They really are not in much

16   of a position to talk about whether recognition is

17   appropriate unless they have sufficient information about

18   the Guernsey proceedings.

19          And if there truly are confidential information

20   that shouldn't be on the public record, then we need to

21   identify what it is in terms of categories and case law to

22   justify that, and certainly that's the way to meaningfully

23   move the ball forward.

24          So I don't know what you want me to do with the

25   binder, if you want me to give it back to you, if you want

1   me to hold onto it for now, for future reference.  I'm happy

2   to do whatever.  It's not on the docket.  It won't be on the

3   docket by virtue of my motion, but also, it won't be public,

4   it just won't be anything.  It'll be something that exists

5   outside the context of the case for the moment.

6           MR. HYMAN:  We will -- we can take the binder

7   back, Your Honor.  We do appreciate you spending the time

8   and we greatly apologize.  I will say that what we had hoped

9   to accomplish today was walk you through our proposed

10  submission, which --

11          THE COURT: But I don't have a submission.  I have

12  -- I mean, I don't understand what that means.  So I have a

13  declaration of Mr. Newman, and it's four pages with a

14  signature page.  It doesn't walk through the declaration or

15  the exhibits, which are more than a thousand pages.  It

16  makes -- it does provide some information generally about

17  Guernsey law, information put for the (indiscernible) will

18  often be commercially sensitive.  It talks in generalities.

19  I don't have a proposed redacted version of this.

20          MR. HYMAN:  We have one with us, but --

21          THE COURT: How do you think that I prepare for

22  these hearings?  Do you think that I'm -- I am able to go

23  through a thousand pages page by page for the first time on

24  the bench without any briefing as to what your organizing

25  principles are for redaction?

1                MR. HYMAN:  Your Honor --

2                THE COURT: Do you think -- you must think I have a

3      different job than I have.  That's not my job.

4                MR. HYMAN:  I appreciate it.  The actual

5      redactions are quite minimal.  The thousand pages is --

6                THE COURT: I know, but I don't have them.

7                MR. HYMAN:  I understand.  We were going to

8      present that to you, Your Honor, today.  We've been trying

9      to negotiate.  We didn't get an opportunity to have that

10     submitted earlier.  We apologize.  We didn't anticipate that

11     it would take a lot of time today.  But we take your

12     comments and we will --

13                THE COURT: Well, you know, again, I don't have

14     anything to go through, so and I don't, so I'm not -- I've

15     got another case right after you, and then I've got to

16     return to the case from this morning.  I don't -- I get

17     ready for hearings.  I expect people to get ready before

18     hearings.

19                So your motion is denied and I'd ask that Valet

20     submit a proposed order, so that without prejudice to you,

21     take another shot at it.  But I, at this point, I don't see

22     any way in which July is happening.  We've got to get -- if

23     the -- if you're -- in talking about the case, if your

24     greeting requests for basic information with the

25     (indiscernible) were not -- that's not likely to expedite

1      things, either, for a hearing in July.

2              So what -- we'll see where it goes.  I don't think

3      I entered the order on scheduling.  I want to see how today

4      goes.  I'm not going to enter it now.  So you tell me what

5      you want to do next steps.

6              THE COURT: Your Honor, we're going to file a

7      revised declaration of Malcolm Cohen that doesn't rely on

8      the Driver affidavit.  We want to cooperate with Valet and

9      other parties in interest regarding discovery requests, but

10     we want to do it in the context of formal discovery, not

11     informal discovery.

12             We want to be upfront and we are not trying to

13     play hide the ball.  But at the same time, we're trying to

14     predict the procedures in Guernsey and protect the

15     obligations of --

16             THE COURT: But that's where you don't -- I don't -

17     - you don't have me.  I'm not there, because the Guernsey

18     proceedings, as far as I know, the protection is something

19     that you ask for and they gave you in a one-line order.  So

20     I'm not sure I'm protecting the Guernsey proceedings if I

21     sealed this.  I am protecting what you want protected,

22     without justification.

23             MR. HYMAN:  We intend to file a detailed

24     declaration of Matthew Newman describing the procedures in

25     Guernsey in detail.  He will certainly be here in the

Page 26

1    courtroom for testimony at the appropriate time, as will the

2    joint administrators.  And we intend to be upfront, Your

3    Honor.

4         We will rectify this.  We will file a revised

5    version of the declaration in days, and we look forward to

6    sometime shortly after that, hopefully sitting down for a

7    scheduling conference on discovery and how we ultimately get

8    to a recognition there.

9         THE COURT: All right.  And if you file a motion to

10   seal certain aspects of it, it needs to explain what it is

11   that's being sealed, how much of the declaration is being

12   sealed, what are the guiding principles for it and authority

13   for that, whether it's Guernsey law, whether it's -- if it's

14   confidential business information, why it's confidential

15   business information.  So do you want a date or do you want

16   to sort of reassess and then ask for a date subsequent to

17   right now?

18        MR. HYMAN:  Yeah, I don't anticipate the new --

19   the revised declaration, Your Honor, having any references

20   to any information that needs to be filed under seal.

21        THE COURT: But we're still going to end up having

22   to deal with whether this is under seal or not in terms of

23   discovery, right?  So somebody's going to have to use a

24   thinking brain to go through and decide what can and can't

25   be disclosed.

1          MR. HYMAN:  Perhaps.  And we've already done that.

2     The bulk of that material can be disclosed, and we intend to

3     disclose it.

4          THE COURT: Then it should be disclosed, so --

5          MR. HYMAN:  But what we wanted to do today, Your

6     Honor, is walk you through a revised binder that shows.  And

7     I understand you've got time limitations, and I'm not trying

8     to talk you into doing that today.

9          THE COURT: Well, that's not the way we do things

10    here.  It's -- and everybody knows that, and I'm not telling

11    you anything -- when was the last time you showed up at a

12    hearing and you say, Judge, I have some things I need you to

13    look at now for the first time, and it's a whole binder.

14    Yeah, I haven't seen it before.  Let's -- it doesn't work

15    that way.

16          That's why we took a break.  And so, you submitted

17    something.  I looked at it and didn't find it to be very

18    helpful.  I assume that if you wanted to submit a proposed

19    revised redacted set of materials, you would do that, with a

20    submission explaining why it's redacted.

21          So I am -- I don't see any way we're not going to

22    end up there.  So I would suggest that you do, whether it's

23    in a motion to seal or whether it's in some other motion for

24    a protective -- whatever it is, that you tee up what it is

25    that you want to file and provide the redacted version to --

1   on the docket.  And then people at least also have an idea

2   of what it is they don't have, and then we can have a much

3   more intelligent discussion.

4           MR. HYMAN:  We're willing and intending to

5   disclose the bulk of that information.  To the extent that

6   there is other information that was not relied on in

7   connection with the Guernsey proceeding, we anticipate

8   discussing that through the discovery process, and either

9   disclosing it or being in front of Your Honor.

10           THE COURT: We'll get there.  Again, I still don't

11   have any sense of what the information is and the

12   justification for the information, so I can't really even

13   offer any guidance other than to say that process wise, we

14   are where we need to be to make any of those determinations.

