UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALE S.A.

        Petitioner,

v.

BSG RESOURCES LIMITED,

        Respondent.

Case No. 19-cv-3619-VSB

Hon. Vernon S. Broderick

**REPLY MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO ADJOURN THE DECISION ON THE ENFORCEMENT OF THE AWARD**

      Petitioner Vale S.A. devotes a significant portion of its opposition to the cross-motion of Respondent BSG Resources Limited ("BSGR") to attacking BSGR's litigation history in an attempt to color the Court's view of the motion. For example, Vale characterizes BSGR's good faith judicial challenge in England and Wales to an arbitration award entered on April 4, 2019, and its motion in this Court to adjourn enforcement of the award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") as "extraordinary lengths to delay proceedings." (Vale Opp. 3.) Both filings are legitimate efforts to protect BSGR's rights. Under Vale's telling, however, valid litigation conduct is a reason to deny relief.

      Similarly, Vale accuses BSGR of a "sham administration in Guernsey" based on a press report quoting one BSGR director. (Vale Opp. 15-16.) But the only evidence in the record about the Guernsey administration reflects an orderly proceeding under the supervision of The Royal Court of Guernsey, jointly administered by experienced, court-appointed administrators who practice at BDO LLP and BDO Limited. (Hyman Decl. Ex. E, ECF No. 21; Blackman Decl. Ex. A, ECF No. 26-1.) The joint administrators are complying with their statutory and common law

duties under Guernsey law in accordance with professional standards. Vale has introduced no evidence to the contrary, despite its accusation that the administration is a "sham."

The reason Vale attempts to twist legitimate judicial conduct by BSGR into supposed "efforts to obstruct" is apparent. (Vale Opp. 3.) Vale cannot explain why this Court should enforce a $1.2 billion arbitration award that is currently unenforceable in the country where it was entered. This basic question demands an answer from Vale before the Court enforces an award of that size and jeopardizes BSGR's judicially supervised reorganization efforts.

Before Vale sought relief from this Court, it attempted to enforce the arbitration award in England and Wales. (Hyman Decl. Ex. A, ECF No. 21.) In a footnote, Vale attempts to minimize the impact of that strategic decision on whether the Court should delay enforcement in the United States. (Vale Opp. 12 n.6.) The Second Circuit and other courts in this District disagree. "[W]here, as here, it is the plaintiff who first sought to enforce his award in the originating country, the argument for enforcement by the plaintiff in the district court loses force because the possibility of conflicting results and the consequent offense to international comity can be laid at the plaintiff's door." *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 317 (2d Cir. 1998). Under those circumstances, the fourth *Europcar* factor becomes "perhaps most important." *Nedagro B.V. v. Zao Konversbank*, No. 02 CIV. 3946(HB), 2003 WL 151997, at *7 (S.D.N.Y. Jan. 21, 2003).

*Europcar* and *Nedagro* present the same procedural history relating to enforcement as this case. In both cases, the plaintiffs sought to enforce a foreign award in the United States after first seeking to enforce the award in the originating country. And in both cases, the judgment debtors responded to enforcement efforts in the originating country by challenging the award. *Europcar*, 156 F.3d at 312; *Nedagro*, 2003 WL 151997, at *1. Those cases make clear that

Vale's strategic decision to proceed first with enforcement efforts in England and Wales significantly impact whether the Court should delay enforcement in the United States. Vale's attempts to brush off this Circuit's controlling law in a footnote are unpersuasive.

Vale cites one distinguishable decision on this issue, *MGM Productions Group, Inc. v. Aeroflot Russian Airlines*, 573 F. Supp. 2d 772 (S.D.N.Y. 2003). (Vale Opp. 13.) In that case, unlike this one, the judgment debtor first initiated the parallel foreign proceeding to set aside the arbitration award. *MGM Prods. Grp.*, 573 F. Supp. 2d at 778. In addition, the judgment debtor commenced its efforts to set aside the award only after the plaintiff petitioned to confirm the award in the United States. *Id.* The court in *MGM Productions Group* relied on both facts in declining to grant a stay. Neither is present in this case.

Under the key fourth *Europcar* factor, the fact that Vale initiated foreign proceedings to enforce an award weighs in favor of a stay, as do the facts that "they were initiated before the underlying enforcement proceeding" and that "they were initiated by the party now seeking to enforce the award in federal court." *Europcar*, 156 F.3d at 318. Vale presents no argument to the contrary on these critical points.

Vale instead argues that BSGR initiated its challenge to the arbitration award "under circumstances indicating an intent to hinder or delay resolution of the dispute." *Id.* Vales relies on its mischaracterization of BSGR's challenge to the arbitration award as recycling arguments that the English High Court already rejected. (Vale Opp. 2, 13.) In fact, as Vale well knows, BSGR's current challenge addresses several new issues that arose only *after* its prior challenges. (*See* Hyman Decl. Ex. C, ECF No. 21.) Likewise, BSGR's argument that the arbitration panel conducted itself in a matter that reflects a pattern of bias relies on the full context of the panel's

3

decisions and conduct of proceedings, much of which post-dated BSGR's prior challenges. (*Id.*) These points could not have been raised earlier.

Whether to grant BSGR's request to adjourn enforcement of the arbitration award is within the Court's discretion. *See Europcar*, 156 F.3d at 316. BSGR urges this Court to take the practical step of delaying enforcement of a $1.2 billion award that is not enforceable in the country in which it was entered and is subject to a judicial challenge in the originating country. Immediate enforcement by this Court will severely impair BSGR's ability to engage in an orderly and equitable reorganization. And delaying enforcement will not harm Vale, which is already a creditor in the Guernsey Administration and the Chapter 15 bankruptcy proceeding pending in the United States.

Under these circumstances, the Court should exercise its discretion to defer decision on whether to recognize and enforce the award until BSGR's challenge to the award is fully and finally decided.

Respectfully submitted,

/s/ Frederick D. Hyman
Frederick D. Hyman (NY 2553832)
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1000
RHyman@duanemorris.com

*Counsel for BSG Resources Limited*

June 25, 2019

DM3\5933061.4