**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

D: +1 212-225-2086
jrosenthal@cgsh.com

THOMAS J. MOLONEY
RICHARD S. LINCER
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM

MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO

HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
LAURA BAGARELLA
SHIRLEY M. LO
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

February 21, 2020

VIA ELECTRONIC MAIL AND ECF

The Honorable Vernon S. Broderick
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007
BroderickNYSDChambers@nysb.uscourts.gov

Re:  *Vale S.A. v. BSG Resources Limited*, No. 19-cv-3619

Dear Judge Broderick:

We collectively write on behalf of William Callewaert and Malcolm Cohen (together, the "Joint Administrators"), in their capacity as court-appointed joint administrators for BSG Resources Limited (in administration) ("BSGR"), and Vale S.A. ("Vale," and together with the Joint Administrators, the "Parties").  By letter dated February 17, 2020 (as revised and resubmitted on February 18, 2020), the Parties set forth their joint and separate positions in response to questions raised by Your Honor in the Court's order dated January 23, 2020 (the "Order").

We are pleased to advise the Court that the Parties have now reached an amicable resolution, pursuant to which we respectfully request that the Court approve the enclosed Stipulation and Proposed Order, and enter the accompanying Judgment.  As set forth in more detail in the Stipulation and Proposed Order, the Parties have resolved their disagreement concerning the Joint Administrators' desire for immediate injunctive relief by agreeing that from the date the Court enters Judgment, Vale (i) will not take certain actions with respect to the Soros Claim for 150 days (the "Standstill Period"), (ii) will delay enforcement-related discovery of BSGR, its subsidiaries and the Joint Administrators for 90 days, and (iii) will be permitted to seek enforcement-related third party discovery immediately.

The Stipulation and Proposed Order also provides that if the Joint Administrators determine that they need to request an extension of the Standstill Period, the Parties will meet and

The Honorable Vernon S. Broderick, p. 2

confer regarding the appropriate forum to hear such request. If the Parties cannot agree, each reserves the right to seek an emergency hearing before this Court upon five (5) days written notice.

Should the Court have any questions or wish to discuss this matter further with the Parties, we are of course available for the conference scheduled for March 6, 2020, or to respond to any written requests in advance or in lieu of that conference.

Thank you for Your Honor's consideration.

Respectfully submitted,

*/s/ Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal
jrosenthal@cgsh.com
Lisa M. Schweitzer
lschweitzer@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York  10006
T: 212-225-2000
F: 212-225-3999

*Attorneys for Vale S.A.*


-and-


*/s/ Frederick D. Hyman*
Frederick D. Hyman
RHyman@duanemorris.com
DUANE MORRIS LLP
1540 Broadway
New York, New York  10036
T: 212-692-1000
F: 212-692-1020

*Attorney for William Callewaert and Malcolm Cohen in their capacity as Joint Administrators for BSG Resources Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALE S.A., <br><br> Petitioner, <br><br> -against- <br><br> BSG RESOURCES LIMITED, <br><br> Respondent. | Case No. 19-cv-3619 |

**STIPULATION AND [PROPOSED] ORDER**

This Stipulation and Order (the "Stipulation") is made as of February 21, 2020 and entered into between and among William Callewaert and Malcolm Cohen appointed as joint administrators (together, the "Joint Administrators") for BSG Resources Limited (in administration) ("BSGR") and Vale S.A. ("Vale"), each singularly a "Party" and collectively the "Parties," by their respective undersigned counsel.

WHEREAS, BSGR is currently in administration in Guernsey (the "Guernsey Administration") pursuant to an order made by the Royal Court of Guernsey dated March 6, 2018;

WHEREAS, BSGR has filed a petition for recognition of the Guernsey Administration under Chapter 15 of the U.S. Bankruptcy Code (the "Chapter 15 Proceeding") that is pending as *In re: BSG Resources Limited (in administration)*, Case No. 19-11845 (SHL) (Bankr. S.D.N.Y.) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, discovery is proceeding in the Chapter 15 Proceeding, and a recognition hearing has not yet been scheduled;

WHEREAS, on April 4, 2019, a tribunal of the London Court of International Arbitration

1

("LCIA") rendered an award of approximately $2.1 billion (including interest) in favor of Vale against BSGR (the "Arbitral Award");

WHEREAS, as the Petitioner in *Vale S.A. v. BSG Resources Limited*, No. 1:19-cv-03619-VSB (S.D.N.Y.) (the "Enforcement Proceeding"), Vale seeks the recognition and enforcement of the Arbitral Award;

WHEREAS the English High Court of Justice, Business and Property of England and Wales, Commercial Court (QBD) (the "English High Court") granted an order to enforce the Arbitral Award on May 9, 2019, denied BSGR's application to set aside the Arbitral Award on September 20, 2019, and denied BSGR's challenge to the Arbitral Award on November 29, 2019 (the "Challenge Denial");

