UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALE S.A.,<br><br>    Petitioner,<br><br> -against-<br><br>BSG RESOURCES LIMITED,<br><br>    Respondent. | Case No. 19-cv-3619 |

**STIPULATION AND [PROPOSED] ORDER**

  This Stipulation and Order (the "Stipulation") is made as of February 21, 2020 and entered into between and among William Callewaert and Malcolm Cohen appointed as joint administrators (together, the "Joint Administrators") for BSG Resources Limited (in administration) ("BSGR") and Vale S.A. ("Vale"), each singularly a "Party" and collectively the "Parties," by their respective undersigned counsel.

  WHEREAS, BSGR is currently in administration in Guernsey (the "Guernsey Administration") pursuant to an order made by the Royal Court of Guernsey dated March 6, 2018;

  WHEREAS, BSGR has filed a petition for recognition of the Guernsey Administration under Chapter 15 of the U.S. Bankruptcy Code (the "Chapter 15 Proceeding") that is pending as *In re: BSG Resources Limited (in administration)*, Case No. 19-11845 (SHL) (Bankr. S.D.N.Y.) in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

  WHEREAS, discovery is proceeding in the Chapter 15 Proceeding, and a recognition hearing has not yet been scheduled;

  WHEREAS, on April 4, 2019, a tribunal of the London Court of International Arbitration

1

("LCIA") rendered an award of approximately $2.1 billion (including interest) in favor of Vale against BSGR (the "Arbitral Award");

WHEREAS, as the Petitioner in *Vale S.A. v. BSG Resources Limited*, No. 1:19-cv-03619-VSB (S.D.N.Y.) (the "Enforcement Proceeding"), Vale seeks the recognition and enforcement of the Arbitral Award;

WHEREAS the English High Court of Justice, Business and Property of England and Wales, Commercial Court (QBD) (the "English High Court") granted an order to enforce the Arbitral Award on May 9, 2019, denied BSGR's application to set aside the Arbitral Award on September 20, 2019, and denied BSGR's challenge to the Arbitral Award on November 29, 2019 (the "Challenge Denial");

WHEREAS, BSGR, as the Respondent in the Enforcement Proceeding, agrees that any basis for its opposition to the recognition and enforcement of the Arbitral Award in the Enforcement Proceeding has been rendered moot by the Challenge Denial;

WHEREAS, BSGR is currently a plaintiff in *BSG Resources (Guinea) Limited, BSG Resources (Guinea) Sàrl, and BSG Resources Limited v. George Soros*, et al., No. 1:17-cv-02726-JFK-OTW (S.D.N.Y.) (the "Soros Action");

WHEREAS, the Joint Administrators presently intend, following entry of judgment in the Enforcement Proceeding, to seek injunctive relief to protect BSGR's interests in the Soros Action; and

WHEREAS, while Vale disputes the Joint Administrators' entitlement to any injunctive relief, in order to avoid the costs and uncertainty of litigation over this issue at the present time, the Parties have reached the resolution set forth herein.

THEREFORE, EACH PARTY HEREBY AGREES as follows:

1. The Parties consent to the entry of judgment in the Enforcement Proceeding substantially in the form attached hereto as Exhibit A (the "Recognition Judgment").

2. Beginning on the date of the entry of the Recognition Judgment and for 150 days thereafter, Vale will not take any enforcement action or otherwise execute in respect of the Soros Action, including, without limitation, take any action to obtain or perfect a lien or security interest on the Soros Action or the proceeds thereof.

3. Beginning on the date of the entry of the Recognition Judgment and for 150 days thereafter, BSGR and the Joint Administrators shall not grant, and no third party shall be entitled to obtain or perfect, a lien or security interest on the Soros Action or the proceeds thereof.

4. From and after the date of the entry of the Recognition Judgment, BSGR and the Joint Administrators will not seek any form of injunctive relief or stay affecting the Enforcement Proceeding and any related proceeding, including but not limited to any proceeding for execution of the Recognition Judgment, any proceeding supplementary to and in aid of judgment or execution of the Recognition Judgment.  Nothing in this paragraph 4 shall prevent BSGR or the Joint Administrators from seeking an extension of paragraphs 2 and 3 herein (subject to paragraph 9).

