# Duane Morris®

*FIRM and AFFILIATE OFFICES*

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

FREDERICK D. (RICK) HYMAN
DIRECT DIAL: +1 212 692 1063
PERSONAL FAX: +1 212 208 4521
*E-MAIL:* RHyman@duanemorris.com

*www.duanemorris.com*

August  17, 2020

*Via ELECTRONIC MAIL AND CM/ECF*

The Honorable Vernon S. Broderick
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007
BroderickNYSDChambers@nysb.uscourts.gov

> **Re:**   *Vale S.A. v. BSG Resources Limited*, No. 19-cv-3619

Dear Judge Broderick:

We represent William Callewaert and Malcolm Cohen (the "Joint Administrators") in their capacity as Joint Administrators for BSG Resources Limited (in administration) ("BSGR") in the above-referenced proceeding and as the Foreign Representatives in connection with the Chapter 15 case currently pending before The Honorable Judge Lane in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and docketed in that court as *In re BSG Resources Limited, No. 19-11845 (SHL)* (the "Chapter 15 Case").  Capitalized terms used but not defined herein have the meanings given them in our letter to Your Honor dated August 10, 2020 (the "August 10 Letter").

We write Your Honor in reply to the letter dated August 11, 2020 (the "August 11 Letter") submitted by counsel to Vale S.A. ("Vale").  As mentioned in the August 11 Letter, the Guernsey Applications were adjourned at last week's hearing in Guernsey. Vale failed to mention that the Guernsey Applications were adjourned to August 25, 2020 (the "August 25 Hearing"), the next available date in Guernsey for hearing matters of this nature. The Guernsey Applications were adjourned to allow Nysco Management Corp. ("Nysco") -- which is in breach of its obligations to fund the costs and expenses of BSGR's administration -- to raise any objections to the Guernsey Applications. Nysco is also BSGR's shareholder and, we understand, believes that BSGR could ultimately be significantly solvent. A further hearing took place on Friday, August 14, 2020 for

DUANE MORRIS LLP



The Honorable Vernon S. Broderick
Page 2

the purpose of making directions in respect of the Guernsey Applications, at which hearing the Court considered (i) evidence put in at short notice by Nysco as to its ability to fund the administration going forward and (ii) the Joint Administrators' proposal that Nysco provide limited funding to cover the necessary costs of the administration up to the August 25 Hearing. The judge ordered Nysco to provide funding of $290,000 to cover the costs up to and including the August 25 Hearing (which amount is to be paid by August 19, 2020) and to put in further evidence and argument by the following day concerning its ability to fund the administration thereafter. The next interlocutory hearing in the matter in Guernsey is scheduled to take place on August 21, 2020 at which the Joint Administrators expect that the judge will decide whether a determination on the Guernsey Applications is indeed able to proceed at the August 25 Hearing, or instead whether the determination should be deferred until September 15, 2020 as requested by Nysco.[1]

As mentioned in the August 10 Letter, aggregate fees and expenses in excess of $4 million are due and owing to the Joint Administrators and their professionals.  Absent funding of past fees and expenses, and commitments to fund ongoing fees and expenses to the satisfaction of the Guernsey court and the Joint Administrators (and their professionals), the Joint Administrators cannot fulfil the purpose of the administration and expect that, on that basis alone, the Discharge Application – and hence the Liquidator Application – will be granted at or shortly after the August 25 Hearing.

The granting of the Guernsey Applications would result in the immediate discharge of the Joint Administrators and the appointment of the Liquidator.  At that time, the Liquidator would succeed to the Joint Administrators with respect to matters before this Court, including in respect of Vale's Document Request. The Joint Administrators expect that, following its appointment, the Liquidator will be funded by Vale and will take reasonable steps promptly to respond to the Document Request in an efficient manner, likely avoiding the need for future matters on that issue before this Court.  The Joint Administrators should therefore not be compelled at this time to respond to the Document Request as (i) they lack adequate funding to do so, and (ii) any response or objection (or, correspondingly, lack of response or objection) could prejudice the rights and positions of the Liquidator. The Joint Administrators anticipate that the Liquidator will wish to ensure that it fully complies with the Document Request and hence it is respectfully submitted that the most appropriate course in the circumstances would be for the Liquidator to address the issue. This would, for example, avoid a situation in which the Liquidator needed to re-perform work in

---

[1] For the avoidance of doubt, the Joint Administrators do not agree that the various documents referred to in the August 11 Letter and described by Vale as being material to the Guernsey court's consideration of the Discharge Application are at all relevant to the Guernsey Applications.  Vale has, however, held the view that those documents are relevant since (at least) July 28, 2020, when Vale formally proposed that the Joint Administrators should agree to the filing of such documents with the Guernsey court as a condition to an extension to the deadline for the Document Request.  Importantly, this was prior to any communication from Nysco indicating its intention to make submissions in relation to, or to oppose, the Discharge Application.



The Honorable Vernon S. Broderick
Page 3

connection with the Document Request because it had been partially completed by the Joint Administrators.

Finally, in its August 11 Letter, Vale states that the Joint Administrators could resign as joint administrators and go on to say that this was a suggestion of the Guernsey court. We understand from Guernsey counsel to the Joint Administrators that the Guernsey court was not advocating such an approach, but was rather considering different possibilities with counsel in the course of submissions. Notably, we are advised that the Guernsey court made no reference to the option of resignation when it informed the parties of its decision (and gave its reasons for its decision) at the conclusion of the hearing on August 11, 2020. We also note that, since their August 11 Letter, Vale has suggested not only that the Joint Administrators resign, but that Vale would also make an urgent application to the Guernsey court for their choice of replacement administrator of BSGR to be appointed. Vale has asserted that the present court-ordered purpose of the administration, that BSGR be maintained as a going concern, cannot be met.

Nevertheless, the Joint Administrators consider that adopting a different approach at this stage would introduce a significant element of uncertainty, which they do not consider is in BSGR's best interests or in furtherance of a successful transition at the August 25 Hearing. In particular, the Joint Administrators do not consider that the Guernsey court would entertain Vale's proposed approach without Nysco and other creditors first being served notice of Vale's new application, which will likely only entail further delay and uncertainty.

Instead, in the circumstances as they stand, the Joint Administrators have determined that a seamless transition to a Liquidator via the existing Guernsey court process is in the best interests of BSGR and its creditors. This will also allow the Liquidator to deal expediently with the Document Request once in office and properly funded to do so by Vale.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

*/s/ Frederick Hyman*
Frederick Hyman, Esq.

cc:  Jeffrey Rosenthal, Esq.