# CLEARY GOTTLIEB STEEN & HAMILTON LLP

WASHINGTON, D.C.
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212-225-2086
jrosenthal@cgsh.com

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

August 20, 2020

VIA ECF

The Honorable Vernon S. Broderick
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007
BroderickNYSDChambers@nysd.uscourts.gov

        Re:    *Vale S.A. v. BSG Resources Limited*, No. 19-cv-3619

Dear Judge Broderick:

      We collectively write on behalf of Petitioner Vale S.A. ("Vale") and Respondents William Callewaert and Malcolm Cohen in their capacity as joint administrators (together, the "Joint Administrators") for BSG Resources Limited (in administration) ("BSGR") to raise a discovery dispute related to Vale's discovery requests served on June 26, 2020 (the "Discovery Requests"). Pursuant to Fed. R. Civ. P. 37(a)(1), the parties last met and conferred on August 14, 2020 regarding the Discovery Requests. Because Vale and the Joint Administrators have failed to reach an agreement, Vale now moves to compel the Joint Administrators to produce documents responsive to Vale's Discovery Requests. Pursuant to Rule 3 of Your Honor's Individual Rules and Practices in Civil Disputes, the parties set forth their respective positions concerning the discovery dispute, as follows:

## I. Vale's Position

      Vale respectfully requests that the Court order the Joint Administrators to produce documents responsive to the Discovery Requests, which were due on July 27, 2020 (and were extended by Vale to August 3, 2020) and are highly relevant to execution of Vale's judgment against BSGR in the amount of $2,172,833,761.15. See Judgment, ECF 51. There is no dispute about Vale's entitlement to discovery under Fed. R. Civ. P. 69(a)(2) to assist in the collection of its $2 billion judgment.[1]

---

[1] "[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012); see also, e.g., Republic of Argentina v. NML Capital, Ltd., 573 U.S. 134, 138 (2014) (explaining that "[t]he rules governing discovery in postjudgment execution proceedings are quite permissive" and afford creditors liberal discovery).

The Honorable Vernon S. Broderick
Page 2

The Joint Administrators' sole excuse for defaulting on their discovery response deadline – without seeking any relief from the Court – is that they may be relieved of their duties as administrators of BSGR by the Guernsey Court overseeing the administration.[2] The discharge of the administration has been contested by BSGR's parent, and while the Joint Administrators can resign if they no longer wish to fulfill their obligations, they have declined to do so. As such, there is no basis whatsoever for the Joint Administrators to refuse to comply with their legal duties. Indeed, the Joint Administrators refuse even to offer a future date by which they will comply should the administration not be discharged.

In light of their refusal, Vale respectfully requests that this Court enter an order compelling the Joint Administrators to respond to the Discovery Requests and setting a deadline for such compliance.[3] The Discovery Requests are proper and highly relevant to assist Vale in collection on its judgment[4] and prompt compliance is necessary to avoid further prejudice to Vale. While the Joint Administrators bear the burden to demonstrate that Vale's requests are either irrelevant or unduly burdensome,[5] they have never raised a single objection other than ignoring the Discovery Requests.

Rather than objecting to a single specific request, the Joint Administrators have generally asserted in correspondence to Vale that responding to the requests would be a "inefficient waste of resources," because (i) they lack the funding needed to comply, see ECF 52 at 2; ECF 54 at 2, and (ii) a response could somehow prejudice the Liquidators who may eventually replace them if the administration is discharged. As an initial matter, neither the Joint Administrators nor their counsel are excused from their discovery obligations simply by pointing to a lack of funding; indeed, were it otherwise, nearly every judgment debtor would claim such excuse.[6]

Even were BSGR's parent, Nysco, to have the right to delay enforcement discovery by simply starving the Joint Administrators of funding it had promised, when it adjourned the August

---

[2] On July 23, 2020, the Joint Administrators filed an Application for Discharge of Administration Order and For Ancillary Orders (the "Discharge Application") with the Royal Court of Guernsey (the "Guernsey Court"), seeking to be discharged as administrators of BSGR's estate and requesting to vacate their office. That same day, Vale submitted an application for compulsory liquidation of BSGR and nominated Alvarez & Marsal Europe LLP as liquidators of BSGR ("Liquidators"). On July 28, 2020, the Guernsey Court adjourned decision for two weeks to allow notice to Nysco Management Corp. ("Nysco"), BSGR's parent company, and Standard Chartered, which hearing was subsequently adjourned two more weeks until August 25, 2020. Nysco opposed the Discharge Application and has requested a further adjournment.

