# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

D: +1 212-225-2086
jrosenthal@cgsh.com

THOMAS J. MOLONEY
RICHARD S. LINCER
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM

MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO

HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
AROM M. ZUCKERMAN
RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
LAURA BAGARELLA
SHIRLEY M. LO
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W. S. YUDIN
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

September 2, 2020

VIA ECF

The Honorable Vernon S. Broderick
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007
BroderickNYSDChambers@nysd.uscourts.gov

Re:  *Vale S.A. v. BSG Resources Limited,* No. 19-cv-3619

Dear Judge Broderick:

We collectively write on behalf of Petitioner Vale S.A. ("Vale") and Respondents Malcolm Cohen and William Callewaert in their capacity as joint administrators (together, the "Joint Administrators") for BSG Resources Limited (in administration) ("BSGR") to provide the Court with an update regarding the discovery dispute relating to Vale's discovery requests served on June 26, 2020 (the "Discovery Requests"), in accordance with Your Honor's Order earlier today. ECF 56. This dispute was first raised with Your Honor via joint letter dated August 20, 2020 (the "Joint Letter"). See ECF 55. In that letter, Vale moved to compel the Joint Administrators to produce documents responsive to Vale's Discovery Requests.

## I.  Vale's Position

In the Joint Letter, the Joint Administrators advanced a single argument to oppose Vale's motion to compel and justify their failure to meet their discovery obligations: "the imminent discharge of the Joint Administrators and the replacement of a successor liquidator." Joint Letter at 4. The Joint Administrators assured the Court that the application to discharge them was "currently scheduled to be heard on August 25, 2020 (the "August 25 Hearing"), at which time the Joint Administrators presently expect the Guernsey court is likely to discharge the administration and appoint the liquidator for BSGR chosen by Vale." Id.

The Honorable Vernon S. Broderick, p. 2

At the August 25 Hearing, the Joint Administrators resiled from their unconditional request to be discharged and requested (and were granted) a further adjournment to today to negotiate additional funding from Nysco (BSGR's parent company, owned by Beny Steinmetz, which has been stripping BSGR of assets for years, both before and subsequent to the appointment of the Joint Administrators).  At today's hearing, the Guernsey Court further adjourned the hearing until September 8, 2020, pending its further consideration of the administration's funding.

It seems that notwithstanding the numerous compelling reasons for the Joint Administrators to discharge the administration, their application had a different goal:  (i) to leverage the threat of the administration being discharged to persuade Nysco to provide them with additional funding and (ii) to provide an excuse for their decision not to comply with their undeniable discovery obligations before this Court and the Bankruptcy Court.

While the Joint Administrators' excuses for refusing to comply with their discovery obligations were never valid to begin with, they are undeniably in contempt of their obligations now.  Indeed, they are unwilling even to attempt to justify themselves to us. Pursuant to Fed. R. Civ. P. 37(a)(1), and in accordance with Your Honor's Individual Rules and Practices in Civil Disputes, Vale's counsel most recently requested a telephonic meet and confer with counsel for the Joint Administrators on August 27, 2020.  The Joint Administrators' counsel declined to do so because they "s[aw] little merit in any further meetings."[1]

In the Joint Letter, the Joint Administrators questioned the timing of the Discovery Requests, accusing Vale of serving them "as a pressure tactic."  Joint Letter at 4.  This ignores the indisputable record; Vale had been waiting many months to serve the Discovery Requests, but at the Joint Administrators' insistence, Vale executed a stipulation approved by the Court requiring Vale to wait until June 2020 before propounding requests.

The Joint Administrators' only explanation for their non-compliance other than the pendency of the discharge application is that they have not been reimbursed for their expenses by Nysco since December 2019.  Joint Letter at 4, n.7.  In light of these representations, we confronted the Joint Administrators and they admitted to us that they and Duane Morris have received multiple payments this year totaling well over $1 million.  Because of confidentiality considerations, we are not attaching the Joint Administrators' letter detailing each one of those payments, but invite the Joint Administrators to submit it to Your Honor since they obviously would not have the same obstacle with respect to their own letter.

Of course, irrespective of Nysco's funding, judgment debtors cannot ignore their discovery obligations because they are impoverished.  Moreover, the Joint Administrators themselves have money and they are represented by counsel in these proceedings.  Presumably on their expectation that they will ultimately have a claim against BSGR's estate and receive payment, the Joint Administrators have declined to resign their role as Joint Administrators on account of Nysco's alleged failure to fund their expenses (as they indisputably have a right to do), and their counsel likewise has elected to remain counsel of record in this action.  Therefore, the Joint Administrators have no excuse to decline to perform their obligations under the Federal

---

[1]     Email from Frederick Hyman to Jeffrey Rosenthal, dated August 28, 2020.

The Honorable Vernon S. Broderick, p. 3

Rules of Civil Procedure.  Their conduct in unilaterally refusing to do so without even so much as seeking a stay from this Court is, frankly, sanctionable.

Accordingly, Vale requests that the Court set a prompt deadline for BSGR's compliance with the Discovery Requests, including production of all documents.

## II.     The Joint Administrators' Position

The Joint Administrators refer Your Honor to letters submitted on behalf of the Joint Administrators at Docket Nos. 52 and 54 (the "Joint Administrators' Letters") and the Joint Letter.  In this letter, the Joint Administrators would like to provide an update on further developments in BSGR's Guernsey administration.  In short, the Joint Administrators continue to advocate for their application to discharge the Guernsey administration (the "Discharge Application") yet due to circumstances beyond their control and despite numerous hearings before Guernsey court, the hearing on the application has been adjourned to September 8, 2020.

