**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

THOMAS J. MOLONEY
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
HOWARD S. ZELBO
DAVID E. BRODSKY
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE

CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES

RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

D: +1 212-225-2086
jrosenthal@cgsh.com

December 8, 2020

**APPLICATION GRANTED
SO ORDERED** /s/ Vernon Broderick
**VERNON S. BRODERICK
U.S.D.J.** 4/29/2021

Petitioner is directed to provide supplemental briefing in support of its request by May 14, 2021.

VIA ECF
The Honorable Vernon S. Broderick
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007
BroderickNYSDChambers@nysd.uscourts.gov

Re:   *Vale S.A. v. BSG Resources Limited,* No. 19-cv-3619

Dear Judge Broderick:

In accordance with Rule 3 of Your Honor's Individual Rules & Practices in Civil Cases, we write this letter on behalf of Vale S.A. ("Vale") to request that the Court order Benjamin (Beny) Steinmetz to respond to the discovery requests served on March 31, 2020 (the "Discovery Requests"). In addition to refusing to respond to the Discovery Requests, Steinmetz and his counsel have refused to participate in the submission of this letter to the Court.

As the Court is aware, Vale has a judgment in excess of $2 billion against BSG Resources Limited ("BSGR") arising from this Court's enforcement of an LCIA arbitration award that found that BSGR obtained a mining concession in the Republic of Guinea through bribery and corruption, and then induced Vale to enter into a joint venture through fraudulent misrepresentations that concealed its wrongdoing.

Vale has considerable evidence that Steinmetz is the alter ego of BSGR, evidence that is far in excess of the "at least some demonstration" standard required to entitle Vale to discovery from Steinmetz in the same manner as from BSGR. As described further below, Steinmetz, whose initials are in the name BSGR (B[eny] S[teinmetz] G[roup] R[esources]), exercised substantial control over and dominated BSGR, using it as a conduit to benefit himself and defraud Vale, including through personal fraudulent misrepresentations to Vale. While this letter focuses on an abbreviated set of representative examples to comply with the Court's five-page limit and does not include affidavits or exhibits, Vale respectfully requests the opportunity to present its more

The Honorable Vernon S. Broderick, p. 2

fulsome evidence and discussion of Steinmetz's alter ego relationship with BSGR and the legal consequences in a 25-page memorandum of law with an accompanying affidavit in light of the gravity and complexity of this issue.

## I. Background

On March 5, 2020, this Court entered judgment in favor of Vale against BSGR in the amount of $2,172,833,761.15. On March 31, 2020, Vale served the Discovery Requests on Steinmetz seeking information regarding BSGR's and Steinmetz's assets. Vale served Steinmetz through hand-delivery of the Discovery Requests at his home in Israel, and also provided him with copies by FedEx and email. Vale provided courtesy copies to a number of lawyers known to Vale as having represented Steinmetz on related matters. In light of the COVID-19 pandemic, Vale set an extended date of May 15, 2020 for responses and responsive documents to be produced. Steinmetz has acknowledged receipt of the Discovery Requests.

After waiting several additional months for Steinmetz to respond to the Discovery Requests, on October 9, 2020, Vale sent a letter to Steinmetz's New York-based counsel at Kobre & Kim LLP ("Kobre"), requesting to meet and confer on the Discovery Requests and explaining that if Steinmetz continued to refuse to engage, Vale would be required to write to Your Honor unilaterally requesting relief.[1] Kobre refused to engage, responding that they did not represent Steinmetz in connection with the Discovery Requests. On October 14, 2020, Steinmetz himself emailed counsel for Vale stating that he was aware of the Discovery Requests and Vale's letter to Kobre and asserting that he was not subject to this Court's jurisdiction and therefore was not required to respond to the Requests.

