# Exhibit 3

19-11845-shl Doc 54-1 Filed 09/18/19 Entered 09/18/19 16:21:36 Exhibit
Exhibit A - Declaration of William Callewaert Pg 2 of 9

Case 1:19-cv-03619-VSB Document 74-3 Filed 05/14/21 Page 2 of 9

DUANE MORRIS LLP
Frederick D. Hyman (NY 2553832)
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1000
RHyman@duanemorris.com

-and-

Jarret P. Hitchings (DE 5564)
222 Delaware Avenue, Ste. 1600
Wilmington, Delaware 19801
Telephone: (302) 657-4952
JPHitchings@duanemorris.com

*Attorneys for William Callewaert and Malcolm Cohen
in their capacity as Joint Administrators and Foreign Representatives
for the Debtor BSG Resources Limited (in administration)*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| BSG RESOURCES LIMITED (in administration), | Case No. 19-11845 (SHL) |
| Debtor in a Foreign Proceeding. | |

**DECLARATION OF WILLIAM CALLEWAERT**

I, William Callewaert, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. I am a Business Advisory Director at BDO Limited. I am an individual over the age of eighteen and, if called upon, could testify to all matters set forth in this Declaration.

2. I hold a Bachelor of Laws degree from the University of Durham. I am a Fellow of the Institute of Chartered Accountants in England and Wales and have eleven years of international insolvency and restructuring experience.

19-11845-shl    Doc 54-1    Filed 09/18/19    Entered 09/18/19 16:21:36    Exhibit
Exhibit A - Declaration of William Callewaert    Pg 3 of 9

Case 1:19-cv-03619-VSB    Document 74-3    Filed 05/14/21    Page 3 of 9

3. Along with Malcolm Cohen, a partner at BDO LLP (together with its affiliates, "BDO"), I am one of the joint administrators for BSG Resources Limited (in administration) (the "Debtor") in a proceeding under Part XXI of the Companies (Guernsey) Law, 2008 (the "Guernsey Administration"), pending before the Royal Court of Guernsey (Ordinary Division) (the "Guernsey Court"). Guernsey is one of three crown dependencies located off the coast of Great Britain.[1]

4. On March 6, 2018, upon an application made by the Debtor acting by its directors at that time, the Guernsey Court issued a *Court Order* commencing the Guernsey Administration and, among other things, appointing Mr. Cohen and me as Joint Administrators of the Debtor. Shortly thereafter, the Guernsey Court issued a *Court Order* dated March 21, 2018, whereby it confirmed that it has administered to me and Mr. Cohen the affirmation of Joint Administrator, each with the power to act alone. The March 6 and March 21, 2018 orders are collectively referred to as the "Guernsey Administration Order" and are annexed to the Verified Petition (defined below) as Exhibit A. On 3 June 2019 the Joint Administrators authorized the Debtor to file a petition for recognition of the Guernsey Administration as a foreign proceeding (this "Chapter 15 Case") with the United States Bankruptcy Court for the Southern District of New York (this "Court").

5. I submit this declaration (the "Declaration") in support of the letter being submitted to the Honorable Sean Lane in the above-referenced Chapter 15 Case in response to a letter brief which Vale S.A. ("Vale") submitted to the Court on September 10, 2019 (the "Vale Letter"). I am familiar with *Vale S.A.'s First Request for Production of Documents to the Joint Administrators*

---

[1] The other two being Jersey and the Isle of Man.

19-11845-shr Doc 54-1 Filed 09/18/19 Entered 09/18/19 16:21:36 Exhibit
Exhibit A - Declaration of William Callewaert    Pg 4 of 9

Case 1:19-cv-03619-VSB   Document 74-3   Filed 05/14/21   Page 4 of 9

*Pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure* (the "Request"), as well as the Joint Administrators' ongoing efforts to respond thereto.

6. In my capacity as Joint Administrator of the Debtor, I, either directly, or through my Joint Administrator or through members of my staff working under my supervision and control, am familiar with the Debtor's history, operations, assets, financial condition, business affairs, and books and records.

7. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information and analysis prepared for me by staff working for the Joint Administrators on the Guernsey Administration, information supplied to me or verified by members of the Debtor's management or professionals retained by the Debtor both prior to and since my appointment, my review of relevant documents, and/or my opinion based upon my experience and knowledge of the Debtor's operations and financial condition.

I.  **The Authority of the Joint Administrators**

8. The authority to manage the affairs, business and property of BSGR lies solely with the Joint Administrators. We owe independent duties to both the Guernsey Court and the stakeholders of the Debtor and have a duty to maximize the assets available to the Debtor and its creditors. We have at all relevant times been clear with the Debtor's former management that they are precluded from taking any actions in such a way as to interfere with the performance by the Joint Administrators of their functions without the Joint Administrators' express consent.

9. The Joint Administrators are independent and do not act in accordance with any instructions of any third party, including, but not limited to the Debtor's management or its corporate parent, Nysco Management Corporation ("Nysco"). The funding arrangement between the Debtor and Nysco, its 100% shareholder, does not change the fact that we do not act in accordance with the instructions of any third party or the Company's former management. The

3

19-11845-shl Doc 54-1 Filed 09/18/19 Entered 09/18/19 16:21:36 Exhibit
Exhibit A - Declaration of William Callewaert Pg 5 of 9

Case 1:19-cv-03619-VSB Document 74-3 Filed 05/14/21 Page 5 of 9

key consideration for administrators when obtaining funding is whether the terms on which such funding is provided are commercially reasonable and that the level of funding is sufficient to meet the anticipated costs and expenses of the administration. In this case, funding was obtained from Nysco on terms which the Joint Administrators are satisfied are commercially reasonable when compared to the terms upon which alternative funders, if any could have been identified, may have been willing to provide funding to BSGR. Such funding has provided the Joint Administrators with funds to meet the costs and expenses of the Guernsey Administration. The fact that Nysco is connected to BSGR is irrelevant provided that those conditions have been met.

10. The Joint Administrators are producing documents responsive to the Request, which are within their possession, custody or control. Data has been forensically collected from the following sources and locations:

- The Joint Administrators' document management system (BDO's "DMS");
- Emails from a dedicated BSGR mailbox maintained by BDO;[2]
- The email mailboxes of the Joint Administrators;
- BSGR's email system (administered by a third party vendor in Guernsey);[3]
- BSGR's network-attached storage file system (administered by a third party vendor in Guernsey);[4] and
- BSGR's web-based platform file system (administered by a third party vendor in Guernsey).[5]

---

[2] This is a dedicated email address maintained by BDO for BSGR matters.

[3] This is the server supporting all @bsgresources.com email addresses. Email addresses on this server were issued to Daniel Pollak, Douglas Horrocks, Johan Van Der Braber, Malcolm Barnes, Owen Clemett, and Peter Driver.

[4] This system is a network-attached storage ("NAS") server, administered by a third party IT provider, that is physically located in a secure environment in Guernsey. It contains the Debtor's books and records pre-dating 2016 (approximately).

[5] This system is a secure web-based platform ("Sharepoint") administered by the same third party IT provider. It contains books and records created from approximately 2016 onwards. This platform contains pre- and post-administration records of the Debtor.

4

19-11845-shl Doc 54-1 Filed 09/18/19 Entered 09/18/19 16:21:36 Exhibit
Exhibit A - Declaration of William Callewaert    Pg 6 of 9

Case 1:19-cv-03619-VSB  Document 74-3  Filed 05/14/21  Page 6 of 9

Vale seeks the production of documents from, among other source, non-parties and non-BSGR email boxes and address. These documents are not in the possession, custody or control of the Joint Administrators.

## II. The Debtor's Relationship with Beny Steinmetz

11. The Vale Letter suggests that the Debtor and the Joint Administrators have a business relationship with Beny Steinmetz ("Steinmetz") and that this business relationship enables the Joint Administrators to compel Steinmetz to produce documents to them.

12. The Debtor and the Joint Administrators have no current business relationship with Steinmetz. Steinmetz is not an officer, director or employee of the Debtor or the Joint Administrators.

