UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALE S.A.,

              Petitioner,

-against-

BSG RESOURCES LIMITED,

              Respondent.

Case No. 19-cv-3619 (VSB) (RWL)

**ORDER ON MOTION TO COMPEL**

**HON. ROBERT W. LEHRBURGER, United States Magistrate Judge:**

On May 14, 2021, Vale S.A. ("Vale") submitted its Motion to Compel Compliance with the Discovery Requests served on Benjamin (Beny) Steinmetz As Alter Ego of BSGR (the "Motion"). The Motion seeks to compel Benjamin (Beny) Steinmetz ("Steinmetz") to respond to the discovery requests served on him on March 31, 2020 (the "Discovery Requests") in aid of execution of Vale's judgment of $2,172,833,761.15 against BSG Resources Limited ("BSGR") arising from this Court's enforcement of an LCIA arbitration award (the "Judgment") (ECF No.51). No opposition to the motion has been filed. On October 1, 2021, the matter was referred to me for determination. (ECF 81.)

Having considered the memorandum of law in support of the motion (ECF 73), the supporting declarations and exhibits thereto (ECF 74, 76), and the prior proceedings in this action, the Court finds that Vale has made a sufficient showing to establish that there is *prima facie* evidence that Steinmetz is BSGR's alter-ego and that Steinmetz must comply with discovery in aid of enforcement pursuant to Fed. R. Civ. P. 69(a).

Further, the Court finds that it has personal jurisdiction over Steinmetz based on Vale's *prima facie* showing that Steinmetz is the alter ego of BSGR, the judgment debtor.

1

*See In re Platinum and Paladium Antitrust Litigation*, No. 14 Civ. 9391, 2017 WL 1169626, at *46 (S.D.N.Y. March 28, 2017) (due process permits courts to exercise personal jurisdiction over an individual or a corporation where such person or entity is "an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court") (citing *Transfield ER Cape Ltd. v. Industrial Carriers, Inc.*, 571 F.3d 221, 224 (2d Cir. 2009); *D. Klein & Son, Inc. v. Good Decision, Inc.*, 147 F. App'x 195, 196-97 (2d Cir. 2005)); *Essar Steel Algoma Inc. v. Southern Coal Sales Corp.*, No. 17-Misc.-360, 2018 WL 6332900, at *5 (S.D.N.Y. Oct. 29, 2018) (adhering to principle that where personal jurisdiction exists over entity, and plaintiff asserts sufficient alter-ego allegations against another, then personal jurisdiction exists over the alter-ego). The Court also finds that there is personal jurisdiction over Steinmetz under New York's long-arm statute, N.Y. CPLR § 302(a)(1), in view of Steinmetz's significant activities in this District.

Accordingly, the Motion is GRANTED. Steinmetz shall provide written responses and all responsive documents to Vale's Discovery Requests no later than **November 10, 2021**. Vale is further authorized to issue and serve additional discovery requests on Steinmetz as may be necessary in aid of execution of the Judgment. Nothing in this Order shall be construed to prevent or otherwise foreclose Vale from seeking leave of Court to serve additional discovery on any other person or entity.

Plaintiffs shall serve this Order on Steinmetz by email and priority mail and shall file proof of service of same by **October 20, 2021**. Additionally, entry of this Order on ECF

in this case shall suffice as service on Steinmetz based on the *prima facie* showing that he is the alter-ego of BSGR.

The Clerk is respectfully requested to terminate the motion at ECF 71.

Dated: October 15, 2021
New York, New York

SO ORDERED.

_____
Hon. Robert W. Lehrburger
United States District Magistrate Judge