# AH | ASSERSON HILLER PC

November 9, 2021

**FILED ELECTRONICALLY VIA CM/ECF**

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Vale S.A. v. BSG Resources Limited,* No. 1:19-cv-3619 (VSB)(RWL)

Dear Judge Lehrburger:

We write on behalf of non-party Mr. Benjamin Steinmetz ("**Mr. Steinmetz**" or "**our Client**") in connection with the above-referenced matter.  On October 15, 2021, Your Honor ordered that Mr. Steinmetz respond to Vale's discovery requests (the "**Discovery Requests**") by November 10, 2021 (the "**Order**") (ECF No. 84).  We respectfully submit this letter-motion to request a pre-motion conference in support of our Client's proposed motion for a protective order under FRCP 26(c)(1) staying or terminating any obligation for Mr. Steinmetz to respond to the Discovery Requests for the reasons set out below.

## There is Good Cause for a Protective Order

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Federal courts have wide discretion to manage timing and deadlines in the discovery process and to stay discovery by way of protective order when appropriate. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); *Hong Leong Fin. Ltd. (Singapore) v Pinnacle Performance Ltd.*, 297 FRD 69, 72 SDNY (2013) ("upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed.R.Civ.P. 26(c)") (internal quotations omitted).

## Procedural Background

Vale commenced this action against BSGR on April 23, 2019, seeking domestication of the award it obtained from the London Court of International Arbitration (the "**LCIA Arbitration**") (the "**Award**"). On March 5, 2020, this Court granted Vale's petition pursuant to Section 9 of the Federal Arbitration Act and Article IV of the Convention on Recognition and Enforcement of Foreign Arbitral Awards (the "**New York Convention**") (ECF No. 51). Vale served the Discovery Requests on Mr. Steinmetz on March 31, 2020 but then waited more than a year to file a motion to compel our Client to respond (the "**Motion**") (ECF No. 71).  This Court granted Vale's Motion and ordered our Client to respond to the Discovery Requests pursuant to Fed. R. Civ. P. 69(a) (ECF No. 84).

**TEL AVIV**
1 Azrieli Centre
Round Tower, Floor 32
132 Menachem Begin Street
Tel Aviv 6701101
T +972 3 744 9191
F +972 3 744 6556

**NEW YORK**
11 Broadway
Suite 615
New York, NY 10004

T +1 (212) 939 7585
F +1 (212) 939 6406

www.assersonhiller.com

Trevor Asserson is only admitted to practice in England and Wales, and in Israel

ASSERSON HILLER P.C.

Honorable Robert W. Lehrburger
November 9, 2021
Page 2

The Court's Order presupposes and relies upon the Court's underlying recognition of the Award, which itself is premised on the Award being valid and legitimately obtained. This is all the subject of dispute in English High Court proceedings due to go to trial in January 2022 (the "**High Court Proceeding**").[1]

### Serious Allegations that Vale Fraudulently Obtained the Award

The Defense filed in the High Court Proceeding contains serious claims that Vale obtained the Award improperly, such as by destroying or failing to disclose key documents which would have undermined its case.  Moreover, at some point after the LCIA Arbitration, Black Cube conducted interviews with various former Vale executives whose testimony contradicted the evidence that Vale's witnesses provided in the LCIA Arbitration and which seemed to make clear that Vale's presentation of its primary case during the LCIA Arbitration was disingenuous, if not completely dishonest. The transcripts of Black Cube's interviews are enclosed herein as Exhibit A with pages from the original exhibit removed because of irrelevance.

Collectively, this further evidence raises serious concerns as to whether the Award was properly obtained or should have been recognized in the New York courts.  When, as here, an arbitral award has been obtained improperly, U.S. courts should refuse to recognize or enforce the award domestically under Article V(2)(b) of the New York Convention.  *See, e.g.*, *Anatolie Stati v Republic of Kazakhstan*, 302 F Supp 3d 187, 199 (DDC 2018), affd sub nom. *Stati v Republic of Kazakhstan*, 773 Fed Appx 627 (DC Cir 2019); *see also Socy. of Lloyd's v Edelman*, 03 CIV.4921(WHP), 2005 WL 639412, at *3 (SDNY Mar. 21, 2005) (noting that fraud is in contravention of New York's public policy).

When determining whether an arbitral award was improperly obtained, the Second Circuit looks to Section 10(a) of the Federal Arbitration Act and sets forth a three-pronged test.  Under this test, the party challenging an arbitral award "must adequately plead that the (1) respondent engaged in fraudulent activity; (2) even with the exercise of due diligence, petitioner could not have discovered the fraud prior to the award issuing; and (3) the fraud materially related to an issue in the arbitration." *Odeon Capital Grp. LLC v. Ackerman*, No. 16-1545-CV(L), 2017 WL 3091560, at *3 (2d Cir. July 21, 2017).

Our clients' proposed challenge to the Award would meet all elements of this test, given: (i) Vale obtained the Award by fraudulent means; (ii) the evidence could not have been discovered by our Client before the Award as it was uncovered by Black Cube investigations following the LCIA Arbitration; and (iii) that, for the reasons set out above, Vale's fraudulent conduct clearly related to an issue in the arbitration given it provided the entire basis upon which the Award was issued.

### Our Client Was Previously Unable to Challenge Domestication of the Award

Vale's action to recognize the Award was filed against BSGR. Our Client was not a party

---

[1] *Vale S.A., Vale Holdings B.V., and Vale International S.A. v. Benjamin (Beny) Steinmetz, Dag Lars Cramer, Marcus Struik, Asher Avidan, Joseph Tchelet, David Clark, Balda Foundation, and Nysco Management Corporation* (CL-2019-000723).

ASSERSON HILLER P.C.

Honorable Robert W. Lehrburger
November 9, 2021
Page 3

to those proceedings, and therefore had no standing to challenge recognition of the Award at the time.  This Court has now ruled that in fact our Client is the alter-ego of BSGR.  If that is correct, for the sake of argument, our Client should have had the opportunity to challenge the Award when Vale first sought to domesticate it.  Because our Client was not given that opportunity, Vale should not be permitted to enforce the Award against our Client or use it as the basis to compel our Client to respond to the Discovery Requests, at least until after our Client's challenge to the Award is heard. *See e.g. Iran Aircraft Indus.* 980 F2d 141 (denying enforcement of an award where the tribunal did not give defendant an opportunity to present its claims); *Sea Hope Nav. Inc. v Novel Commodities SA*, 978 F Supp 2d 333, 340 (SDNY 2013) (vacating a default judgment on a petition to enforce a foreign arbitral award where defendant did not receive proper notice).

Our Client should at least be afforded the opportunity to challenge the findings of the Court which formed the substance of the Order itself – i.e., that Mr. Steinmetz is subject to the Court's jurisdiction and/or is the alter-ego of BSGR.

For the reasons above we respectfully request that the Court grant a pre-motion conference in support of our Client's motion for a protective order under FRCP 26(c)(1) and stay any obligation on Mr. Steinmetz under the Order in the interim.

Yours sincerely,

Yisrael Hiller

cc:    Counsel of record (by ECF); David Barnett, Esq. (via email).