# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

D: +1 212-225-2086
jrosenthal@cgsh.com

STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
DAVID E. BRODSKY
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY

ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
AUDRY X. CASUSOL
JOHN A. KUPIEC
ABENA A. MAINOO
HUGH C. CONROY, JR.

JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
    RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
    RESIDENT COUNSEL

LOUISE M. PARENT
    OF COUNSEL

November 12, 2021

VIA ECF

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Vale S.A. v. BSG Resources Limited,* No. 19-cv-3619 (VSB) (RWL)

Dear Judge Lehrburger:

   We write on behalf of Petitioner Vale S.A. ("Vale") in response to the letter-motion filed by Benjamin Steinmetz ("Steinmetz"), ECF No. 86. For starters, we note that Steinmetz is in willful violation of this Court's October 15, 2021 order (the "Order") that he produce all responsive documents by November 10, 2021. ECF No. 84. Having waited until the eve of the Court-ordered deadline to seek relief, Steinmetz was obligated to comply with the Order unless and until this Court held otherwise. In any event, Steinmetz's request is meritless.

**Steinmetz Is Time-Barred from Collaterally Attacking the LCIA Award**

   While factually risible, Steinmetz's "proposed challenge" to either the April 4, 2019 arbitral award (the "Award") issued by the London Court of International Arbitration ("LCIA") or the Court's March 5, 2020 judgment (the "Judgment") (ECF No. 51) is time-barred as a matter of law.[1] The Award found that Steinmetz's company, BSGR, had fraudulently induced Vale to enter into a joint venture to develop mining rights in the Simandou region of Guinea by, *inter alia*, concealing that it had procured those rights through bribery and corruption. ECF No. 5. The Federal Arbitration Act ("FAA") unambiguously required any challenge to have been filed within three months – July 2019 here. See 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within

---

[1]  As discussed below, Steinmetz's "serious allegations" that Vale "obtained the Award improperly" are based on secretly recorded Black Cube interviews with former Vale executives performed under false and deceptive pretenses in February 2020. ECF No. 84 at 2. He was thus fully aware of this "evidence" before the Judgment.

three months after the award is filed or delivered."). The Second Circuit has "made clear that 'a party may not raise a motion to vacate, modify or correct an arbitration award after the three month period has run.'" Wallace v. Buttar, 378 F.3d 182, 197 (2d Cir. 2004) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 175 (2d Cir. 1984)).[2]

Additionally, "[t]he Second Circuit . . . has found Rule 60(b) a procedurally improper means of redressing alleged wrongs or oversights in arbitration proceedings." Arrowood Indem. Co. v. Equitas Ins. Ltd., No. 13CV7680 DLC, 2015 WL 2258260, at *4 (S.D.N.Y. May 14, 2015). See also Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1339 (9th Cir. 1986) (rejecting an attempt to "collaterally attack [an arbitration] award under the guise of a motion to set aside the judgment confirming the award" where a defendant argued that it had discovered new evidence related to fraud).[3]

Steinmetz's claim that he should have "the opportunity to challenge the Award" given that "[t]his Court has now ruled that in fact [he] is the alter-ego of BSGR" is contrary to law. ECF No. 86 at 3. The Second Circuit has held that a post-judgment finding of alter ego does not give the alter ego a second opportunity to challenge the judgment. In Swift Spinning Mills, Inc. v. B & H Apparel Corp., 96 F. App'x 761 (2d Cir. 2004), the Second Circuit affirmed the District Court's finding that appellants were time-barred from challenging a default judgment entered against the appellants' alter ego, and rejected the appellants' argument that their motion was timely because they filed their motion "as soon as they realized that they would incur liability as alter egos."[4]

As a factual matter, Steinmetz has repeatedly made these same allegations (citing the same "evidence" from his agent Black Cube's illegal sting operation) *for the past 18 months* in the United States, Brazil and England without gaining traction in a single forum.[5] Among other infirmities, it defies all logic – Steinmetz argues that he and his company were so overtly corrupt that Vale knew about his bribery at the time the parties transacted, while at the same time insists that he did nothing wrong. Not surprisingly, these tired allegations have yet to find a receptive audience anywhere. To the contrary, the Black Cube transcripts are a publicity stunt that have been expressly rejected by Brazilian federal prosecutors.[6] Steinmetz's denials of his corruption also ring hollow. He was convicted in Switzerland last year for his role in the same

---

[2]  Steinmetz's authority applies to a *timely* motion to deny enforcement of an award, Iran Aircraft Indus. v. Avco Corp., 980 F.2d 141, 142 (2d Cir. 1992), and a *timely* challenge to a motion for default judgment, Sea Hope Navigation Inc. v Novel Commodities SA, 978 F. Supp. 2d 333, 340 (S.D.N.Y. 2013). There is no support for his contention that a judgment confirming an award may be reopened after the three-month FAA time-bar has elapsed.

[3]  Even were Rule 60(b) applicable, which it is not, it would still be untimely because a motion asserting relief from judgment based on fraud under Rule 60(b)(3) must be filed "no more than a year after the entry of the judgment" under Rule 60(c)(1). That limitations period ran in March 2021.

