```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                                  :
                                              Docket #19cv3619
 VALE S.A.,                             : 1:19-cv-03619-VSB-RWL

                    Plaintiff,          :

  - against -                           :

 BSG RESOURCES LIMITED,                 :
                                              New York, New York
                    Defendant.          : November 22, 2021

------------------------------------- : VIDEO CONFERENCE

                       PROCEEDINGS BEFORE
                THE HONORABLE ROBERT W. LEHRBURGER,
                  UNITED STATES MAGISTRATE JUDGE



APPEARANCES:

For Plaintiff:        CLEARY GOTTLIEB STEEN & HAMILTON LLP
                      BY: JEFFREY ROSENTHAL, ESQ.
                          SAMUEL LEVANDER, ESQ.
                      One Liberty Plaza
                      New York, New York  10006

For Third Party -     ASSERSON HILLER PC
Benjamin Steinmetz:   BY: YISROEL HILLER, ESQ.
                          NATASHA PEREIRA, ESQ.
                      11 Broadway, Suite 115
                      New York, New York  10004




Transcription Service: Carole Ludwig, *Transcription Services*
                       155 East Fourth Street, #3C
                       New York, New York 10009
                       Phone:  (212) 420-0771
                       Email:  Transcription420@aol.com


Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

## INDEX

### EXAMINATIONS

| Witness | Direct | Cross | Re-Direct | Re-Cross | Court |
|---|---|---|---|---|---|

None

### EXHIBITS

| Exhibit Number | Description | ID | In | Voir Dire |
|---|---|---|---|---|

None

HONORABLE ROBERT W. LEHRBURGER (THE COURT): All right.  And, everyone, I just turned on the recording so that we do make a record of this proceeding, again, it is for Vale S.A. versus BSG Resources Limited, 19cv3619.  And counsel on for Mr. Steinmetz?

MR. YISROEL HILLER:  Yes, thank you, Your Honor, my name is Yisroel Hiller, I'm counsel for third party, Mr. Benjamin Steinmetz.  With me on the call I have my associated, Natasha Pereira, and we belong to the law firm of Asserson Hiller.

THE COURT:  All right, and I'm going to ask plaintiff to put in their appearance again just so it's on the recording.

MR. JEFFREY ROSENTHAL:  Certainly, Your Honor, it's Jeffrey Rosenthal of Cleary Gottlieb Steen & Hamilton on behalf of plaintiff, Vale, and on the line with me is my colleague, Sam Levander.

THE COURT:  All right.  So reason we are here is after having entered an order granting a motion to compel Mr. Steinmetz to produce documentation concerning enforcement of the judgment, counsel on behalf of Mr. Steinmetz wrote asking or requesting that something be done essentially to intervene so

that there is a chance to oppose.  And the arguments that were presented appear to be two-fold, one is that the underlying arbitration award was secured by fraud, et cetera. I'll say right now, we're not going to do, there is nothing to discuss about challenging the award here, that's been entered, and the only issue here is the discovery requested of Mr. Steinmetz. I guess I would ask Mr. Hiller, what basis is there for Mr. Steinmetz to challenge this when he was served with the request back in March of 2020, did not seek a protective order, which he's entitled to do as a third party, and then there was a letter on a motion to compel on December 8, 2020.  Mr. Steinmetz did not file the response. And then May 14, 2021, there was supplemental briefing filed by the plaintiff and again Mr. Steinmetz did not respond.  And then I issued my order to compel on October 15, 2021, the 14 day period to move to reconsider or to file objections expired on October 29th, and then your letter came in at literally the 11th hour on November 10, 2021.  What can you tell me as to how that does not mean your client has essentially waived or no longer has a right to challenge anything here?

         MR. HILLER:  Yes, thank you, Your Honor. I can

                                                                5

start by saying that since my office has been retained there's been a real effort to expedite a response and certainly no effort to delay. So I appreciate that our letter motion was made at the 11th hour, but that was the fastest that we could get the motion in from the point we were retained, which was only after Your Honor's order on the motion to compel was made.

I think my client would be interested in challenging the motion to compel and I appreciate that our letter focused on his ability to challenge the award but, like Your Honor said, we're here really to focus on my client's ability to challenge the motion to compel as a first step. And he feels that there are very significant grounds on which he could challenge the motion to compel, in particular, the motion and the order sets out very significant holdings from Steinmetz, not only that he has to comply with discovery, but that he's deemed the alter ego of BSGR and subject to personal jurisdiction.

THE COURT: Well, to be clear, I ruled that there was prima facie evidence, and that's all that's required in this instance to get that discovery. I did not find as a matter of law and fact that he is, in fact, the alter ego, what I found is that there's

