```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/24/2022
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

VALE S.A.,

               Petitioner,

     -against-

BSG RESOURCES LIMITED,

               Respondent.

-------------------------------------------------------------x

Case No. 19-cv-3619 (VSB) (RWL)

**STIPULATION AND PROPOSED**
**PROTECTIVE ORDER**

WHEREAS, Vale S.A. ("Vale") and non-parties RFR Holding LLC, RFR Realty LLC, R&S Chrysler LLC, Aby Rosen, Signa Chrysler Holding LLC, and HFZ Capital Group LLC and its affiliated entities (collectively, the "Parties" hereto) having agreed to the following terms of confidentiality, and this Court (the "Court") having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the above captioned proceeding:

1. Counsel for any Party may designate any document or information, in whole or in part, as confidential ("Confidential Information") if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information. Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned matter, *Vale S.A. v. BSG Resources Limited*, Case No. 19-cv-3619 (VSB) (RWL), currently proceeding in the United States District Court for the Southern District of New York.

3. In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good-faith effort to resolve the dispute through a meet and confer process. In the absence of a mutually-agreed resolution within three (3) business days of the meet and confer between counsel, the challenging Party may seek resolution by this Court.

1

4.     Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible in this case or in any other action in any other forum.  Each Party reserves the right to object to the use or admissibility of the Confidential Information in this case.

5.     The Parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."  All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person,  except:

   a.   The requesting Party and counsel, including in-house counsel;
   b.   Employees of such counsel assigned to and necessary to assist in this case;
   c.   Consultants or experts assisting in the prosecution or defense of this case, to the extent deemed necessary by counsel;
   d.   Any party to this case; and
   e.   The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6.     With respect to each person to whom disclosure of Confidential Information is authorized by paragraph 5.c, before disclosing or displaying the Confidential Information to each such person, counsel must:

   a.   Inform the person of the confidential nature of the information or documents;
   b.   Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c.   Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7.     The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information.  If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8.     Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving

such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

9.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential.

10.    Pursuant to Federal Rule of Evidence 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter, provided the Parties follow the steps set forth in Rule 502.

11.    If any Party plans to file any information designated as "CONFIDENTIAL" in this matter, it shall inform the producing Party of the filing within one (1) business day.  The Parties shall follow the Court's procedures with respect to filings under seal.

12.    At the conclusion of this matter, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.  For these purposes, this matter shall be deemed concluded upon: (i) a full and final settlement of the claims at issue in this matter; (ii) the payment in full or collection in full of any judgment in Vale's favor; or (iii) a final, non-appealable judgment or order dismissing Vale's claims in full.

[*Remainder of Page Intentionally Left Blank*]

**SO STIPULATED AND AGREED**.


Dated: March 18, 2022

/s/ Jeffrey A. Rosenthal
Jeffrey A. Rosenthal
jrosenthal@cgsh.com
Lisa Vicens
evicens@cgsh.com
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York  10006
T: 212-225-2000
F: 212-225-3999

*Attorneys for Vale S.A.*

/s/ Andrew B. Kratenstein
Andrew B. Kratenstein
Monica S. Asher
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10173
T: 212-547-5400
F: 212-547-5444
akratenstein@mwe.com
masher@mwe.com

*Attorneys for RFR Holding LLC, RFR Realty
LLC, R&S Chrysler LLC, Aby Rosen, and
Signa Chrysler Holding LLC*



/s/ Alvin C. Lin
Alvin C. Lin
MORRISON COHEN LLP
909 Third Avenue
New York, New York  10022
T: 212-735-8600
F: 212-735-8708
alin@morrisoncohen.com

*Attorney for HFZ Capital Group LLC and Affiliated
Entities*

**SO ORDERED**.

**Robert W. Lehrburger**
United States Magistrate Judge

Dated:     3/24/2022
           New York, NY

**<u>Agreement</u>**


     I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Vale S.A. v. BSG Resources Limited*, Case No. 19-cv-3619 (VSB) (RWL), have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

     I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than the abovementioned proceeding.

DATED:


_____



Signed in the presence of:


_____

(Attorney)

6