# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG • BEIJING
BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL • SILICON VALLEY

CRAIG B. BROD
NICOLAS GRABAR
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY

MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
AUDRY X. CASUSOL
JOHN A. KUPIEC
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES

RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
 RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
 RESIDENT COUNSEL

D: +1 212-225-2086
jrosenthal@cgsh.com

April 6, 2022

**VIA ECF**

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

        Re:    *In re Application of Vale S.A. et al.*, No. 20-mc-199-JGK-OTW

Dear Judge Wang:

       We write on behalf of Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Vale") to seek leave from the Court to segregate and preserve all documents produced and designated "Confidential" by Fine Arts NY LLC ("Fine Arts") in the above-captioned proceeding (the "1782 Proceedings") rather than destroy them at this time, given that these documents are presently the subject of a subpoena in a separate action in this District before Judge Broderick and Magistrate Judge Lehrburger captioned Vale S.A. v. BSG Resources Limited, No. 19-cv-3619 (VSB) (RWL) (the "NY Enforcement Proceedings"). Vale's request with regard to documents produced by Fine Arts in the 1782 Proceedings is substantially similar to that made by us to the Court with regard to Perfectus on March 17, 2022 (ECF No. 139).

       Under the terms of the Protective Order, ECF No. 69, Vale was required to "promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) return[] to the producing party or certif[y] as destroyed" all "Confidential Information and any copies thereof." ECF No. 69 ¶ 12. On March 4, 2022, counsel for Fine Arts agreed to allow Vale to preserve (and have no obligation to destroy or return) the documents produced by Fine Arts in the 1782 Proceedings until March 31, 2022 so as to allow Fine Arts time to consider

The Honorable Ona T. Wang, p. 2

Vale's proposal for use of the documents in the NY Enforcement Proceedings. Fine Arts committed to revert back with an answer by Monday, March 7, 2022, or as soon as possible that week.

      Vale followed up with Fine Arts with requests for a response to the proposal on March 8, March 15, March 21, March 28, and multiple times on March 29, all of which Fine Arts ignored. After several more attempts on March 30, Vale informed Fine Arts that absent agreement, it would need to serve a subpoena in the NY Enforcement Proceedings for these same documents. Counsel for Fine Arts then responded that they "d[id] not have instruction from Fine Arts and [were] not authorized to accept any subpoena at this point in time." Vale sent a copy of the subpoena to Fine Arts' counsel on March 30 (who did not agree to accept service on Fine Arts' behalf), and served Fine Arts the next day. See Exhibit A, Aff. of Deborah LaPointe, Apr. 1, 2022.[1] Having waited nearly a month without receiving the long-promised response from Fine Arts, we asked Fine Arts to at least agree to a further extension to resolve the issue amicably. Fine Arts agreed to an extension until April 6, but rejected Vale's request for a further extension.

      As with the subpoena served on Perfectus, the subpoena Vale served on Fine Arts seeks the exact same documents that Vale requested from Fine Arts in the 1782 Proceedings. These documents produced by Fine Arts are relevant in identifying New York real estate assets held directly or indirectly by BSG Resources Limited, its related entities and/or Benjamin Steinmetz that may be subject to execution through the NY Enforcement Proceedings.

      Vale similarly seeks leave to retain the documents produced and designated as confidential by Fine Arts in a segregated format such that they are inaccessible to Vale's counsel.[2] Vale and its counsel will have no ability to access the documents unless and until either Fine Arts grants Vale permission to use the documents in the NY Enforcement Proceedings or the court in the NY Enforcement Proceedings orders their production. This approach will minimize costs for all parties in the event that Fine Arts grants permission or the court in the NY Enforcement Proceedings orders production, and ensures that the documents will not be lost forever if Fine Arts has not retained them. In the interim, Vale and its counsel will have no access to the documents.

---

[1] Vale did not serve Fine Arts with the subpoena earlier because Vale believed the parties would be able to resolve this issue amicably without needing to resort to the Court's intervention, as has been achieved with most other subpoena recipients.

[2] Fine Arts designated every document in its productions as confidential. The documents will be kept in a locked folder within Vale's document database that is only accessible by Cleary Gottlieb's technology practice support group.

The Honorable Ona T. Wang, p. 3

Thank you for the Court's consideration.

                                           Respectfully submitted,

                                           */s/ Jeffrey A. Rosenthal*
                                           Jeffrey A. Rosenthal
                                           jrosenthal@cgsh.com
                                           Lisa Vicens
                                           evicens@cgsh.com
                                           CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                           One Liberty Plaza
                                           New York, New York  10006
                                           T: 212-225-2000
                                           F: 212-225-3999

                                           *Counsel for Vale S.A., Vale Holdings B.V., and Vale International S.A.*

cc:    All counsel of record
        The Honorable Robert W. Lehrburger