15           MR. HYMAN:  I appreciate that.

16           THE COURT: All right.

17           MR. HYMAN:  I just -- my last comment is, I think

18   that we can avoid the need to revisit this and go through a

19   motion to seal, if it's not on the docket, and we anticipate

20   dealing with that in discovery.  That was my point.

21           THE COURT: We'll see.

22           MS. SCHWEITZER:  Your Honor, just to preview a

23   couple of more things, which is that at the last hearing on

24   the (indiscernible), we had talked about handing up a

25   stipulation that memorializes what was agreed to at the

```
 1    hearing.  And so, we had just executed that, Counsel, I

 2    don't know if you prefer to have us --

 3              THE COURT: Sure.  That's fine.  Obviously, you'll

 4    send it to chambers as well.  So I know -- if I remember

 5    this correctly, I think Judge Glenn recently confronted a

 6    similar issue where he was asked to seal something that was

 7    in front of the District Court, and I think it was Judge

 8    Rakoff.  And he said, if you want to stay, you should go

 9    talk to the judge in question, since it's here in the

10    Southern District of New York.

11              And frankly, I'm inclined to follow the same

12    procedure.  So you have time to address it.  And in terms of

13    what's going on in that case and how it'll affect things,

14    that judge is in sort of a good position to make that

15    assessment.  So I would think that makes sense.  Anybody

16    wishes to chime in one way or the other on that?

17              MS. SCHWEITZER:  Right.  So Your Honor, I mean,

18    just to address that, that was just wanting to put the

19    milestones out there, which was the agreement here, was that

20    we'll tell the judge, don't enter it before July 10th, and

21    then all rights are reserved.

22              THE COURT: Right.

23              MS. SCHWEITZER:  But we would -- given what we're

24    seeing today, we would -- just to be clear, we would oppose

25    a further request at this point for a further extension
```

1    because this is again this mystery reason that we don't have

2    to litigate today.  But just so everyone's on notice, that

3    we wouldn't just roll over and consent to a further

4    extension, given what has happened today, and we're

5    perfectly happy to go to the other judge.  It's going to be

6    the same issue in the end of the day, which is, if there is

7    a reason it needs to be extended or there needs to be a

8    stay, a showing has to be made.

9            THE COURT: And frankly, you may -- you might reach

10   a similar agreement as you did here in the context of that

11   proceeding, if you're talking to that judge, where you don't

12   need to stand on ceremony, where the judge might say, well,

13   I have a six-week criminal trial that's going to extend July

14   and August, I might -- the people are very nice about

15   getting to you until later, where the practicalities of

16   things outstrip the need to fight about the actual legal

17   rights.  So but that Court is certainly in a better position

18   to make that call than I am.

19            MR. BLACKMAN:  Jonathan Blackman, Your Honor.

20   Just on that point is, as we explained to the Court last

21   time that our reply papers that on our motion petition to

22   enforce the arbitrarily order due on June 18.  We're going

23   to filing them.  At that point, essentially, the matter will

24   be fully briefed.

25            And pursuant to stipulation, we'll tell the Judge

Page 31

1    that the parties have agreed and the Court is ordered, that

2    nothing be done until July 10.  And after that, we'll see

3    where we are.  But I mean, we don't want to use is clearly

4    here and sort of delay in which nothing has happened since

5    the first day hearing, to artificially extend the time for

6    Judge Broderick to rule.  And we'll take it up with him.

7    You know, he takes it up with you.

8              THE COURT: Yeah, no, again, I thought we put some

9    mileage on this case today in trying to resolve some of

10   these issues, but we haven't.  So I don't know -- and again,

11   I don't delude myself to thinking that I know exactly what's

12   going on in any case.  I never do.  I'm always the last one

13   to the party, and I only see the bit of the iceberg above

14   the water line.

15             So I don't know, and why certain things happen are

16   often mysterious, so I go back to first principles.  And so,

17   what I have is a motion to seal.  And so, I've denied that.

18   And again, I don't -- I would normally -- so the issue of a

19   stay is a bankruptcy question.  But it is sort of an unusual

20   (indiscernible), but it's a circumstance where I have sort

21   of more a part of the same court.

22             And so, given that Judge Broderick may have

23   scheduled things that sort of make this easy to figure out

24   how long it's going to be until he gets to it, to me, it

25   makes sense to have that conversation in front of him in the

1    first instance.

2            So and you can certainly tell him that if he wants

3    me to make a ruling as a bankruptcy judge as to the

4    appropriateness of the stay, then I'm happy to do that.  I'm

5    not trying to export my work to him, I'm just trying to be

6    respectful of his docket and what he has going on.  So I

7    trust you will convey that message when you finally do chat

8    with him.

9            MR. BLACKMAN:  We certainly will, Your Honor.

10           MR. HYMAN:  We will, Your Honor, certainly.  We're

11   hoping that we can continue to do this on a consensual

12   basis.  Nobody's intent is to delay, delay, delay.  We will

13   respond to discovery requests as soon as we get them.  And

14   we will file a revised declaration promptly next week.

15   There is no pushback on this.  We are trying to get to July

16   10th if we can get to July 10th.

17           THE COURT: All right.

18           MR. HYMAN:  We will --

19           THE COURT: It's already July --

20           MS. SCHWEITZER:  June-

21           THE COURT: I'm sorry, June 13th, so I haven't

22   entered the order.

23           MS. SCHWEITZER:  Right.

24           THE COURT: And so, frankly, I don't know that

25   based on what I've seen that I should enter the order, that

Page 33

1    it's a meaningful thing to do at this point.  Anybody want

2    to be heard on that?

3            MS. SCHWEITZER:  So I think, Your Honor, we intend

4    to serve discovery pretty much immediately Friday or Monday.

5    We'll have our discovery requests out.  And so, it will be

6    for the Debtor to discuss when they can comply with them.

7    Certainly, there should be no surprises as to why we sent an

8    early list of that they can start doing their work.

9            And I think that hopefully they're going to be

10   cooperative and compliant with that discovery.  And I think

11   that we have been pretty clear in terms of all these sealing

12   issues that, you know, that there's three buckets.  There's

13   non-confidential stuff that becomes public.  There's -- just

14   because it's confidential, there may be a question, we

15   haven't gotten to it yet, of whether you seal it.  But that

16   doesn't mean Valet doesn't get it.

17           And we can get those types of things to a

18   confidentiality agreement, and we've been happy to discuss

19   that.  We haven't gotten to there yet.  And if there's

20   things that really, really are not appropriate, the

21   privileged or whatever, or some smaller group, we're happy

22   to work through those things.  And I'd hope that we can work

23   constructively with the Debtors.  And if not, I expect we

24   would come back to you --

25           THE COURT: You will find your way to the

Page 34

1    courthouse (indiscernible) --

2            MS. SCHWEITZER:  Sooner rather than later.

3            THE COURT: Yeah.

4            MS. SCHWEITZER:  Hopefully with a narrower set of

5    issues to be presented.

6            THE COURT: So should we set a control date?  So I

7    was thinking of Monday the 24th, which is, you know, a

8    little more than 10 days.  And that sort of trying to be

9    respectful of the fact that there's been a request to set a

10   hearing date, and I haven't set one.  And so, we can talk

11   about where we are, including discovery issues and including

12   setting a hearing date.