WHEREAS, BSGR, as the Respondent in the Enforcement Proceeding, agrees that any basis for its opposition to the recognition and enforcement of the Arbitral Award in the Enforcement Proceeding has been rendered moot by the Challenge Denial;

WHEREAS, BSGR is currently a plaintiff in *BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited v. George Soros*, et al., No. 1:17-cv-02726-JFK-OTW (S.D.N.Y.) (the "Soros Action");

WHEREAS, the Joint Administrators presently intend, following entry of judgment in the Enforcement Proceeding, to seek injunctive relief to protect BSGR's interests in the Soros Action; and

WHEREAS, while Vale disputes the Joint Administrators' entitlement to any injunctive relief, in order to avoid the costs and uncertainty of litigation over this issue at the present time, the Parties have reached the resolution set forth herein.

THEREFORE, EACH PARTY HEREBY AGREES as follows:

1. The Parties consent to the entry of judgment in the Enforcement Proceeding substantially in the form attached hereto as Exhibit A (the "Recognition Judgment").

2. Beginning on the date of the entry of the Recognition Judgment and for 150 days thereafter, Vale will not take any enforcement action or otherwise execute in respect of the Soros Action, including, without limitation, take any action to obtain or perfect a lien or security interest on the Soros Action or the proceeds thereof.

3. Beginning on the date of the entry of the Recognition Judgment and for 150 days thereafter, BSGR and the Joint Administrators shall not grant, and no third party shall be entitled to obtain or perfect, a lien or security interest on the Soros Action or the proceeds thereof.

4. From and after the date of the entry of the Recognition Judgment, BSGR and the Joint Administrators will not seek any form of injunctive relief or stay affecting the Enforcement Proceeding and any related proceeding, including but not limited to any proceeding for execution of the Recognition Judgment, any proceeding supplementary to and in aid of judgment or execution of the Recognition Judgment. Nothing in this paragraph 4 shall prevent BSGR or the Joint Administrators from seeking an extension of paragraphs 2 and 3 herein (subject to paragraph 9).

5. Beginning on the date of the entry of the Recognition Judgment and for 90 days thereafter, Vale agrees not to seek any discovery in connection with the Enforcement Proceeding from BSGR, its subsidiaries, or the Joint Administrators.

6. For the avoidance of doubt, (I) Vale is entitled to seek discovery immediately upon entry of the Recognition Judgment from any person or entity other than BSGR, its subsidiaries, or the Joint Administrators, and (II) nothing herein shall affect the right of any

3

Party to seek relief in the event of and following Chapter 15 recognition as a foreign main proceeding pursuant to which a stay is granted.  Notwithstanding the foregoing, the Parties reserve their rights with respect to the merits of any such discovery.

7. In the Enforcement Proceeding and any related proceeding, including but not limited to any proceeding for execution of the Recognition Judgment, any proceeding supplementary to and in aid of judgment or execution of the Recognition Judgment, and any proceeding for discovery in aid of execution of the Recognition Judgment, Vale shall have the right to use any and all discovery material produced by the Joint Administrators in the Chapter 15 Proceeding that is subject to the Confidentiality Stipulation and Protective Order (Dkt. 39) in that Proceeding ("Confidentiality Stipulation"), and the Confidentiality Stipulation shall be deemed modified to provide for this additional permitted use.  For the avoidance of doubt, paragraph 32 of the Confidentiality Stipulation shall be deemed modified such that all provisions therein requiring the destruction, return, or deletion of documents within sixty days of the final disposition of the Chapter 15 Proceeding shall hereafter mean "within sixty days of final disposition of the Chapter 15 Proceedings, the Enforcement Proceeding, and any related proceedings."

8. By mutual consent, the Parties shall have the right to seek the termination, modification, amendment, or extension of this Stipulation.

9. To the extent that either party seeks an extension to the deadlines in paragraphs 2 and 3 of this Stipulation (which shall not be severable) and the Parties are unable to agree on any such extension, the Parties shall meet and confer in good faith regarding whether this Court or the Bankruptcy Court is the more appropriate forum for an application for injunctive relief.  If the Parties remain unable to come to an agreement upon meeting and conferring, the Parties will seek guidance from this Court with respect to such appropriate forum, and each Party

reserves the right to seek an emergency hearing with five (5) days written notice to the other Party.

10. For the avoidance of doubt, except for the matters addressed herein, this Stipulation shall not affect any right or obligation of any Party with respect to the Recognition Judgment or the Chapter 15 Proceeding. Moreover, nothing in this Stipulation shall affect the rights or obligations of the Parties with respect to any proceedings outside the United States.

11. Each Party confirms that its undersigned counsel is duly authorized to sign this Stipulation on its behalf.

[*Remainder of page intentionally left blank*]

12. Pursuant to section 8.5(b) of the Electronic Case Filing Rules & Instructions for the United States District Court for the Southern District of New York, the use of conformed electronic signatures is with the consent of all signatories to this filing.