5. Beginning on the date of the entry of the Recognition Judgment and for 90 days thereafter, Vale agrees not to seek any discovery in connection with the Enforcement Proceeding from BSGR, its subsidiaries, or the Joint Administrators.

6. For the avoidance of doubt, (I) Vale is entitled to seek discovery immediately upon entry of the Recognition Judgment from any person or entity other than BSGR, its subsidiaries, or the Joint Administrators, and (II) nothing herein shall affect the right of any

Party to seek relief in the event of and following Chapter 15 recognition as a foreign main proceeding pursuant to which a stay is granted.  Notwithstanding the foregoing, the Parties reserve their rights with respect to the merits of any such discovery.

7. In the Enforcement Proceeding and any related proceeding, including but not limited to any proceeding for execution of the Recognition Judgment, any proceeding supplementary to and in aid of judgment or execution of the Recognition Judgment, and any proceeding for discovery in aid of execution of the Recognition Judgment, Vale shall have the right to use any and all discovery material produced by the Joint Administrators in the Chapter 15 Proceeding that is subject to the Confidentiality Stipulation and Protective Order (Dkt. 39) in that Proceeding ("Confidentiality Stipulation"), and the Confidentiality Stipulation shall be deemed modified to provide for this additional permitted use.  For the avoidance of doubt, paragraph 32 of the Confidentiality Stipulation shall be deemed modified such that all provisions therein requiring the destruction, return, or deletion of documents within sixty days of the final disposition of the Chapter 15 Proceeding shall hereafter mean "within sixty days of final disposition of the Chapter 15 Proceedings, the Enforcement Proceeding, and any related proceedings."

8. By mutual consent, the Parties shall have the right to seek the termination, modification, amendment, or extension of this Stipulation.

9. To the extent that either party seeks an extension to the deadlines in paragraphs 2 and 3 of this Stipulation (which shall not be severable) and the Parties are unable to agree on any such extension, the Parties shall meet and confer in good faith regarding whether this Court or the Bankruptcy Court is the more appropriate forum for an application for injunctive relief.  If the Parties remain unable to come to an agreement upon meeting and conferring, the Parties will seek guidance from this Court with respect to such appropriate forum, and each Party

reserves the right to seek an emergency hearing with five (5) days written notice to the other Party.

10.     For the avoidance of doubt, except for the matters addressed herein, this Stipulation shall not affect any right or obligation of any Party with respect to the Recognition Judgment or the Chapter 15 Proceeding.  Moreover, nothing in this Stipulation shall affect the rights or obligations of the Parties with respect to any proceedings outside the United States.

11.     Each Party confirms that its undersigned counsel is duly authorized to sign this Stipulation on its behalf.

[*Remainder of page intentionally left blank*]

12. Pursuant to section 8.5(b) of the Electronic Case Filing Rules & Instructions for the United States District Court for the Southern District of New York, the use of conformed electronic signatures is with the consent of all signatories to this filing.

**IT IS SO STIPULATED.**

Dated: February 21, 2020

/s/ *Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal
Lisa M. Schweitzer
Elizabeth Vicens
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Tel: 212-225-2000
Fax: 212-225-3999
jrosenthal@cgsh.com
lschweitzer@cgsh.com
evicens@cgsh.com

*Attorneys for Vale S.A.*

/s/ *Frederick D. Hyman*
Frederick D. Hyman
Michael R. Lastowski
Jarret P. Hitchings
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036
Tel: 212-692-1000
Fax: 212-692-1020
rhyman@duanemorris.com
mlastowski@duanemorris.com
jphitchings@duanemorris.com

*Attorneys for William Callewaert and Malcolm Cohen in their capacity as Joint Administrators for BSG Resources Limited*

**SO ORDERED** this [   ] day of February 2020

_____
THE HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT COURT JUDGE