[3] See Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC, No. 16-mc-0340 (CM), 2016 WL 6208288, at *4 (S.D.N.Y. Oct. 18, 2016) ("If the judgment debtor or third party does not respond to discovery demands, a plaintiff is entitled to move for an order compelling a response.").

[4] For example, Vale requests documents "concerning bank accounts held in any BSG Entity's name," Request No. 2, and "valuing any assets of BSGR," Request No. 3, which are indisputably relevant to identifying executable assets. See, e.g., Star Fabrics, Inc. v. Gogo Apparel, Inc., No. 19-MC-144 (JMF), 2019 WL 3302610, at *1 (S.D.N.Y. July 23, 2019) (granting motion to compel discovery in aid of enforcing a judgment, finding "[i]nformation related to Defendant's financial assets is plainly relevant").

[5] See, e.g., State Farm Mut. Auto. Ins. Co. v. Fayda, No. 14-civ-9792 (WHP)(JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (opining that "the party resisting discovery has the burden of showing undue burden or expense").

[6] See, e.g., United Parcel Serv. of Am., Inc. v. The Net, Inc., 222 F.R.D. 69, 71 (E.D.N.Y. 2004) (noting that "a party is not usually excused from bearing the cost of responding to a discovery request simply because of a financial hardship"); In re Cuddy, 322 B.R. 12, 18 (D. Mass 2005) (explaining that "[t]he failure of a client to pay for his services does not relieve a lawyer of his duty to perform them *completely and on time*" unless and until the lawyer is relieved of those duties by the court) (emphasis added) (internal citation omitted).

11, 2020 hearing, the Guernsey Court inquired of the Joint Administrators how much funding was needed to cover the costs of the administration during the period of adjournment and then ordered Nysco to pay that full amount. See ECF 54 at 2. We understand that Nysco has subsequently made that payment and, therefore, either the Joint Administrators have the funding they need to comply with their discovery obligations or made the conscious decision not to request such costs when afforded the opportunity to do so by the Guernsey Court.

Moreover, the Joint Administrators are selectively using the funding excuse to choose which battles to fight and which to avoid. They recently represented to the Guernsey Court that they have not been funded since October 2019 and yet since then, the Joint Administrators have actively battled Vale in multiple courts, including this Court and the U.S. Bankruptcy Court for the Southern District of New York where they are seeking Chapter 15 recognition of the Guernsey administration and have engaged in extensive document and deposition discovery and litigated multiple disputes before both Judge Lane and retired Judge Gropper (appointed as Discovery Neutral) since last October. Even worse, this past February, the Joint Administrators negotiated a stipulation approved by Your Honor in which Vale agreed to wait 90 days to serve them with execution discovery. See ECF 50 ¶ 5. Had the Joint Administrators advised Vale or the Court that they had not received funding from Nysco for four months and would not respond to discovery requests absent such funding, Vale would have asked the Court to address it at that time rather than agreeing to wait 90 days.

Further, in communications with us (and the Court) thus far, the Joint Administrators have never attempted to demonstrate how responding to the long overdue Discovery Requests "could prejudice the rights and positions of the Liquidator." ECF 54 at 2. To the contrary, the Joint Administrators state that they "anticipate that the Liquidator will wish to ensure that it fully complies with the [Discovery] Request[s]." Id.