In fact, a further adjourned hearing took place today in Guernsey with regard to the parallel applications before the Guernsey court:  (i) the Joint Administrators' Discharge Application, and (ii) Vale's application for the appointment of a liquidator for BSGR (the "Liquidator Application" and, together with the Discharge Application, the "Guernsey Applications").  As Your Honor is aware, these matters were originally scheduled to be heard on July 28, 2020 but were adjourned to August 11, 2020 to allow for notice to two additional interested parties, including Nysco Management Corporation ("Nysco").[2]  Counsel to Nysco later submitted letters to the Guernsey court indicating that Nysco intended to present evidence to make representations to the Guernsey court and ultimately to challenge the Guernsey Applications.  Given Nysco's stated intentions, at the August 11 hearing the Guernsey court further adjourned the hearing to August 25 to allow Nysco to raise any objections to the Guernsey Applications.  In the interim, the Guernsey court held an interlocutory hearing on August 14 for the purpose of considering (a) evidence submitted on short notice by Nysco regarding its willingness and ability to fund the administration going forward, and (b) the Joint Administrators' proposal that Nysco provide limited funding to cover the necessary costs of the administration during the period of the adjournment until the August 25 Hearing.  The Guernsey court ordered Nysco to fund an amount equal to $290,000 to bridge limited costs and expenses of the administration until the August 25 Hearing.[3]

The Guernsey court also ordered that Nysco had until August 20 to file any evidence and argument in response to the Guernsey Applications. Nysco submitted such evidence, including affidavits describing (i) the funding arrangement by which Nysco proposes to address outstanding amounts owed to the Joint Administrators and their professionals, and (ii) the reasons Nysco believes BSGR can be returned to solvency and hence achieve the court-ordered purpose of the administration. The Guernsey court further ordered that Vale and the Joint Administrators respond to Nysco's evidence by August 24.  Both Vale and the Joint Administrators submitted responses. Significantly, in their submission, the Joint Administrators made clear that they *wished to proceed*

---

[2] Had proper notice been provided by Vale, it is conceivable that the Guernsey Applications would have been determined by the Guernsey court at the July 28 hearing and the Joint Administrators discharged

[3] Nysco made that payment on August 19, 2020.

The Honorable Vernon S. Broderick, p. 4

*with the Discharge Application* at the August 25 hearing as the evidence which Nysco had submitted did not address the funding issues to the Joint Administrators' satisfaction.

The Discharge Application was heard in part on August 25, but due to the hour of the day, was adjourned until this afternoon, September 2, 2020.[4] *Importantly, the Guernsey court did not require, and has not required, Nysco to provide any additional funding beyond the $290,000 previously advanced for the period through August 25.* Accordingly, the compensation for all of the continued efforts of the Joint Administrators and their professionals remain at risk.

I am advised that at this afternoon's hearing, the Guernsey court further adjourned the hearing on the Guernsey Applications to September 8, 2020. The court imposed two conditions on the adjournment. First, the court asked that Vale and the Joint Administrators (if they choose to do so) submit expert evidence on English arbitration law with regard to Nysco's assertions that the LCIA arbitration with Vale can be re-opened on the basis of the new evidence. Second, the court asked that the Joint Administrators and Nysco continue to discuss Nysco's wherewithal and willingness to fund the administration, and whether there could be a combination of funding as may be agreed between Nysco and Vale. The court has also asked for an update on status of BSGR's cause of action against George Soros and certain of its affiliates and that the parties consider alternative funding arrangements to allow the continued prosecution of that action. The Guernsey indicated that it will not allow a gap between the end of the administration and the start of a liquidation, and accordingly, if it grants the Discharge Application at next week's hearing, it will then immediately hear the Liquidator Application thereafter.

Notwithstanding these delays, at this time the Joint Administrators remain intent on continuing with the Discharge Application subject to compliance with the conditions imposed by the Guernsey court as described above. At each opportunity before the Guernsey court, the Joint Administrators have pressed for an immediate determination of the Discharge Application. Yet, each hearing was adjourned *at the direction of the Guernsey court.* Regardless of when the Guernsey Applications are heard, the Joint Administrators presently expect that a transition of responsibilities to a liquidator is imminent. It is evident that the Joint Administrators are acting in compliance with the requirements of the Guernsey court, not due to their lack of desire that the administration be discharged, despite Vale's continued assertions otherwise.

*[remainder of page intentionally left blank]*

---

[4] That hearing proceeded in person for approximately an hour at which point the Guernsey court realised that its remote hearing technology (by which certain non-court parties were viewing the hearing) had stopped working. As a result, the Guernsey court adjourned for approximately 5 minutes to address the technology issue. During this break, counsel for the Joint Administrators was approached by counsel for Nysco, who relayed a message from his client regarding a potential resolution to the funding problem. As a result of this approach, counsel for the Joint Administrators then asked the Guernsey court for a 30 minute adjournment to enable discussions between Nysco and the Joint Administrators to take place, which the court granted.

The Honorable Vernon S. Broderick, p. 5

Thank you for Your Honor's consideration.

Dated:  September 2, 2020
New York, New York

Respectfully submitted,

_/s/ Jeffrey A. Rosenthal_____
Jeffrey A. Rosenthal
jrosenthal@cgsh.com
Lisa M. Schweitzer
lschweitzer@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York  10006
T: 212-225-2000
F: 212-225-3999

_Counsel for Vale S.A._

_/s/ Frederick D. Hyman_____
Frederick D. Hyman
RHyman@duanemorris.com)
Jarret P. Hitchings
JPHitchings@duanemorris.com)
DUANE MORRIS LLP
1540 Broadway
New York, New York  10036
T: 212-692-1000
F: 212-692-1020

_Counsel for BSG Resources Limited (in administration)_