## II. Vale is Entitled to Discovery from Steinmetz, BSGR's Alter Ego

In federal and New York state courts, "broad post-judgment discovery in aid of execution is the norm."[2] Federal Rule of Civil Procedure 69(a) provides that a judgment creditor "may obtain discovery from *any person*" in aid of execution of a judgment. A judgment creditor is entitled to obtain discovery from a putative alter ego of the judgment debtor where there is "*at least some demonstration* of concealed or fraudulent transfers or alterego relationship with the judgment debtor" sufficient to warrant discovery.[3] That is, in order to obtain the requested discovery from

---

[1] Kobre represents Steinmetz in connection with his application for discovery from Vale pursuant to Section 1782 in connection with English litigation, which application is pending before the Hon. Alison J. Nathan. The same lawyers at Kobre also represent BSGR's parent, Nysco Management Corporation ("Nysco"), in connection with Vale's Section 1782 application seeking discovery from certain of Steinmetz's New York-based real estate partners, which was assigned to Judge Koeltl and was granted several months ago by Magistrate Judge Wang.

[2] EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012), aff'd sub nom. Republic of Argentina v. NML Capital, Ltd., 573 U.S. 134 (2014).

[3] GMA Accessories, Inc. v. Elec. Wonderland, Inc., No. 07 CIV. 3219 PKC DF, 2012 WL 1933558, at *5 (S.D.N.Y. May 22, 2012) (citation omitted) (emphasis added); SEC v. Verdiramo, No. 10 CIV. 1888 RMB, 2013 WL 5882918, at *2 (S.D.N.Y. Oct. 29, 2013) (finding there was "sufficient evidence presented *to suggest* that the [alter ego entities] may not be business pursuits operated independently of [defendant] Verdiramo") (emphasis added); see also Trustees of New York City Dist. Council of Carpenters Pension Fund et al. v. Port Parties, Ltd., No. 16 CIV. 4719 (KPF), 2018 WL 6061205, at *4 (S.D.N.Y. Nov. 20, 2018) (concluding there were "sufficient questions as to the existence of an alter ego relationship between [defendant] and [alleged alter ego] to warrant discovery" where plaintiff presented evidence that defendant and its alleged alter-ego shared ownership, employees, an address and telephone number, and that alleged alter ego referred to itself as the defendant's "successor").

The Honorable Vernon S. Broderick, p. 3

Steinmetz, Vale need only make a *prima facie* showing of Steinmetz's alter ego relationship with the judgment debtor, BSGR.  In this letter, Vale presents just a few examples of evidence of five veil piercing factors[4] that support a finding of a *prima facie* alter ego relationship between BSGR and Steinmetz.  We would welcome the opportunity to offer further evidence to the Court and thus if the Court is not fully satisfied with the sufficiency of this presentation, we request leave to submit supplemental briefing setting out such evidence, as well as additional legal authority supporting our Discovery Requests and the Court's jurisdiction to compel Steinmetz to respond.

   *1. Control.*  Steinmetz has long exercised control over BSGR through an elaborate web of corporate relationships, which are structured to allow him both to direct BSGR's corporate affairs and funnel the proceeds from BSGR's business to himself.[5]  Steinmetz has repeatedly characterized himself as a mere "external advisor" to BSGR, but the evidence refutes that claim.  Unsurprisingly, Bankruptcy Judge Lane has found that Steinmetz appears to be "the guy" for BSGR,[6] Magistrate Judge Wang has described him as the "founder and principal" of BSGR,[7] and Steinmetz's business associates have described him as the "big boss" and BSGR's "Number 1" in secret FBI wiretaps.[8]  Steinmetz has served as the lead negotiator and decision maker on many of BSGR's most significant deals, including the attempted settlement of BSGR's arbitration claim against the Republic of Guinea before the International Centre of Settlement Investment Disputes (the "ICSID Settlement"), which BSGR has described as one of its two most valuable assets.[9]  Steinmetz negotiated the settlement directly with the President of Guinea, Alpha Condé,[10] "holding himself out as BSG," and negotiating the deal with clear "apparent authority."[11]

---

[4]   Courts within the Second Circuit performing a veil piercing analysis under either New York state law or federal common law generally consider a non-exhaustive list of ten factors established in Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc., 933 F.2d 131, 139 (2d Cir. 1991).  In evaluating whether an *individual* is the alter ego of a corporation, courts have looked to the following seven factors: (1) the amount of business discretion displayed by the dominant individual, (2) commingling of assets or personal use of corporate funds, (3) non-arms' length transactions, (4) the absence of corporate formalities, (5) insolvency/inadequate capitalization, (6) the payment or guarantee of debts, and (7) overlap of ownership, officers, directors, and personnel.  Shantou Real Lingerie Mfg. Co., Ltd. v. Native Grp. Int'l, Ltd., 401 F. Supp. 3d 433, 440 (S.D.N.Y. 2018).