13. Steinmetz is not an agent of the Debtor or the Joint Administrators and is not otherwise authorized to take any actions or to enter into any agreements on their behalf.

14. The Vale Letter identifies alleged instances where Steinmetz acted on behalf of the Debtor. Most of these instances are historic. Some date as far back as 2010. They do not relate to any current business relationship with the Debtor or the Joint Administrators.

15. The only post-administration occasion where Vale argues that Steinmetz acted on behalf of the Joint Administrators relates to alleged attempts by Steinmetz to negotiate a settlement of the arbitration proceeding before the International Centre for Settlement of Investment Disputes ("ICSID") against the Republic of Guinea.

16. The Joint Administrators have never authorized Steinmetz to negotiate or to consummate any transaction (including, but not limited to any settlement of the ICSID proceeding) with the Republic of Guinea.

17. The Vale Letter attaches as exhibits newspaper articles which report that Steinmetz negotiated a settlement with the Republic of Guinea, the Vale Letter also suggests that Steinmetz

5

19-11845-shl    Doc 54-1    Filed 09/18/19    Entered 09/18/19 16:21:36    Exhibit
Exhibit A - Declaration of William Callewaert    Pg 7 of 9

Case 1:19-cv-03619-VSB    Document 74-3    Filed 05/14/21    Page 7 of 9

was acting on his own behalf and in his own self-interest and states "the deal itself bestows significant benefits on Steinmetz." Letter at 7.

18.  Neither the Debtor nor the Joint Administrators have ever ratified any agreement or settlement (including, but not limited to any settlement of the ICSID proceeding) which Steinmetz negotiated with the Republic of Guinea. In fact, upon learning of Steinmetz' negotiation and purported attempt to enter a settlement on the Debtor's behalf, the Joint Administrators made clear that they have sole authority to authorize such settlement and, to the extent the Joint Administrators determined the purported settlement is beneficial to the Guernsey Administration, required that the settlement memorandum of understanding be non-binding subject to further revision and negotiation by the Joint Administrators.

19.  On or about March 7, 2019, the Joint Administrators entered into a non-binding Settlement Term Sheet with the Republic of Guinea.  The Joint Administrators alone will decide whether there will be a final agreement, and their decision will be based upon their assessment of whether any final agreement is in the best interests of BSGR.  To be clear, no binding deal has been reached and none would be without the Joint Administrators being satisfied that such a deal is in the best interests of the Debtor and its creditors.

### III.  The Debtor's Business Relationship with Onyx

20.  The Vale letter states that "BSGR must produce documents in the possession, custody and control of Onyx, which <u>until recently</u> operated as BSGR's corporate 'back office' for all financial and administrative purposes." Letter at 12 (emphasis added).

21.  To the best of my knowledge, information and belief, BSGR has no current relationship with Onyx. The Joint Administrators have no relationship with Onyx.

22.  Onyx's documents are not in the possession, custody or control of BSGR or the Joint Administrators.

6

Case 1:19-cv-03619-VSB Document 74-3 Filed 05/14/21 Page 8 of 9
19-11845-shl Doc 54-1 Filed 09/18/19 Entered 09/18/19 16:21:36 Exhibit
Exhibit A - Declaration of William Callewaert Pg 8 of 9

## IV. The Debtor's Control Over Its Officers and Directors

23. The Joint Administrators have no control over BSGR's former officers and directors. The Joint Administrators have no practical ability to obtain their documents or email communications.

24. Similarly, the Joint Administrators do not have access to or control over the personal documents and emails of the Debtor's current directors.

[*Signature Page Follows*]

Case 1:19-cv-03619-VSB Document 74-3 Filed 05/14/21 Page 9 of 9
19-13645-smb Doc 34-1 Filed 09/18/19 Entered 09/18/19 16:21:36 Exhibit
Exhibit A - Declaration of William Callewaert Pg 9 of 9

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: 18 September 2019

_____
William Callewaert

*Joint Administrator and Foreign Representative for the Debtor BSG Resources Limited (in administration)*