[4]  Reply Brief for Defendants-Intervenors-Appellants at 7, Swift Spinning Mills, Inc. v. B & H Apparel Corp., No. 03-7324(L), 2004 WL 3454858 (2d Cir. Jan. 9, 2004).

[5]  Steinmetz has also been accusing Vale for years without basis or success of intentionally destroying or concealing material documents from the LCIA tribunal.

[6]  Brazil federal prosecutors in Rio reject complaint into Vale execs over Simandou – filing, Reuters, Apr. 5, 2021, https://www.reuters.com/article/us-vale-simandou/brazil-federal-prosecutors-in-rio-reject-complaint-into-vale-execs-over-simandou-filing-idUSKBN2BS133.

bribery scheme and sentenced to five years in prison.[7]  Steinmetz has also been sentenced to five years' imprisonment in Romania for his role in a different bribery scheme.[8]

**Steinmetz Failed to File a Timely Challenge to the Court's October 15 Order**

As far back as May 21, 2020, Steinmetz has been threatening to challenge the Award based on the Black Cube transcripts.[9]  He has never followed through.  Steinmetz's latest suggestion of imminent proceedings in this Court to challenge the Judgment is intended solely to delay compliance with this Court's order.  Steinmetz has had numerous chances to object to the discovery requests served by Vale (the "Discovery Requests"), and respond on all of the issues raised in his letter, but he made the deliberate decision to ignore every such opportunity:

- Steinmetz was served with the Discovery Requests on March 31, 2020, but neither sought a protective order nor otherwise responded.
- On December 8, 2020, Vale filed a letter-motion to compel Steinmetz to respond to the Discovery Requests, ECF No. 66.  Steinmetz did not file a response.
- On May 14, 2021, Vale filed supplemental briefing providing further evidence that Steinmetz is the alter ego of BSGR.  See ECF Nos. 70-77.  Steinmetz did not respond.[10]
- On October 15, 2021, this Court granted Vale's motion to compel and ordered Steinmetz to "provide written responses and all responsive documents to Vale's Discovery Requests no later than **November 10, 2021**."  ECF No 84 (emphasis in original).  Under S.D.N.Y. Local Civil Rule 6.3, Steinmetz had until October 29, 2021 to seek reconsideration of that order, but elected not to do so.

As Steinmetz is now in violation of the Order, Vale intends to move for sanctions, including but not limited to adverse inferences against Steinmetz, and respectfully requests leave to file briefing on this issue.[11]

---

[7]  See e.g., Press Release of the Swiss Criminal Tribunal, Criminal proceedings P/12914/13 against Benjamin STEINMETZ and two other defendants (Jan. 22, 2021), ECF No. 73, Ex. 1 at 2 (finding Steinmetz guilty of bribing Guinean officials).

Incidentally, Steinmetz falsely implies that the January 2022 trial in London concerns a challenge to the Award.  BSGR's challenge to the Award was dismissed in November 2019, and the Award is not subject to further challenge.  The upcoming London trial concerns Steinmetz's (and his fellow conspirators' and companies') personal liability for Vale's losses based on, *inter alia*, their own misconduct and receipt of the funds stolen from Vale.

[8]  Israel Fisher, Israeli Billionaire Steinmetz Sentenced to Five Years by Romania's Top Court for Bribery, Haaretz, Dec. 18, 2020, https://www.haaretz.com/world-news/europe/.premium-israeli-billionaire-steinmetz-charged-by-romania-s-top-court-with-bribery-1.9382073.

[9]  In Re Application of Benjamin Steinmetz For An Order to Take Discovery From Vale S.A., Vale Americas, Inc., Rio Tinto Plc., and Rio Tinto Limited Pursuant to 28 U.S.C. § 1782, No. 1:20-mc-00212 (S.D.N.Y. May 21, 2020), ECF No. 3.

[10]  This Court recognized that "[n]o opposition to the motion has been filed."  See ECF No. 84 at 1.

[11]  "When a party seeks to frustrate" the Federal Rules of Civil Procedure "by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991).  Where an alleged alter ego fails to provide alter ego discovery, courts within the Second Circuit have ordered preclusion sanctions.  Id. at 1368 (affirming order precluding two defendant entities "from offering contrary evidence" on alter ego liability); Sentry Ins. A Mut. Co. v. Weber, 720 F. App'x 639, 640 (2d Cir. 2017); Funnekotter v. Republic of Zimbabwe, No. 09 Civ. 08168(CM)(THK), 2011 WL 5517860, at *4 (S.D.N.Y. Nov. 10, 2011).

Hon. Robert W. Lehrburger, p. 4

                    Respectfully submitted,

                    */s/ Jeffrey A. Rosenthal*
                    Jeffrey A. Rosenthal
                    Lisa M. Schweitzer
                    Lisa Vicens
                    CLEARY GOTTLIEB STEEN & HAMILTON LLP
                    One Liberty Plaza
                    New York, New York  10006
                    T: 212-225-2000
                    F: 212-225-3999

                    *Counsel for Vale S.A.*

cc:  All Counsel via ECF