```
 1                                                              6
 2   sufficient evidence to go forward with the discovery.
 3             MR. HILLER:  Your Honor is absolutely correct,
 4   I'm sorry for misstating that.  I think my client
 5   would still be interested in making sure that there's
 6   no order on the record which suggests that there is a
 7   level of evidence establishing him as an alter ego or
 8   subject to jurisdiction.  But just to the points Your
 9   Honor --
10             THE COURT:  He may be interested but why
11   didn't he do something about it for over a year?
12             MR. HILLER:  Right, so that, that's what I was
13   about to get to.  As I said, I was only retained after
14   Your Honor's order was made. So what I would speak to
15   before the order is really what I've been told as
16   opposed to what I know firsthand. My understanding is
17   that all of these documents, including the motion,
18   were served by email on Mr. Steinmetz. I don't know
19   and I haven't looked at the issue of whether that sort
20   of service is appropriate in the circumstances, but
21   we're dealing with a foreign third party in an effort
22   to enforce a foreign arbitration award. It may be that
23   there's a service requirement which is different than
24   email under the Hague Convention, for example, or
25   where the, where Vale would have to seek permission to
```

serve by email.

In any case, my understanding is that when Mr. Steinmetz was made aware of the issue, his counsel at the time advised him that it was better for him not to respond than it was to potentially subject himself to jurisdiction.  Once I was instructed, well, I should say after Your Honor made an order compelling Mr. Steinmetz to respond and we were retained, Mr. Steinmetz understood the seriousness of the issue and of the issues involved or that led to the order and instructed us to move the Court respectfully for the opportunity to be heard on those issues.

THE COURT:  All right, Mr. Rosenthal, do you wish to respond?

MR. ROSENTHAL:  Yes, Your Honor.  On this point regarding service, just so, maybe Mr. Hiller isn't aware of what the left hand is telling the right hand, but his firm, itself, was actually served with all this.  Back in March, March 21 -- March 31, 2020, not only did we serve Mr. Steinmetz personally and by email, but we took every known lawyer that we had that had represented Mr. Steinmetz in any matter and we sent it to them as well. And his partner, Baruch Baigel of the Asserson firm, was served by FedEx and

by email with this.  So the notion that the Asserson firm was first aware of this right now, the Asserson firm has been representing Mr. Steinmetz in the litigation in London for the past several years. So, you know, Mr. Steinmetz has certainly had access to them, and Mr. Hiller, for all that time, and the fact that he strategically chose not to appear contests, you know, he read the litany, Your Honor, of things that, opportunities that he's had. And certainly, even if Mr. Hiller first came on the scene after Your Honor entered the order on October 15th, the Federal Rules gave him two weeks to file a motion for reconsideration at that point.  And, you know, these time deadlines are not secrets and they're there for a reason, and the fact that Mr. Steinmetz had chosen to ignore all of them, including the latest one with respect to reconsideration, doesn't open the door for him to come in, ignore the deadline for production and then say now I want to challenge all the things that don't have anything to do with the arbitration award. If he wanted to contest jurisdiction he could have done that for the last year and a half, if he wanted to contest the alter ego question he could have done that for a year and a half. And as you noted, Your

9

Honor, there's no finding yet that he's an alter ego, there's a finding that there's a prima facie showing that subjects him to discovery and, therefore, he should produce that discovery and the next step down the road, which he'll have every opportunity to contest, is if we believe that the discovery does show that we can make out a case of alter ego, we'll have presumably a contested hearing over that very question. So that still is preserved for Mr. Hiller and Mr. Steinmetz.

THE COURT: All right, Mr. Hiller, do you wish to say anything further?

MR. HILLER: I do, thank you, Your Honor. I just wanted to clarify two issues. One is it's correct to say that my partner, Baruch Baigel, has been dealing with the arbitration and litigation in the UK. I haven't been involved in that at all. I'm representing Mr. Steinmetz in the US, that's why I've been instructed, because I am qualified to represent Mr. Steinmetz in the US and my partner is not. I have not spoken to my partner about whether he was served or not.

In any case, I think the fact that there's a prima facie showing here is something that deserves to

be challenged because it's based entirely on the notion that New York law assumes, or in this case on the basis of the facts considers that Mr. Steinmetz is the alter ego of BSGR. But I think that it's really an open issue in the Second Circuit and in this district whether New York law should be used to govern that standard.

A number of the cases that are referred to in Vale's motion to compel and various other cases we've seen in our research, make very clear that it's an open issue whether New York law should be applied or the law of the state of incorporation. BSGR is incorporated in Guernsey, my client is domiciled in either France or Israel, and so we would like the chance to argue that the law of either Guernsey, or France, or Israel applies in respect of being able to make, to show a prima facie showing of alter ego.

THE COURT: Mr. Rosenthal, can you address that?

MR. ROSENTHAL: So, Your Honor, yeah, as the Court knows, in the absence of a conflict between New York law and foreign law, the Federal Court in New York applies New York law. Even now we are a month and a half after the Court's entered its order, we

still don't have Mr. Steinmetz, even at this date, coming in and saying that there is a conflict such that this Court should not apply the local law. And again, this goes to just the prima facie showing right now.  He'll have an opportunity after discovery to contest fully, you know, whether we can then prove that Mr. Steinmetz is an alter ego and what law applies and whether there's a conflict between local law and Guernsey law.  So I think that the argument now is both premature and it's also time barred because, again, it's Mr. Steinmetz' decision to have ignored this until whatever date they decided to hire or he decided to hire Mr. Hiller. And the law doesn't excuse him, especially when he's had access to multiple firms, he's had other New York counsel, in fact, who were also served by us to make sure that the message was getting through of what we were seeking to do and, you know, having passed the deadline even for reconsideration, now is not the time to contest whether we've made a prima facie case out.

            THE COURT:  Okay.  Any final words, Mr. Hiller?

            MR. HILLER:  No, I don't think so. Aside from Mr. Rosenthal's point that we haven't explained a

                                                              12
conflict or potential conflict between New York law and Guernsey law with respect to neither he, nor I, or Guernsey lawyers, I am qualified as an English solicitor, but even that doesn't give me any license or knowledge in respect of Guernsey law.  But I think it's a very central issue to Your Honor's holding and to Vale's motion. It wasn't vetted at all in their motion.  They just cited to an assumed that New York law would apply and Your Honor made his order on the basis of their argument. I think it's an issue that's important and that my client would like to have the chance to address.

          THE COURT:  All right, thank you, all, I'm ready to rule from here.  The interested party, Mr. Steinmetz, as I said, had numerous opportunities to seek a protective order, respond to motions to compel and ultimately to challenge the order that I issued. He strategically chose not to during any of those periods, all those periods expired and so he's precluded from challenging the order that I issued. And as I said, it is a prima facie showing, it has not been established as fact as to whether he's alter ego, and he will, as Mr. Rosenthal has pointed out, ultimately have the opportunity to address that issue

                                                                13

should he challenge it down the line at an appropriate point. But for discovery purposes, the plaintiff has established and met the standard that's required for that purpose and if there are issues of which law applies to determine alter ego ultimately, again, that will come in later on, but right now we are dealing with the enforcement of the judgment pursuant to New York procedures for enforcing judgments and no one and nothing before me suggests that any other law applies right now other than New York.

So that's where we are and the order stands and, you know, if Mr. Steinmetz needs to put in an appearance at some point or wants to take a step down the road, he can do so.  I guess he has here essentially as an interested party.

All right, anything else?  Anything else from the plaintiff?

MR. ROSENTHAL:  Yeah, I guess, Your Honor, the order now standing, the order required compliance by the 10th of November and we'd like to know, because obviously to the extent that Mr. Steinmetz is going to comply promptly, we would respectfully move for various sanctions. And I just want to know if the Court is resetting a new date for his full compliance