13           If people think that's not enough time, then we

14   can set it later in the week.  But I'm just throwing that

15   out there for what it's worth.

16           MS. SCHWEITZER:  That works for me.

17           MR. HYMAN:  Yeah, I think we'd be happy to do it

18   on a more expedited basis than that, Your Honor.  I think if

19   we're going to be getting --

20           THE COURT: I --

21           MS. SCHWEITZER:  We were happy to do it today.

22           THE COURT: I am not moving it up because today was

23   designed to get the ball rolling, and it didn't happen.  So

24   and that's entirely something within the control of you and

25   your client.  And so, I'm not doing it soon.  It's not

Page 35

1    happening.  So I can give you two o'clock on the 24th.  And

2    we'll consider it a case conference.  And on whatever we

3    need to discuss, including scheduling and discovery, and

4    that'll -- you know, we'll talk about what July or more

5    likely sometime after July looks like.  And if we get a

6    scheduling order after that, then fine.  If we don't, then

7    we'll just keep figuring it out as we go.

8            MR. HYMAN:  Yeah, it's just -- I don't think we're

9    going to be able to hold the 10th given the 21-day notice

10   period, if (indiscernible) --

11           THE COURT: No, I don't think you are.

12           MR. HYMAN:  Yeah.

13           THE COURT: I don't think you are.  I sort of held

14   out the possibility that today might -- the end of things

15   might come into focus, that that was still possible, but

16   those things haven't come into focus, so I don't think the

17   10th is going to work at all.  So we'll talk about what the

18   dates are, and on the 24th, we'll see where we are.  All

19   right?

20           MS. SCHWEITZER:  Thank you, Your Honor.

21           MR. HYMAN:  All right, Your Honor.

22           THE COURT: Thank you.

23           (Whereupon these proceedings were concluded at

24   2:56 PM)

25

Page 36

1                       I N D E X

2

3                         RULINGS

4                                          Page      Line

5

6     Motion to seal is denied              20        8-11

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                       C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5    Sonya
                                    Digitally signed by Sonya
                                    Ledanski Hyde
6    Ledanski Hyde                  DN: cn=Sonya Ledanski Hyde, o,
                                    ou, email=digital@veritext.com,
7                                   c=US
                                    Date: 2019.06.17 16:26:02 -04'00'

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  June 17, 2019

| & |
| --- |
| **&**   3:17 4:1 5:15 |

| 1 |
| --- |
| **10**   2:1 31:2 34:8 |
| **10004**   1:15 |
| **10006**   4:4 |
| **10019**   3:20 |
| **10036**   3:6 |
| **107**   18:16 |
| **10th**   29:20 32:16 |
| 32:16 35:9,17 |
| **11**   15:16 |
| **11501**   37:23 |
| **11:30**   10:23 |
| **12th**   10:23 11:2 |
| **13**   1:17 |
| **13th**   32:21 |
| **15**   5:3 6:3,11 |
| **1540**   3:5 |
| **15s**   15:15 |
| **16**   11:8 |
| **1600**   3:12 |
| **17**   11:10 37:25 |
| **18**   30:22 |
| **19-11845**   1:3 |
| **19801**   3:13 |

| 2 |
| --- |
| **20**   36:6 |
| **2019**   1:17 37:25 |
| **2025**   20:20 |
| **21**   10:24 35:9 |
| **222**   3:12 |
| **24th**   34:7 35:1,18 |
| **2:16**   1:18 |
| **2:56**   35:24 |

| 3 |
| --- |
| **300**   37:22 |
| **330**   37:21 |

| 5 |
| --- |
| **50**   22:5 |

| 7 |
| --- |
| **7**   15:15 |
| **787**   3:19 |

| 8 |
| --- |
| **8-11**   36:6 |

| a |
| --- |
| **able**   6:2 8:8 13:13 |
| 19:9 23:22 35:9 |
| **accepted**   8:14 |
| **accomplish**   23:9 |
| **accounts**   19:22 |
| **accurate**   37:4 |
| **acted**   18:1 |
| **actions**   6:19 |
| **actual**   24:4 30:16 |
| **added**   20:15 |
| **additional**   9:13,16 |
| 17:5 |
| **address**   11:20 |
| 13:24 29:12,18 |
| **addresses**   13:25 |
| **administration** |
| 1:7 7:7 8:11 10:5 |
| 13:11 14:17 |
| **administrators** |
| 1:8 3:4,11 5:7 |
| 10:2 11:16 12:5 |
| 13:9 26:2 |
| **administrator's** |
| 6:18 10:25 |
| **advance**   20:16 |
| **affect**   29:13 |
| **affidavit**   2:1 5:20 |
| 7:5,9,10,11,15,16 |
| 9:19 10:1,7,14 |
| 11:13 15:3,10 |
| 16:11 25:8 |
| **afternoon**   5:2,9 |
| 5:13,14,17 6:9 |
| 22:10 |
| **ago**   8:24 |

| agree   11:21 |
| --- |
| **agreed**   28:25 31:1 |
| **agreement**   19:21 |
| 29:19 30:10 33:18 |
| **alarmingly**   8:25 |
| **alternatively** |
| 10:16 |
| **answer**   20:21 |
| **anticipate**   24:10 |
| 26:18 28:7,19 |
| **anybody**   29:15 |
| 33:1 |
| **apologize**   8:11 |
| 23:8 24:10 |
| **appearances**   5:5 |
| **apple**   19:15,15 |
| **application**   7:7 |
| 12:21 21:5 |
| **applies**   12:10 |
| **applying**   16:7 |
| **appreciate**   6:8 8:9 |
| 14:12 16:2 23:7 |
| 24:4 28:15 |
| **appropriate**   8:15 |
| 15:25 22:17 26:1 |
| 33:20 |
| **appropriateness** |
| 32:4 |
| **arbiter**   15:18 |
| **arbitrarily**   30:22 |
| **arbitration**   6:20 |
| **aren't**   22:11 |
| **arguing**   18:19 |
| **argument**   14:18 |
| **arguments**   15:16 |
| **artificially**   31:5 |
| **aside**   6:2 |
| **asked**   8:25 13:21 |
| 14:7 16:25 19:5,9 |
| 21:17 29:6 |
| **asking**   13:16 |
| 15:12,22 16:25 |
| 22:3,4 |

| aspects   26:10 |
| --- |
| **assessment**   29:15 |
| **asset**   6:14,17 |
| **assorted**   10:8 |
| **assume**   27:18 |
| **attached**   15:9 |
| **attorneys**   3:4,11 |
| 3:18 4:2 |
| **august**   30:14 |
| **authority**   12:9 |
| 26:12 |
| **authorization** |
| 10:9 |
| **authorize**   14:24 |
| 15:1 |
| **automatic**   14:4 |
| **automatically** |
| 14:7 |
| **available**   7:17 |
| 10:2 18:17 22:15 |
| **avenue**   3:12,19 |
| **avoid**   28:18 |
| **award**   6:20 |

| b |
| --- |
| **b**   1:21 |
| **back**   6:12 7:7 |
| 15:11 17:4 19:13 |
| 21:4 22:11,25 |
| 23:7 31:16 33:24 |
| **backdrop**   6:5 |
| **background**   7:23 |
| 14:16 |
| **ball**   20:16 22:23 |
| 25:13 34:23 |
| **bank**   19:22 |
| **bankruptcy**   1:1 |
| 1:13,23 10:4,9 |
| 14:20 31:19 32:3 |
| **barclay**   11:3 |
| **based**   32:25 |
| **basic**   24:24 |
| **basically**   12:8 |