**IT IS SO STIPULATED.**

Dated:  February 21, 2020

*/s/ Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal
Lisa M. Schweitzer
Elizabeth Vicens
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Tel:  212-225-2000
Fax:  212-225-3999
jrosenthal@cgsh.com
lschweitzer@cgsh.com
evicens@cgsh.com

*Attorneys for Vale S.A.*

*/s/ Frederick D. Hyman*
Frederick D. Hyman
Michael R. Lastowski
Jarret P. Hitchings
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036
Tel:  212-692-1000
Fax:  212-692-1020
rhyman@duanemorris.com
mlastowski@duanemorris.com
jphitchings@duanemorris.com

*Attorneys for William Callewaert and Malcolm Cohen in their capacity as Joint Administrators for BSG Resources Limited*

**SO ORDERED** this [    ] day of February 2020

_____
THE HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT COURT JUDGE

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALE S.A.,<br><br>    Petitioner,<br><br> -against-<br><br>BSG RESOURCES LIMITED,<br><br>    Respondent. | Case No. 19-cv-3619 |

## [PROPOSED] JUDGMENT

  Upon review and consideration of the Petitioner's Petition for Recognition and Enforcement of a Foreign Arbitral Award, and the entire record in this case, it is, this __ day of February, 2020,

  ORDERED that the Petitioner's Petition is hereby GRANTED; and it is further

  ORDERED that the Arbitral Award is hereby confirmed, recognized and will be enforced under Section 9 of the Federal Arbitration Act and Article IV of the Convention on Recognition and Enforcement of Foreign Arbitral Awards; and it is further

  ORDERED that pursuant to the Arbitral Award, Respondent BSG Resources Limited must pay Petitioner Vale S.A.:

  i. $1,246,580,846.00 representing damages (the "Damages") pursuant to the Arbitral Award ¶ 1005.2;

  ii. $773,454,952.42 representing pre-award interest on the Damages pursuant to the Arbitral Award ¶ 1005.3, in respect of:

    a. an initial consideration of $500,000,000, amounting to $350,479,673.33 (i.e., 3,261 days at a rate of LIBOR USD 3-month plus 7%, accrued from April 30, 2010 to April 4, 2019);

    b. promissory notes of a total value of $581,197,104, amounting to $326,674,950.99 (i.e., at a rate of LIBOR USD 3-month plus 7%, accrued from the dates set out by reference in the Arbitral Award ¶ 1005.3.2, to April 4, 2019);

    c. the costs of a feasibility study of $85,365,652, amounting to $49,707,064.29 (i.e., 2,681 days at a rate of LIBOR USD 3-month plus

        7%, accrued from December 1, 2011 to April 4, 2019); and

    d. Vale's internal costs of $80,018,090, amounting to $46,593,263.81 (i.e., 2,681 days at a rate of LIBOR USD 3-month plus 7%, accrued from December 1, 2011 to April 4, 2019).

  iii. $16,000,000.00 representing Vale's costs of legal representation and related costs (including experts fees), pursuant to the Arbitral Award ¶ 1005.5 (the "<u>Legal Costs</u>");

  iv. GBP 1,413,565.42 representing Vale's costs of arbitration, less certain deposits made by BSGR and costs to be borne by Vale, pursuant to the Arbitral Award ¶ 1005.5 (the "<u>Arbitration Costs</u>");

  v. Post-award compound interest on the Damages and interest on the Damages, amounting to $128,815,295.58 accrued as of the February 20, 2020 valuation date (i.e., 322 days at a rate of LIBOR USD 3-month plus 5%, accruing from April 4, 2019) and subject to future annual rests for compounding, pursuant to the Arbitral Award ¶ 1005.4;

  vi. Post-award compound interest on the Legal Costs, amounting to $1,020,301.09 accrued as of the February 20, 2020 valuation date (i.e., 322 days at a rate of LIBOR USD 3-month plus 5%, accruing from April 4, 2019) and subject to future annual rests for compounding, pursuant to the Arbitral Award ¶ 1005.4;

  vii. Post-award compound interest on the Arbitration Costs, amounting to GBP 72,012.24 accrued as of the February 20, 2020 valuation date (i.e., 322 days at a rate of LIBOR GBP 3-month plus 5%, accruing from April 4, 2019) and subject to future annual rests for compounding, pursuant to the Arbitral Award ¶ 1005.5, as amended in a May 30, 2019 correction to the Arbitral Award ¶ 12; and

  viii. Post-judgment interest on all foregoing amounts calculated at the federal statutory post-judgment interest rate set in 28 U.S.C. § 1961, and running from the day after entry of this Final Judgment until paid.

Dated: February \_\_\_\_\_, 2020
   New York, New York

                _____
                THE HONORABLE VERNON S. BRODERICK
                UNITED STATES DISTRICT COURT JUDGE