Finally, the Joint Administrators' continued refusal to comply with their discovery obligations puts Vale at serious risk of irreparable harm in its ability to enforce its judgment. Discovery in the Bankruptcy Court has produced a significant, continuing record of dissipation of BSGR's assets for the benefit of its present and former managers and shareholders, which the Joint Administrators have failed to prevent (or, in some circumstances, even learn of). Along with the Joint Administrators' other failures in their conduct of the administration, these acts of dissipation were documented in a 35-page letter that Vale wrote to the Joint Administrators and subsequently submitted to the Bankruptcy Court (the "Dissipation Letter"). As the Joint Administrators have abandoned their prior claim of confidentiality, Vale would be pleased to submit the Dissipation Letter to the Court should Your Honor so desire. That letter underscores the prejudice Vale faces from continued delay in the Joint Administrators' compliance with the Discovery Requests, some of which are directed specifically at discovering BSGR's efforts to dissipate and conceal assets.

For all the reasons detailed above, the Court should compel the Joint Administrators to produce responsive documents without further delay.

II.   **The Joint Administrators' Position**

The Joint Administrators refer Your Honor to letters submitted at Docket Nos. 52 and 54 (the "Joint Administrators' Letters"). The Joint Administrators' Letters are intended to update this

Court with respect to material developments in BSGR's Guernsey administration and explain why it would be against the interests of BSGR's creditors for the Joint Administrators' to be required to respond to the Discovery Requests.

The Discovery Request include 75 separate document requests addressing topics well beyond the identification of BSGR's current assets. In many instances, the Discovery Requests seek materials going back over 10 years or concern individuals and companies unaffiliated with BSGR. Based on recent experience responding to Vale's similarly broad document requests served in the Bankruptcy Court, the Joint Administrators estimate that the costs of responding to the Discovery Requests could more than double those incurred in the Bankruptcy Court (amounting to several million dollars).

Given the lack of funding for the administration, any response to the Discovery Requests should be deferred pending the imminent discharge of the Joint Administrators and the replacement of a successor liquidator. To require the Joint Administrators respond immediately to the Discovery Requests would simply waste BSGR's assets. Whereas the Joint Administrators would at the present time be expected to object to many, if not all, of the specific document requests, the Joint Administrators anticipate that a successor liquidator, chosen and funded by Vale, may take alternative or contrary positions. Thus, any immediate work performed by the Joint Administrators with regard to the Discovery Requests would add significant claims against the estate without providing any value.

The developments in Guernsey concern parallel applications submitted to the Guernsey court: (i) the Joint Administrators' Discharge Application, and (ii) Vale's application for the appointment of a liquidator for BSGR (the "Liquidator Application" and, together with the Discharge Application, the "Guernsey Applications"). The Guernsey Applications are currently scheduled to be heard on August 25, 2020 (the "August 25 Hearing"), at which time the Joint Administrators presently expect the Guernsey court is likely to discharge the administration and appoint the liquidator for BSGR chosen by Vale.

The Joint Administrators have had no access to funding for many months due to the failure of Nysco Management Corp. ("Nysco") to satisfy its obligation to fund BSGR's administration.[7] While the Joint Administrators have continued to pursue their mandate notwithstanding Nysco's failures, this circumstance has become untenable. Absent funding of past costs and commitments for future expenditures, the Joint Administrators determined that they are no longer able to fulfil the purpose of the Guernsey administration.[8]

On June 26, 2020, Vale delivered to the Joint Administrators a letter detailing Vale's purported grievances with regard to the conduct of the administration (the "June 26 Letter"). On the same day, apparently as a pressure tactic, Vale propounded the Discovery Requests upon the Joint Administrators, or any successor with responsibility for the administration or liquidation of

---

[7] The outstanding costs and expenses exceed an aggregate $4 million and date as far back as December 2019. A significant proportion of these costs relate to the Joint Administrators' extensive efforts to respond to Vale's sweepingly broad discovery taken in the Bankruptcy Court which, like the instant Discovery Requests, went well beyond the matters actually at issue.

[8] Of course, should such funding be made available, however, the Joint Administrators' professional view is that the purpose of the Guernsey administration could still be achieved.