[5]   See id. at 442-43 (explaining that the dominating individual "had unfettered discretion with respect to the corporation and its business decisions" and that "he exercised sole decision-making authority for the corporation").

[6]   In re BSG Resources Limited, No. 19-11845 (SHL), Oct. 3, 2019 Hr'g Tr. at 14:3-11 ("I've yet to hear any dispute of the core facts about him [Steinmetz] being the guy, for lack of a more legal term.  And [the Joint Administrators] were appointed and that's nice, but they don't control him, pretty clearly if the allegations in the factual proffers that have been given to me, are evidence in terms of what he's doing or not doing on behalf of BSG, which is, after all, named for him.").

[7]   Order Granting Ex Parte Application, In re Application of Vale S.A., Vale Holdings B.V., and Vale International S.A. for an Order Pursuant to 28 U.S.C. § 1782, No. 1:20-mc-00199-JGK-OTW, ECF No. 45, at 2.

[8]   In re BSG Resources Limited, No. 19-11845 (SHL), ECF No. 46, Ex. A (Excerpts of Exhibit 3, Transcript of FBI Recordings at CGS&H pp. 134, 140).

[9]   See Atateks Foreign Trade Ltd. v. Private Label Sourcing, LLC, No. 07 CV 6665 (HB), 2009 WL 1803458, at *17 (S.D.N.Y. June 23, 2009), *aff'd*, 402 F. App'x 623 (2d Cir. 2010) (finding that alter ego Second Skin's control of the Private Label business was "undeniably clear" where defendant Second Skin's owner, Dente, negotiated with the relevant parties and attempted to "dictate the terms" of an agreement).

[10]   In re BSG Resources Limited, No. 19-11845 (SHL), ECF No. 46, Ex. O (Quand Nicolas Sarkozy joue les intermédiaires d'affaires, Le Monde (Aug. 23, 2019) (translated)).

[11]   In re BSG Resources Limited, No. 19-11845 (SHL), Oct. 3, 2019 Hr'g Tr. at 27:15-19.

The Honorable Vernon S. Broderick, p. 4

**2. *Siphoning of Corporate Funds.*** Steinmetz has used BSGR and its parent entities as conduits to siphon off corporate funds for his own personal benefit.[12] For example, the vast majority of the $500 million payment that BSGR fraudulently obtained from Vale was upstreamed immediately to Nysco, a corporation owned by Steinmetz's Liechtenstein foundation. A substantial portion of the funds were paid to Steinmetz's Liechtenstein foundation, and then withdrawn for the personal use of Steinmetz and his family. This included payments for Steinmetz's and his family's housing and living expenses and to fund Steinmetz's real estate company, Scorpio; some of the remainder was used to reward Steinmetz's close associates and related companies with bonuses.[13]

**3. *Non-Arms' Length Transactions.*** Steinmetz negotiated the ICSID Settlement to benefit himself personally by ensuring that most of its value would accrue to Niron, another entity closely tied to Steinmetz, rather than BSGR, and by obtaining Guinea's agreement to cease cooperation with Swiss criminal proceedings against Steinmetz.[14]

**4. *Overlap in Directors and Personnel.*** Steinmetz controls his assets through a complex web of shell companies, including BSGR, that share a small group officers and directors, including Steinmetz's close confidant Dag Cramer, as well as Peter Driver and Gregg Blackstock, each of whom has been an officer and/or director of at least a dozen Steinmetz entities.[15]

---

[12]    See C.A.B. v. Scottish-Am. Ass'n, Inc., 411 F. Supp. 883, 886-87 (E.D.N.Y. 1976) (explaining that "personal liability may be imposed where the individuals owning the corporation are 'shuttling their personal funds in and out of the corporations 'without regard to formality and to suit their immediate convenience,'" and finding that defendant alter ego "did shuttle" the corporation's funds "to cover personal expenses" of defendant's family) (citations omitted).