```
                                                          14
 1
 2  or whether he's in a state of noncompliance at this
 3  time.
 4          THE COURT:  Mr. Hiller, can you address
 5  whether your client will comply and, if so, when?
 6          MR. HILLER:  He will comply, he has no
 7  intention of being in violation of an order beyond the
 8  history Your Honor's recounted.  I think it would be
 9  helpful, the discovery requests, there's more than 55
10  of them, a lot of them would require our client to
11  assess and then be able to collect documents from
12  third parties that may or may not be under his
13  control. It would be very helpful, respectfully, if my
14  client could have 30 days to respond to the discovery
15  requests.
16          THE COURT:  I think that's fine. I'm not going
17  to impose sanctions right now.  Obviously, if the, if
18  Mr. Steinmetz delays or is recalcitrant in any way,
19  I'll certainly reconsider the imposition of sanctions,
20  but we'll say 30 days from today is December 22$^{nd}$, so
21  he must comply by that date.
22          Anything else?  Anything else, Mr. Rosenthal?
23          MR. ROSENTHAL:  No, Your Honor, thank you for
24  your time today.
25          THE COURT:  Mr. Hiller?
```

```
                                                              15
 1
 2            MR. HILLER:  No, thank you very much, Your
 3  Honor.
 4            THE COURT:  Anything from BSG?
 5            ATTORNEY FOR DEFENDANT:  No, thank you, Your
 6  Honor.
 7            THE COURT:  All right, thank you, all, we're
 8  adjourned.  Have a very happy holiday to all, and be
 9  well.
10                 (Whereupon the matter is adjourned.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E

    I, Carole Ludwig, certify that the foregoing transcript of proceedings in the United States District Court, Southern District of New York, Vale S.A. versus BSG Resources Limited, Docket #19cv3619, was prepared using PC-based transcription software and is a true and accurate record of the proceedings.


Signature____*Carole Ludwig*_____

           Carole Ludwig

Date:   December 1, 2021