**basis** 12:17 32:12
  34:18
**behalf** 5:7,15 11:4
**believe** 8:15 13:17
  15:4 18:18
**bench** 23:24
**benefit** 14:15
**benjamin** 3:22
  5:15
**best** 7:23 18:23
**better** 30:17
**binder** 21:4 22:25
  23:6 27:6,13
**bit** 31:13
**bite** 19:15,15
**blackman** 4:7
  5:11 30:19,19
  32:9
**board** 8:12
**bootstrap** 9:4
**bowling** 1:14
**brain** 26:24
**break** 9:12 27:16
**brief** 17:20,21
**briefed** 30:24
**briefing** 23:24
**broad** 18:6
**broadway** 3:5
**broderick** 31:6,22
**bsg** 1:7 5:2 6:14
  8:12
**buckets** 33:12
**bulk** 27:2 28:5
**burden** 14:11
  20:9
**business** 9:9 26:14
  26:15

**c**

**c** 3:1 5:1 37:1,1
**call** 30:18
**callewaert** 1:8
**canary** 20:3

**canary's** 20:5
**can't** 6:25 13:9,12
  14:5 16:23 21:1
  26:24 28:12
**case** 1:3 5:3 6:11
  11:25 12:11 13:24
  18:18 19:7,11
  20:4,13 21:10,11
  22:21 23:5 24:15
  24:16,23 29:13
  31:9,12 35:2
**cases** 10:15 14:5
  22:2
**categories** 18:6
  22:21
**ceremony** 17:3
  30:12
**certain** 7:4,13,14
  18:25 26:10 31:15
**certainly** 8:10
  10:2 15:7 18:23
  20:8 21:11,25
  22:22 25:25 30:17
  32:2,9,10 33:7
**certified** 37:3
**chambers** 29:4
**chapter** 5:3 6:3,11
  15:14
**chase** 19:19
**chat** 32:7
**chime** 29:16
**circumstance**
  31:20
**circumstances**
  8:14 13:8 18:25
**cited** 7:4
**clear** 18:14 29:24
  33:11
**clearly** 18:15 31:3
**cleary** 4:1 5:10
  18:12
**client** 34:25

**clip** 22:4
**closest** 9:8
**coalmine** 20:3
**cohen** 1:8 4:12 7:3
  7:9,15 9:25 10:15
  15:3 25:7
**colleague** 5:8
**color** 14:16
**come** 13:12 17:4,8
  19:13 33:24 35:15
  35:16
**comfortable** 10:8
**commenced** 6:16
**comment** 28:17
**comments** 24:12
**commercially**
  12:2,3 14:2 23:18
**company's** 12:4
**compelled** 8:1
**completeness**
  19:16
**complex** 6:12
**compliant** 33:10
**comply** 33:6
**concern** 11:17
  14:13 20:17
**concerned** 12:12
  19:25 20:18
**concerning** 11:15
  19:6
**concluded** 35:23
**conduct** 19:7
**conference** 26:7
  35:2
**confidential** 9:9
  12:25 16:8,9
  20:24 22:19 26:14
  26:14 33:13,14
**confidentiality**
  33:18
**confronted** 29:5
**connection** 7:6,8
  7:13,14 8:8,10

9:24 10:3,4 15:14
  28:7
**consensual** 32:11
**consent** 30:3
**consider** 21:5
  35:2
**considerations**
  13:22
**considered** 12:21
**considering** 16:4
**constructively**
  33:23
**context** 23:5
  25:10 30:10
**continue** 22:9
  32:11
**control** 34:6,24
**conversation** 5:4
  31:25
**conversations**
  17:25
**convey** 32:7
**cooperate** 25:8
**cooperative** 33:10
**core** 19:20
**correctly** 7:4
  18:13 29:5
**counsel** 5:5 9:19
  11:9 29:1
**country** 37:21
**couple** 18:1 28:23
**course** 12:15,22
  13:11 17:25 19:7
**court** 1:1,13 5:2
  5:17 6:22 7:19
  8:18,23 9:21
  10:19 11:5,11,13
  11:15,17,21,22
  12:1,3,6,9,13,23
  13:7,12,12,16,19
  14:6,15,19,20
  15:11,22 16:6,15
  16:20,23 17:15,18

17:20 18:9 20:5
22:1,5 23:11,21
24:2,6,13 25:6,16
26:9,21 27:4,9
28:10,16,21 29:3
29:7,22 30:9,17
30:20 31:1,8,21
32:17,19,21,24
33:25 34:3,6,20
34:22 35:11,13,22
**courthouse** 34:1
**courtroom** 26:1
**courts** 15:24 20:8
**court's** 17:15
**creditors** 19:21
**criminal** 30:13
**critical** 14:18,18
**crucial** 21:11
**cut** 19:18

**d**

**d** 3:8 5:1 36:1
**date** 26:15,16
34:6,10,12 37:25
**dates** 35:18
**day** 5:4 10:15
15:8 30:6 31:5
35:9
**days** 18:1 26:5
34:8
**de** 3:13
**deal** 26:22
**dealing** 28:20
**debtor** 3:18 13:4
13:4 33:6
**debtors** 1:10 7:25
8:1 11:23 18:21
19:9 33:23
**debtor's** 6:17
**decide** 21:14
26:24
**decision** 15:23
**declaration** 7:3,9
9:25 10:7,14,18

10:21 11:8,13,19
15:3 18:23,24
19:2,20 20:21
23:13,14 25:7,24
26:5,11,19 32:14
**delaware** 3:12
**delay** 31:4 32:12
32:12,12
**delude** 31:11
**denied** 24:19
31:17 36:6
**deny** 8:19 17:1,8
17:11 21:3,20
**denying** 20:11
**depends** 15:22
**describing** 25:24
**designed** 34:23
**detail** 25:25
**detailed** 25:23
**determination** 16:20
**determinations** 28:14
**determine** 15:19
**didn't** 8:24 9:16
15:4 20:8,17,18
20:21 24:9,10
27:17 34:23
**different** 15:15
24:3
**dingle** 4:13
**directors** 8:12
**disclose** 27:3 28:5
**disclosed** 26:25
27:2,4
**disclosing** 28:9
**disclosure** 15:9
**discovery** 15:5,7
15:14 19:25 22:14
25:9,10,11 26:7
26:23 28:8,20
32:13 33:4,5,10
34:11 35:3