The Honorable Vernon S. Broderick
Page 5

BSGR (a "Successor"). The Joint Administrators deny every allegation against them made by Vale in its June 26 Letter. However, in light of Nysco's funding failures (whatever the reason), the Joint Administrators determined to seek a discharge of the administration and made their intentions known to Vale on or about July 16, 2020. In order to prevent any risk that the operations of BSGR could be returned to prior management, the Joint Administrators agreed to submit their Discharge Application in parallel with Vale's Liquidator Application.[9]

The Guernsey Applications were scheduled to be heard on July 28, 2020 (the "July 28 Hearing"). Importantly, Vale expressly requested that no notice of the Guernsey Applications be provided to BSGR's creditors including Nysco. The Joint Administrators expressed concern to Vale that the Guernsey court would not consider the Guernsey Applications in this manner, but ultimately acceded to Vale's request. Unsurprisingly, at the July 28 Hearing, the Guernsey court determined to adjourn its consideration of the Guernsey Applications to August 11, 2020 to allow for notice to two additional interested parties: Nysco (being a creditor and the shareholder of BSGR) and Standard Chartered Bank (a secured creditor of BSGR). Had proper notice been provided, it is conceivable that the Guernsey Applications would have been approved at the July 28 Hearing. Instead, counsel to Nysco submitted letters to the Guernsey court indicating that Nysco intended to challenge the Guernsey Applications. As a result, the Guernsey court, at the August 11 Hearing, further adjourned the hearing to the August 25 Hearing to allow Nysco to raise any objections to the Guernsey Applications.[10]

The Guernsey court also ordered Nysco to submit by August 20, 2020 further evidence and argument regarding its willingness and ability to fund the administration thereafter. Nysco timely submitted such evidence. Notwithstanding these submissions, at this time the Joint Administrators remain intent on continuing with the Discharge Application. A further interlocutory hearing is scheduled for August 21, 2020 at which the Joint Administrators expect that the Guernsey court will determine whether the Guernsey Applications should proceed at the August 25 Hearing (as the Joint Administrators expect), or instead whether that hearing should be further adjourned to September 15, 2020 as requested by Nysco.

Regardless of when the Guernsey Applications are heard, the Joint Administrators presently expect that a transition of responsibilities to a liquidator is imminent. The Joint Administrators should therefore not be compelled at this time to respond to the Discovery Requests as (i) they lack adequate funding to do so, and (ii) any response or objection (or, correspondingly, lack of response or objection) could prejudice the rights and positions of the Liquidator and (iii) it would cause detriment to the creditors of BSGR as a whole through duplication of work and/or become a waste of resources should the liquidator choose to follow a different approach.

---

[9] By the Liquidator Application, Vale seeks the appointment of a liquidator of its choosing (a "Liquidator"). The Joint Administrators did not feel it appropriate to consent to the Liquidation Application as BSGR's agents. BSGR is the proper respondent to Vale's Liquidation Application and its shareholder asserts that BSGR is potentially solvent, depending on the outcome of various litigation matters. Further, the Joint Administrators would technically be discharged from office at the time the Guernsey court would be deciding on the Liquidation Application.

[10] In the meantime, the Guernsey court held an interlocutory hearing on August 14, 2020 and thereafter ordered Nysco to fund an amount equal to $290,000 to bridge limited costs and expenses of the administration until the August 25 Hearing. Nysco made that payment on August 19, 2020.

Thank you for your Honor's consideration.

Dated: August 20, 2020
New York, New York

                                      Respectfully submitted,

                                      */s/Jeffrey A. Rosenthal*
                                      Jeffrey A. Rosenthal
                                      jrosenthal@cgsh.com
                                      Lisa M. Schweitzer
                                      lschweitzer@cgsh.com
                                      Lisa Vicens
                                      evicens@cgsh.com
                                      CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                      One Liberty Plaza
                                      New York, New York  10006
                                      T: 212-225-2000
                                      F: 212-225-3999

                                      *Counsel for Vale S.A.*


                                      */s/Frederick D. Hyman*
                                      Frederick D. Hyman
                                      RHyman@duanemorris.com)
                                      Jarret P. Hitchings
                                      JPHitchings@duanemorris.com)
                                      DUANE MORRIS LLP
                                      1540 Broadway
                                      New York, New York  10036
                                      T: 212-692-1000
                                      F: 212-692-1020

                                      *Counsel for BSG Resources Limited (in administration)*