[13]    In re BSG Resources Limited, No. 19-11845 (SHL), ECF No. 46, Ex. D (Excerpts of Balda Foundation Documents at CGS&H p. 6, Oct. 15, 2010) (requesting a distribution from Balda "to support me with my housing cost and living expenses in general"); id. at CGS&H p. 8 (granting Steinmetz a $1 million distribution pursuant to his October 15, 2010 request); id. Ex. E (Excerpt of Balda Foundation Resolutions at CGS&H p. 52, Mar. 22, 2011) (Steinmetz requesting a USD$20 million distribution from Balda to "support me to assist Scorpio Real Estate (an Israeli company under my private ownership) with its commitments"); id. at CGS&H p. 51 (granting Steinmetz a $20 million distribution pursuant to his March 22, 2011 request); In re Application of Vale S.A., Memorandum of Law in Support Of Ex Parte Application For An Order Pursuant To 28 U.S.C. § 1782 To Conduct Discovery For Use In Foreign Proceedings, Ex. KK (S.D.N.Y. Apr. 24, 2020), ECF No. 2, ¶¶ 17, 20, 22-25.

[14]    In re BSG Resources Limited, No. 19-11845 (SHL), ECF No. 31, Ex. M (Daniel Balint-Kurti, Secret Dealings Tying UK Conservatives' CEO to Bribery Scandal Billionaire, Global Witness (May 3, 2019)); see Wm. Passalacqua Builders, Inc., 933 F.2d at 140 (finding that "corporations did not deal at arms length with each other" where a construction contract was negotiated between entities all affiliated and controlled by the same family).

[15]    Cramer and Driver are BSGR's sole directors. Cramer's current and former directorships of Steinmetz entities include Actium Management Services (UK) Limited, Amperion Power Distribution Company Limited, Bateman Engineering (Luxembourg) BV, Bateman International Projects BV, Benv NV, BF Capital Limited, BF Global Limited, Boroma Ltd, BSG Capital Markets PCC Limited, BSG Energy Ltd, BSG Real Estate Ltd, ConatusOne Limited, Gabriel Resources Ltd, Geregu Power Plc, Koidu Limited, Lubel Coal Company (UK) Ltd, Norn Verdandi Limited, Onyx Financial Advisors (UK) Limited, Onyx Resources Limited, and West African Power Limited. Driver's current and former directorships of Steinmetz entities include Boroma Ltd, BSG Capital Markets PCC Limited, BSG Energy Limited, BSG Engineering Limited, BSG Real Estate Ltd, BSG Resources (Guinea) Limited, Conatus Limited, Five Mounts Properties Limited, FMP (Setai) Limited, Kensdale India Global Services Private Limited, Koidu Limited, Lauder International Corp., Lenbro Holding Inc, Octea Diamonds Ltd, Octea Limited, Octea Mining Limited, Perla Limited, Thalassa Holdings Limited, TMI Limited, and West African Power Limited. Blackstock's current and former directorships of Steinmetz entities include 500 NMA Acquisition Co LLC, Alternex Limited, Amperion Power Distribution Company Ltd, Barkston Advisors GmbH, Bedrock Private Equity Limited, Bedrock Real Estate GP Sarl, Benv NV, BRPE TLG Holdings Sarl, BSG Real Estate Ltd, Celenor Ltd, Cologne Holdings Anstalt, Extro AG, FBNBank DRC SA, GBASL Limited, Highstreet German Real Estate BV, Highstreet

The Honorable Vernon S. Broderick, p. 5

*5. Insolvency/Inadequate Capitalization.* Shortly after BSGR transacted with Vale in 2010 and procured Vale's $500 million payment to participate in the mining project whose rights BSGR had obtained through bribery and corruption despite its and Steinmetz's representations to the contrary, BSGR described itself as "an international diversified mining company with operations in fourteen countries" with over eight thousand employees.[16] Since that time, and notwithstanding the substantial influx of capital from Vale, Steinmetz has siphoned funds from and dismantled BSGR's business to the point of having only two employees, and being inadequately capitalized and insolvent, leading up to its voluntarily filing for administration in 2018.