**discuss** 33:6,18
35:3
**discussing** 28:8
**discussion** 6:6
12:24 28:3
**discussions** 22:13
**dispute** 11:24
**district** 1:2 29:7
29:10
**doc** 2:1
**docket** 10:24 11:8
11:10 15:21 23:2
23:3 28:1,19 32:6
**document** 19:17
**documents** 7:13
15:9,17,19 19:20
**doesn't** 13:24
23:14 25:7 27:14
33:16,16
**doing** 13:20 17:20
27:8 33:8 34:25
**don't** 7:24 8:3,4
8:21 11:24 12:1
12:10,11,23 13:1
13:17,23 14:3,4,9
14:13 15:4 17:2
17:14,23 18:7
20:12,20 21:10,13
21:19 22:24 23:11
23:12,19 24:6,13
24:14,16,21 25:2
25:16,16,17 26:18
27:21 28:2,10
29:2,20 30:1,11
31:3,10,11,15,18
32:24 35:6,8,11
35:13,16
**driver** 2:2 5:21
7:5,9,10,11,15
9:25 10:7 15:10
16:11 25:8
**drug** 10:2

**duane** 3:3,10 5:7
**due** 30:22
**dynamic** 19:11

**e**

**e** 1:21,21 3:1,1 5:1
5:1 36:1 37:1
**earlier** 24:10
**early** 33:8
**easy** 20:14 31:23
**ecro** 1:25
**efforts** 10:3
**either** 22:11 25:1
28:8
**eliminate** 15:5
**enforce** 30:22
**engaged** 17:24
**enter** 25:4 29:20
32:25
**entered** 25:3
32:22
**entire** 9:15
**entirely** 14:13
34:24
**entities** 5:16
**entry** 12:11
**essentially** 30:23
**establish** 6:3
**event** 8:16 14:25
**everybody** 27:10
**everyone's** 30:2
**evidence** 18:16,20
**evident** 13:3
**exactly** 31:11
**exceptional** 19:3
**execute** 19:9
**executed** 29:1
**exhibits** 7:11 10:8
10:18 11:14 23:15
**exists** 23:4
**expect** 20:23
24:17 33:23
**expedite** 24:25

expedited 34:18
experience 11:21
  21:25
experienced 22:1
explain 9:17
  16:14 18:5 26:10
explained 21:23
  30:20
explaining 27:20
explains 17:21
explanation 16:16
  19:23
export 32:5
expounded 9:10
expressed 20:17
extend 30:13 31:5
extended 30:7
extension 29:25
  30:4
extent 16:19 28:5

**f**

f 1:21 37:1
face 13:4
fact 5:23,25 9:6
  19:3 34:9
fairing 20:6
faith 18:2
far 9:11 25:18
farr 3:17 5:15
february 7:7
fight 30:16
figure 17:1 31:23
figuring 35:7
file 2:1 7:9 8:13
  11:1,22 13:17
  14:25 15:1,2
  16:21,22 17:17
  25:6,23 26:4,9
  27:25 32:14
filed 5:20,24 7:6
  7:10,11,22 8:5
  10:11,15,20,23
  11:2,4,7 13:5,17

15:21 21:2 26:20
filing 9:17,18 18:3
  20:25 30:23
final 15:18
finally 32:7
financial 12:4
  20:1
find 12:19 27:17
  33:25
fine 29:3 35:6
first 5:4 10:15
  12:20 13:1 23:23
  27:13 31:5,16
  32:1
flesh 20:9
focus 35:15,16
focused 18:24
  19:19
folks 14:5 22:1,15
follow 5:3 6:6
  29:11
followed 11:8
foregoing 37:3
foreign 12:13 14:6
formal 19:18
  25:10
forward 22:2,23
  26:5
found 8:24
four 23:13
fourth 19:15
frankly 7:22
  16:17 20:15 29:11
  30:9 32:24
frederick 3:8
friday 33:4
front 13:2 21:15
  21:15 28:9 29:7
  31:25
frustrated 20:7
frustration 18:13
fulfill 12:7

fully 30:24
fulsome 16:11
funding 19:21
further 8:7 19:23
  29:25,25 30:3
future 23:1

**g**

g 5:1
gallagher 3:17
  5:15
gating 6:7
generalities 23:18
generally 10:1
  12:18 23:16
generically 13:25
george 5:16 6:16
getting 8:18 22:11
  30:15 34:19
give 19:14,20,20
  19:21,21 22:25
  35:1
given 5:25 10:3
  16:24 20:10 29:23
  30:4 31:22 35:9
gives 17:22
giving 17:3 20:1,2
glenn 18:18 29:5
go 10:17 19:4
  20:13 23:22 24:14
  26:24 28:18 29:8
  30:5 31:16 35:7
goes 22:4 25:2,4
going 9:4 15:5
  16:16 19:24 20:12
  20:13 21:3,7,8
  22:6,9,13 24:7
  25:4,6 26:21,23
  27:21 29:13 30:5
  30:13,22 31:12,24
  32:6 33:9 34:19
  35:9,17
good 5:6,9,12,14
  5:17 18:2 29:14

gotten 14:10 16:1
  21:18 33:15,19
gottlieb 4:1 5:10
  18:12
grant 5:25 16:23
  16:24
granted 12:23
  13:22,24 14:1,9
greatly 23:8
green 1:14
greeting 24:24
group 33:21
guernsey 5:21 6:1
  7:7,24 8:3,10 9:16
  9:19 10:9,10,10
  11:9,15,21 12:3,6
  12:8 14:17 19:3
  20:25 21:12 22:18
  23:17 25:14,17,20
  25:25 26:13 28:7
guidance 28:13
guiding 26:12

**h**

h 1:22
half 22:10
hamilton 4:1
hand 18:24
handing 28:24
happen 31:15
  34:23
happened 30:4
  31:4
happening 24:22
  35:1
happy 17:15 19:4
  23:1 30:5 32:4
  33:18,21 34:17,21
hard 20:14 21:8
harold 2:2 5:21
hasn't 7:20
haven't 14:10
  16:1,24 18:6 20:9
  21:18 27:14 31:10

32:21 33:15,19
34:10 35:16
**hear** 8:24 18:9
**heard** 7:21,22
33:2
**hearing** 2:1 5:4
6:10 13:11 18:14
19:14 22:8 25:1
27:12 28:23 29:1
31:5 34:10,12
**hearings** 23:22
24:17,18
**held** 35:13
**help** 22:12,12
**helpful** 27:18
**hide** 25:13
**highlights** 16:13
**hitchings** 3:15 5:8
**hold** 23:1 35:9
**holistic** 19:6
**hon** 1:22
**honor** 5:6,9,12,14
6:8 7:4,17 8:9,22
9:23 10:6,16,16
11:3,8,25 13:3
14:12,25 15:13
16:3,10,19 17:14
18:11,12,14,21
19:12 23:7 24:1,8
25:6 26:3,19 27:6
28:9,22 29:17
30:19 32:9,10
33:3 34:18 35:20
35:21
**honor's** 7:12
**hoops** 22:5
**hope** 33:22
**hoped** 23:8
**hopefully** 26:6
33:9 34:4
**hoping** 7:12 32:11
**hour** 22:10

**hurdle** 15:23
**hyde** 2:25 37:3,8
**hyman** 3:8 5:6,6
6:8 7:3 8:9,21
9:18,23 11:3,7,12
11:24 12:22 13:3
13:8,15 14:12,24
15:13 16:2,10,18
17:14,19,24 23:6
23:20 24:1,4,7
25:23 26:18 27:1
27:5 28:4,15,17
32:10,18 34:17
35:8,12,21