As the above factors demonstrate, there is plainly "at least some demonstration" that Steinmetz is the alter ego of the judgment debtor BSGR. As such, Vale is entitled to discovery from Steinmetz, and he should be compelled to respond to the Discovery Requests.

### III.   This Court has Personal Jurisdiction Over Steinmetz

Steinmetz's email asserts that this Court lacks personal jurisdiction over him. Whether or not this claim has merit (which it does not, although this does not appear to be an issue on which the Court need engage at this time), it ignores that because this Court undeniably has personal jurisdiction over the judgment debtor, BSGR, personal jurisdiction exists over its alter ego.[17] The standard for determining an alter ego relationship for *jurisdictional* purposes is essentially the same as described above to obtain discovery from a putative alter ego – the party asserting jurisdiction must simply make a prima facie showing of an alter ego relationship.[18]

For the foregoing reasons, Vale respectfully requests that the Court either issue an order to compel a discovery response to the Discovery Requests or grant Vale leave to submit supplemental briefing on this issue in order to put additional evidence, supporting exhibits and further legal authority before the Court.

---

Real Estate (Netherlands) BV, International Sports Holding GmbH, Invel Real Estate Lennon 2, Kaufhaus Immobilien Holding A Sarl, Kaufhaus Immobilien Holding B Sarl, KHF Kaiser-Jospeh Strasse 165 Beteiligung Sarl, Marinella Resort Italy Srl, Onyx Financial Advisors (UK) Limited, Perfectus 500 NMA Corp, Perfectus Real Estate Corp., SIGNA, SIGNA Sports IPCo GmbH, Spark Power Generation Limited, the KaDeWe Group Holding GmbH, and West African Power Limited. See Wm. Passalacqua Builders, Inc., 933 F.2d at 140 ("The Resnick corporations shared … essentially the same officers and directors, albeit in different permutations and combinations."); Motorola Credit Corp. v. Uzan, 274 F. Supp. 2d 481, 531 (S.D.N.Y. 2003), aff'd in part, vacated in part, remanded, 388 F.3d 39 (2d Cir. 2004) ("As a general matter, the Uzans ensure family control of the companies in their enterprise by appointing members of their family to positions on the boards of directors of these companies.").

[16]   See BSGR, Beny Steinmetz v. FTI Consulting LLP, Lord Mark Malloch-Brown, Particulars of Claim [2013] EWHC (QB) at 3.

[17]   Indeed, BSGR did not contest or object to this Court's jurisdiction in the enforcement action, which led to entry of the underlying judgment. See Wm. Passalacqua Builders, Inc., 933 F.2d at 142-43 (affirming district court's conclusion that it possessed personal jurisdiction "if the plaintiffs … can prove [that] the defendants are in fact the alter ego" of parties); SEC v. Montle, 65 F. App'x 749, 752 (2d Cir. 2003) ("If personal jurisdiction exists over an individual, personal jurisdiction exists also over his or her corporate alter ego.").

[18]   GEM Advisors, Inc. v. Corporacion Sidenor, S.A., 667 F. Supp. 2d 308, 320 (S.D.N.Y. 2009) (finding *prima facie* showing of jurisdiction satisfied where alleged facts supported "a conclusion that there is complete common ownership and control between the companies and that there is no separate operation between them"); see also id. at 319 ("'Establishing the exercise of personal jurisdiction over an alleged alter ego requires application of a less stringent standard than that necessary to pierce the corporate veil for purposes of liability.'") (citation omitted).

The Honorable Vernon S. Broderick, p. 6

Thank you for Your Honor's consideration.

                                    Respectfully submitted,

                                    */s/ Jeffrey A. Rosenthal*
                                    Jeffrey A. Rosenthal
                                    jrosenthal@cgsh.com
                                    Lisa M. Schweitzer
                                    lschweitzer@cgsh.com
                                    Lisa Vicens
                                    evicens@cgsh.com
                                    CLEARY GOTTLIEB STEEN &
                                    HAMILTON LLP
                                    One Liberty Plaza
                                    New York, New York  10006
                                    T: 212-225-2000
                                    F: 212-225-3999

                                    *Counsel for Vale S.A.*