**i**

**iceberg** 31:13
**idea** 28:1
**identify** 22:21
**illuminating** 8:5
**immediately** 33:4
**inclined** 29:11
**including** 34:11
34:11 35:3
**indiscernible**
10:10,21 11:1,18
12:5 19:5,24
23:17 24:25 28:24
31:20 34:1 35:10
**informal** 25:11
**information** 7:17
7:21 9:9,24 10:1
11:15,20 12:2,6
13:1 14:3,10 17:4
17:5 18:5,22
19:13 20:2,24
21:7,17,18 22:17
22:19 23:16,17
24:24 26:14,15,20
28:5,6,11,12
**instance** 32:1
**instances** 7:16
15:24

**insufficient** 8:25
**intelligent** 28:3
**intend** 25:23 26:2
27:2 33:3
**intending** 28:4
**intent** 32:12
**interest** 25:9
**interested** 16:4
**issue** 6:7 13:21,24
29:6 30:6 31:18
**issues** 8:17 15:5,7
15:14 20:10 31:10
33:12 34:5,11
**it'll** 23:4 29:13
**it's** 9:3 12:14,24
13:3 16:3 17:21
18:19 19:15 20:1
20:14 21:10,10,19
21:25 23:2,13
26:13,13,13,14
27:10,13,20,22,23
28:19 29:9 30:5
31:20,24 32:19
33:1,14 34:15,25
35:8
**i'd** 19:4 24:19
33:22
**i'm** 8:7 9:4 12:12
12:13 15:12 16:15
17:15,20 19:4
20:10 21:3 22:10
23:1,22 24:14
25:4,17,20,20
27:7,10 29:11
31:12 32:4,4,5,21
34:14,25
**i've** 14:4 20:10
21:23 22:8 24:14
24:15 31:17 32:25

**j**

**jarret** 3:15 5:8
**job** 24:3,3

**joint** 1:8 3:4,11
5:7 6:18 8:11
10:25 11:16 13:8
26:2
**jon** 5:10
**jonathan** 4:7
10:21 30:19
**judge** 1:23 8:14
18:18 27:12 29:5
29:7,9,14,20 30:5
30:11,12,25 31:6
31:22 32:3
**judgment** 19:10
19:10
**july** 20:19,20
24:22 25:1 29:20
30:13 31:2 32:15
32:16,19 35:4,5
**jump** 17:5 22:5
**june** 1:17 30:22
32:20,21 37:25
**jurisdiction** 8:16
**justification** 7:20
13:20 14:3,14
16:1,24 25:22
28:12
**justified** 9:10
21:19
**justifies** 21:6
**justify** 12:16
14:11,21 15:25
17:9 22:22

**k**

**k.harris** 1:25
**keep** 11:21 12:21
35:7
**kind** 6:7 20:24
21:10 22:14
**know** 6:22,24 8:3
8:4,25 9:1,12 12:1
12:11 13:23,25
14:3,4,13,19
15:24 16:20 21:10

21:13,20 22:24
24:6,13 25:18
29:2,4 31:7,10,11
31:15 32:24 33:12
34:7 35:4
**known**   10:2
**knows**   27:10

**l**

**lack**   8:19
**lane**   1:22
**larger**   19:11
**law**   9:16 18:15
19:4,5 22:21
23:17 26:13
**lawyer**   19:2
**lawyers**   18:19
**ledanski**   2:25 37:3
37:8
**left**   8:6
**legal**   30:16 37:20
**let's**   6:23 19:18
27:14
**liberty**   4:3
**life**   22:10
**limitations**   27:7
**limited**   1:7 5:3
**line**   13:10 25:19
31:14 36:4
**lisa**   4:6 5:9 18:11
**list**   19:17,21,22
33:8
**litigate**   30:2
**litigation**   6:15
**little**   34:8
**llp**   3:3,10,17 4:1
**located**   6:14
**long**   31:24
**look**   9:14,23 26:5
27:13
**looked**   27:17
**looking**   16:15
**looks**   35:5

**lot**   11:19 21:13
24:11
**lower**   12:14
**lucky**   20:20

**m**

**m**   4:6
**making**   12:14
**malcolm**   4:12 7:3
7:8,15 9:25 10:14
15:3 25:7
**malcom**   1:8
**mandated**   21:14
**marshal**   17:4
**material**   27:2
**materials**   27:19
**matter**   1:5 12:15
19:6 30:23
**matthew**   11:9
13:9 25:24
**mccallen**   3:22
5:12,14,15
**mean**   23:12 29:17
31:3 33:16
**meaning**   8:1
**meaningful**   22:13
33:1
**meaningfully**
6:25 22:22
**means**   23:12
**mechanically**
17:12
**memorializes**
28:25
**merits**   7:1 14:10
17:5
**message**   32:7
**met**   20:9
**mileage**   31:9
**milestones**   29:19
**million**   22:5
**mind**   10:16
**mineola**   37:23

**minimal**   24:5
**moment**   23:5
**monday**   33:4 34:7
**morning**   5:6,12
22:9 24:16
**morris**   3:3,10 5:7
**motion**   2:1 5:24
8:5,8,19 11:1 14:2
16:21 17:8,11
20:11 21:15 23:3
24:19 26:9 27:23
27:23 28:19 30:21
31:17 36:6
**motors**   18:18
**move**   22:2,23
**moving**   34:22
**mysterious**   31:16
**mystery**   30:1

**n**

**n**   3:1 5:1 36:1
37:1
**narrower**   34:4
**narrows**   11:14
**necessary**   9:15
**need**   15:25 18:20
21:7,8 22:14,20
27:12 28:14,18
30:12,16 35:3
**needs**   26:10,20
30:7,7
**negotiate**   24:9
**never**   22:10 31:12
**new**   1:2,15 3:6,20
4:4 26:18 29:10
**newman**   11:9
13:9 18:23 23:13
25:24
**nice**   8:7 30:14
**nilly**   20:8
**nobody's**   32:12
**non**   33:13
**normally**   31:18

**notice**   6:10 17:22
30:2 35:9
**notion**   10:19
**number**   5:18
**ny**   1:15 3:6,20 4:4
37:23

**o**

**o**   1:21 5:1 37:1
**obligations**   25:15
**obviously**   12:20
12:23 29:3
**odd**   5:22
**offer**   28:13
**oh**   20:1
**okay**   17:19,24
**old**   37:21
**open**   5:16 9:6
14:23 16:11
**opportunity**   17:3
18:21 19:13 24:9
**oppose**   29:24
**opposed**   14:7
**opposition**   10:25
**order**   8:4,4,11 9:1
9:2 12:6,12 14:1
24:20 25:3,19
30:22 32:22,25
35:6
**ordered**   31:1
**organizing**   23:24
**originally**   21:16
**origination**   14:16
**outside**   23:5
**outstrip**   30:16
**o'clock**   35:1

**p**

**p**   3:1,1,15,22 5:1
**page**   23:14,23,23
36:4
**pages**   5:22 6:23
17:18 20:22 21:16
23:13,15,23 24:5

papers   11:3 13:18
  30:21
parcel   22:4
part   10:10 22:4
  31:21
particular   5:20
particularly   6:12
  20:6 22:2
parties   18:1 25:9
  31:1
partner   5:10
party   9:4 31:13
people   13:23
  24:17 28:1 30:14
  34:13
perfectly   30:5
period   35:10
permission   7:9
permit   9:4 13:16
  16:21
perspective   6:11
  6:17,18
peter   2:2 5:21 7:5
petition   6:20
  30:21
phone   9:20
play   25:13
plaza   4:3
plus   21:16
pm   1:18 35:24
point   7:15,18
  11:20 16:19 19:10
  24:21 28:20 29:25
  30:20,23 33:1
posed   20:21
position   5:25 12:4
  12:20 22:16 29:14
  30:17
possibility   35:14
possible   35:15
practical   22:2
practicalities
  30:15

practically   9:2
practitioners   22:1
predict   25:14
prefer   29:2
prejudice   21:21
  24:20
preparation   9:24
prepare   23:21
prepared   10:6
  11:12
present   4:10 24:8
presented   21:12
  34:5
presents   15:23
presumably   9:6
  14:8 16:6
presumption
  18:16
presumptively
  14:23
pretty   22:1 33:4
  33:11
preview   28:22
principles   23:25
  26:12 31:16
privileged   33:21
probably   15:8
problem   12:10
procedural   17:11
procedure   29:12
procedures   12:18
  13:25 20:7 25:14
  25:24
proceeding   8:15
  8:16 9:5 14:17
  28:7 30:11
proceedings   5:21
  8:10 14:22 22:18
  25:18,20 35:23
  37:4
process   17:11
  28:8,13

productive   22:7
progress   6:25
prompt   22:3
promptly   15:2
  16:22 32:14
proper   8:16 13:5
  13:7 21:6
propose   10:10
  16:12 17:16,17
proposed   12:5
  13:4,5 18:4 23:9
  23:19 24:20 27:18
protect   6:13 25:14
protected   25:21
protecting   25:20
  25:21
protection   25:18
protective   27:24
prove   6:13 22:14
provide   14:16
  23:16 27:25
provides   14:21
provision   14:8
provisions   7:5,14
  7:14 16:13 17:16
public   22:20 23:3
  33:13
publicly   7:16 10:1
  10:11 15:21 18:17
purpose   6:13
  11:19
pursuant   30:25
pushback   32:15
put   12:2,5 16:5
  18:22 19:13 23:17
  29:18 31:8
putting   6:2

q

question   6:2
  13:19 20:21 29:9
  31:19 33:14
quite   18:12,14
  24:5

r

r   1:21 3:1 5:1 37:1
rakoff   29:8
rate   20:19
reach   18:2 30:9
ready   15:2 24:17
  24:17
really   6:25 12:11
  12:17 17:5 19:4
  20:2,12 21:18
  22:7,15 28:12
  33:20,20
reason   9:8 30:1,7
reasons   13:6,7
reassess   26:16
recall   6:11
recognition   6:3
  7:6 20:19 21:7
  22:14,16 26:8
recognizing   6:20
record   5:4,20 7:2
  9:15 22:20 37:4
rectify   26:4
redact   16:6,13,14
  17:16,21,23
redacted   10:7,11
  10:13,17 16:3
  17:9,10 18:4
  23:19 27:19,20,25
redacting   16:7
  18:5
redaction   20:1
  23:25
redactions   24:5
reference   9:8,25
  10:14 13:15 14:2
  23:1
references   26:19
regarding   11:1
  25:9
relate   12:4
relatively   6:12

relied  7:4 28:6
relief  14:6,7,9
rely  15:4 25:7
remember  19:8
  29:4
rendered  19:11
repeat  9:11
reply  30:21
request  7:25 8:2
  8:13 11:23 12:13
  12:14,17 19:18
  29:25 34:9
requested  9:6
requests  19:17
  24:24 25:9 32:13
  33:5
requirements  6:3
reserve  15:16
reserved  29:21
resolution  18:2
resolve  31:9
resources  1:7 5:3
  6:14 8:12
respectful  32:6
  34:9
respond  32:13
response  7:20
  20:23
return  24:16
review  7:12,18
revised  10:17 15:2
  16:22 25:7 26:4
  26:19 27:6,19
  32:14
revisit  28:18
rick  5:6
right  5:17 7:19
  9:21 10:21 11:5,5
  11:11 12:1,11
  15:11,16 18:9,13
  19:12 20:3,5
  24:15 26:9,17,23
  28:16 29:17,22

32:17,23 35:19,21
rights  29:21 30:17
road  37:21
roll  30:3
rolling  34:23
roughly  5:22
rule  16:25 31:6
ruling  16:25 32:3
rulings  36:3
run  21:21,22

**s**

s  3:1 5:1
sam  4:13
sandwiched  22:8
saw  10:22,24,25
  14:1 19:2
saying  16:7 17:7
  18:15 19:14 21:1
says  9:2 11:19
  12:13 18:15,24
scheduled  31:23
scheduling  25:3
  26:7 35:3,6
schweitzer  4:6 5:9
  5:10,13 18:11,12
  28:22 29:17,23
  32:20,23 33:3
  34:2,4,16,21
  35:20
scope  11:14
seal  2:1 5:23,24
  6:4 7:10,24 8:8,13
  9:1,15 11:1 12:21
  13:5,17 14:19,25
  15:1 16:21 17:6
  18:20 19:1 21:1,2
  21:16 26:10,20,22
  27:23 28:19 29:6
  31:17 33:15 36:6
sealed  6:1 8:4 9:3
  11:22 13:13,14
  14:11,13 15:12
  17:9 25:21 26:11

26:12
sealing  7:21 9:1,2
  9:5 12:16 14:21
  15:24 33:11
sean  1:22
second  15:5 21:22
see  9:16 20:18,18
  21:9,9 24:21 25:2
  25:3 27:21 28:21
  31:2,13 35:18
seeing  29:24
seek  6:20 15:9
  16:13,14
seeking  14:6
seen  11:5 27:14
  32:25
send  19:18 29:4
sense  28:11 29:15
  31:25
sensitive  12:3
  14:2 23:18
sent  19:17 33:7
separate  14:20
seriously  20:7
serve  33:4
set  27:19 34:4,6,9
  34:10,14
setting  34:12
seventh  3:19
share  10:6 16:12
  18:13 21:1
shl  1:3
short  6:10 11:7
shortly  26:6
shot  24:21
shouldn't  22:20
showed  27:11
showing  8:19
  18:17 30:8
shows  27:6
side  17:22 18:10
sieged  6:19

signature  23:14
significantly
  11:14
similar  29:6 30:10
simple  6:12
sit  20:6
sitting  26:6
six  30:13
skip  17:11
slow  19:12
smaller  33:21
society  5:16
solutions  37:20
somebody  21:1
somebody's  26:23
somewhat  6:10
sonya  2:25 37:3,8
soon  32:13 34:25
sooner  34:2
soros  5:16 6:16
sorry  32:21
sort  12:19 13:20
  17:4,10,11 21:14
  21:23 22:4 26:16
  29:14 31:4,19,20
  31:23 34:8 35:13
sorts  18:25
sought  7:8 10:9
southern  1:2
  29:10
speak  13:9
spending  23:7
spoke  6:24
stand  17:2 30:12
standard  8:3 9:7
  12:14 14:21 16:7
start  19:7 33:8
started  22:9
starting  8:6
state  5:19
states  1:1,13 6:15
  6:20,21 9:5 10:12
  14:22

statute  14:20
statutory  14:8
stay  13:13 29:8
  30:8 31:19 32:4
steen  4:1
steps  25:5
stipulation  28:25
  30:25
story  6:12 19:17
strategy  12:5
stuff  7:22 33:13
submission  23:10
  23:11 27:20
submit  24:20
  27:18
submitted  8:13
  10:22 15:17 20:25
  24:10 27:16
subsequent  26:16
substantive  12:17
success  18:6,7
sufficient  21:17
  22:17
suggest  11:22
  27:22
suggested  18:3
suite  3:12 37:22
supplement  11:7
supplemental
  9:18 19:13
support  10:13
supposed  9:14,14
sure  11:20 25:20
  29:3
surprise  15:8
surprises  33:7

**t**

t  37:1,1
take  20:7 21:4,23
  23:6 24:11,11,21
  31:6
takes  31:7

talk  6:7,23 7:1
  22:16 27:8 29:9
  34:10 35:4,17
talked  5:19 28:24
talking  13:20
  24:23 30:11
talks  12:8,18
  23:18
tee  27:24
teed  7:1
telephonically
  4:10
tell  9:22 13:13
  25:4 29:20 30:25
  32:2
telling  8:23 27:10
terms  7:23 20:15
  21:11 22:21 26:22
  29:12 33:11
test  12:7
testimony  26:1
thank  6:8 18:11
  35:20,22
that'll  35:4
that's  6:5 8:6
  10:22,24 11:1,25
  14:17 15:12 16:15
  16:16 17:3,12,12
  19:24 21:5 22:22
  24:3,25 25:16
  26:11 27:9,16
  29:3 30:13 34:13
  34:24
there's  9:1 11:18
  11:24 12:24,25
  14:4,20 15:25
  20:22 21:13 33:12
  33:12,13,19 34:9
they're  5:23 19:11
  19:14 22:3 33:9
thing  9:8 19:8
  33:1

things  5:19 9:13
  13:22 16:8 18:25
  20:16 22:3,6 25:1
  27:9,12 28:23
  29:13 30:16 31:15
  31:23 33:17,20,22
  35:14,16
think  5:18 6:5
  7:19,22 11:18,24
  13:3,6,15,15,23
  14:14 15:1,14
  18:1,7,14 21:8,22
  23:21,22 24:2,2
  25:2 28:17 29:5,7
  29:15 33:3,9,10
  34:13,17,18 35:8
  35:11,13,16
thinking  26:24
  31:11 34:7
third  19:14
thought  6:18
  16:16 31:8
thousand  5:22
  6:23 17:18 20:22
  21:16 23:15,23
  24:5
three  33:12
threshold  6:7 12:7
throwing  34:14
time  6:9 17:15
  21:22 22:7,8 23:7
  23:23 24:11 25:13
  26:1 27:7,11,13
  29:12 30:21 31:5
  34:13
today  6:6,22 9:20
  11:12 13:10,18
  16:17 23:9 24:8
  24:11 25:3 27:5,8
  29:24 30:2,4 31:9
  34:21,22 35:14
told  19:23

touch  7:17
transcribed  2:25
transcript  37:4
transparent  21:6
trial  30:13
tried  18:4
true  37:4
truly  22:19
trust  32:7
try  17:8 18:2 21:8
  22:13
trying  17:6,10
  20:9,15 22:2 24:8
  25:12,13 27:7
  31:9 32:5,5,15
  34:8
turned  15:20,20
two  35:1
types  11:20 18:5
  33:17
typical  15:15,15

**u**

u.s.  1:23
ultimately  6:13
  15:18 16:20 18:7
  26:7
unclear  6:1
understand  7:24
  19:19 23:12 24:7
  27:7
understanding
  9:12
united  1:1,13 6:15
  6:19,21 9:5 10:11
  14:22
unusual  31:19
upfront  25:12
  26:2
use  14:5,15 22:7
  26:23 31:3

| v | | |
|---|---|---|

**vague**  18:23
**vale**  4:2 5:10
**valet**  6:19 11:4
   15:6,7,8,20 17:25
   18:12 24:19 25:8
   33:16
**valuable**  6:14
**value**  20:15
**veritext**  37:20
**version**  10:7,11
   10:13,17,17 11:13
   16:3,12 17:9 18:4
   23:19 26:5 27:25
**virtue**  6:19 9:6
   23:3

| w |
|---|

**wait**  19:24
**walk**  11:12 16:3
   17:15 23:9,14
   27:6
**walking**  19:12
**want**  8:7,19,21
   9:21 14:19,24
   17:7,14,21,22
   20:8 21:21,23
   22:24,25,25 25:3
   25:5,8,10,12,21
   26:15,15 27:25
   29:8 31:3 33:1
**wanted**  17:2 27:5
   27:18
**wanting**  29:18
**wants**  32:2
**wasn't**  7:22 8:1,5
   13:10,10 21:17
**waste**  17:14
**water**  31:14
**way**  17:10 20:13
   20:14,14,18,18
   22:22 24:22 27:9
   27:15,21 29:16
   33:25

**week**  6:10 8:24
   18:3 30:13 32:14
   34:14
**went**  5:22
**we'd**  6:24 20:19
   20:19 34:17
**we'll**  15:7,11
   19:18 21:23 25:2
   28:10,21 29:20
   30:25 31:2,6 33:5
   35:2,4,7,17,18
**we're**  6:22 8:18
   16:16 18:13 19:25
   20:1,2,3 25:6,13
   26:21 27:21 28:4
   29:23 30:4,22
   32:10 33:21 34:19
   35:8
**we've**  17:18 24:8
   24:22 27:1 33:18
**what's**  17:9 20:12
   21:14 29:13 31:11
**wilkie**  5:15
**william**  1:7
**willing**  15:1 16:2
   16:18 28:4
**willkie**  3:17
**willy**  20:8
**wilmington**  3:13
**wise**  28:13
**wishes**  29:16
**won't**  21:4 23:2,3
   23:4
**work**  20:10 27:14
   32:5 33:8,22,22
   35:17
**working**  10:3
**works**  34:16
**worth**  34:15
**wouldn't**  30:3
**wrong**  8:7

| x | | |
|---|---|---|

**x**  1:4,11 36:1

| y |
|---|

**yeah**  11:17 13:3
   14:12 15:13 16:18
   26:18 27:14 31:8
   34:3,17 35:8,12
**year**  10:3
**york**  1:2,15 3:6,20
   4:4 29:10
**you'll**  16:6 17:8
   19:8 29:3
**you're**  8:23 13:20
   15:22 16:4,25
   17:6,7 19:19 21:7
   21:8 22:13 24:23
   30:11
**you've**  6:9 9:11
   14:6,21 27:7

| ' |
|---|

**'18**  7:7